**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES, | ) | No. 06-396 C |
| Defendant, | ) | (Judge Williams) |
| and | ) | |
| LOCKHEED MARTIN AERONAUTICS COMPANY, | ) | |
| Movant for Intervention. | ) | |

**LOCKHEED MARTIN'S MOTION TO INTERVENE**

Pursuant to RCFC 24, Lockheed Martin Aeronautics Company ("Lockheed Martin") respectfully requests that it be permitted to intervene in this bid protest as of right or, alternatively, by permission of the Court.

**1.** In this bid protest, plaintiff L-3 Communications Integrated Systems L.P. ("L-3 Communications") challenges the seven-year-old decision of the United States Air Force Air Mobility Command to award contract numbers F33657-98-C-0006 and F33657-98-C-0007 to Lockheed Martin. (The contracts were awarded to "Lockheed Martin Aeronautical Systems," which subsequently changed its name to "Lockheed Martin Aeronautics Company.") Those contracts principally involve the C-5 Avionics

Modernization Program ("C-5 AMP"), under which Lockheed Martin is modernizing the avionics on the Air Force's fleet of large C-5 Galaxy aircraft.

The contracts that are subject to L-3 Communications' protest were awarded under FAR Part 15 ("contracting by negotiation") following a competition in which two contractors, Lockheed Martin and L-3 Communication, submitted offers. During the more than seven years following contract award, Lockheed Martin has performed its obligations under the awarded contract with a high degree of proficiency – and without any dispute.

L-3 Communications' protest is based almost exclusively on a report by the Department of Defense's Inspector General. That report analyzed the award of the C-5 AMP contract, which was one of a series of procurements in which an Air Force procurement official, Darleen Druyun, had been involved. Druyun was terminated, and eventually pled guilty to conspiring to violate 18 U.S.C. § 208(a), after it was revealed that, several years *after* the procurement involved in this protest, she sought and accepted benefits from – and showed improper bias in favor of – a *different contractor* with respect to *different procurements*. Although the Inspector General report expresses concern regarding certain procedural matters with respect to this procurement, it provides no support for L-3 Communications' assertions that the Air Force's decisions were the product of "bias," "bad faith," or that they were "arbitrary and capricious." Complaint ¶¶ 27-28. Indeed, none of those words appear in the Inspector General's report.

**2.** Lockheed Martin should be permitted to intervene in this action as a matter of right. RCFC 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

Lockheed Martin is clearly an "interested party" for purposes of that Rule, as well as under the applicable jurisdictional statute, 28 U.S.C. § 1491(b)(1). Generally, parties "whose direct economic interest would be affected by the award of the contract or by failure to award the contract" qualify as interested parties and are permitted to intervene in bid protests under Rule 24. *Galen Medical Associates, Inc. v. United States*, 56 Fed. Cl. 104, 108 (2003) (quoting A*merican Federation of Government Employees v. United States*, 258 F.3d 1294, 1299-1302 (Fed. Cir. 2001)). Not only does this Court regularly permit contract awardees to intervene in bid protest actions (*e.g.*, *CIGNA Government Services, LLC v. United States*, 70 Fed. Cl. 100, 109 (2006); *Four Points By Sheraton v. United States*, 66 Fed. Cl. 776, 777-78 (2005); *International Resource Recovery, Inc. v. United States*, 60 Fed. Cl. 1, 1 & n.2 (2004)), but Lockheed Martin's interest in the C-5 AMP contracts fully justifies allowing intervention in this case.

As the awardee that has performed under the contract for the past seven years, Lockheed Martin's interest in the transaction that is the subject of this bid protest cannot

be seriously questioned. Nor can anyone seriously dispute the possibility that Lockheed Martin's interest may be detrimentally affected by this protest.

Throughout its complaint, L-3 Communications makes strident assertions that there was no legitimate basis for Lockheed Martin to have been awarded these contracts. Complaint ¶¶16-17, 21, 27-30. It also contends that the award resulted from arbitrary and capricious government conduct, bias, and bad faith. *Id.* These contentions seek to undermine the legitimacy of a significant contractual relationship – and economic interest – that Lockheed Martin maintains with the Air Force. Although the Government will presumably defend this bid protest in a zealous manner, Lockheed Martin is in the best position to describe to the Court the harm it will suffer in the event the Court were to find that the C-5 AMP contracts were awarded improperly. Moreover, Lockheed Martin's business interests as the contract awardee are not necessarily identical with, and may differ from, the United States' institutional interest in this matter.

**3.** Even if Lockheed Martin is not permitted to intervene as of right, it should be permitted to intervene under RCFC 24(b). Under the "permissive intervention" Rule, "anyone may be permitted to intervene . . . when [the] applicant's claim or defense and the main action have a question of law or fact in common." It cannot be disputed that Lockheed Martin's potential claims and defenses related to its C-5 AMP contracts have questions of law and fact in common with the issues presented by this bid protest, which concerns those contracts. Accordingly, Lockheed Martin should thus be permitted to intervene in this action and defend its interests.

Further, Lockheed Martin's intervention will not "delay or prejudice the adjudication of the rights of the original parties" in any way. RCFC 24(b). To the contrary, in routinely recognizing the awardee as an appropriate intervenor, this Court (and the Government Accountability Office) presumably have concluded that having all parties with an interest in the contract award before the Court at the same time increases the overall efficiency of the judicial process.

**4.** For the reasons explained above, Lockheed Martin respectfully urges the Court to grant its motion to intervene in this bid protest.

Respectfully submitted,

s/ Marcia G. Madsen

MARCIA G. MADSEN
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
(202) 263-3300 Facsimile

Of Counsel:

DAVID F. DOWD
LUKE LEVASSEUR
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006

*Counsel for Movant for Intervention, Lockheed Martin Aeronautics Company*

May 23, 2006