**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES, | ) | No. 06-396 C |
| Defendant, | ) | (Judge Williams) |
| and | ) | |
| LOCKHEED MARTIN AERONAUTICS COMPANY, | ) | |
| Intervenor. | ) | |

**LOCKHEED MARTIN'S MEMORANDUM REGARDING ITS STATUS AS AN INTERVENOR UNDER RCFC 24**

Pursuant to the Court's Order dated May 24, 2006, Intervenor, Lockheed Martin Aeronautics Company ("Lockheed Martin"), respectfully submits this memorandum of law regarding its status in this lawsuit.

During the May 24, 2006 initial status conference in this case, the Court expressed its initial determination that, as the contractor that was awarded the C-5 Avionics Modernization Program ("C-5 AMP") contract, Lockheed Martin should be permitted to intervene in this lawsuit. However, the Court asked whether intervention should be permitted as of right, pursuant to RCFC 24(a), or by permission of the Court, pursuant to RCFC 24(b). After the parties explained their positions, the Court indicated that

additional briefing on this issue would be permitted. *See* May 24, 2006 Order, at 1 n.1. Below, Lockheed Martin addresses the questions raised by the Court regarding: (1) whether there are any relevant effects on the intervenor (and original parties) of allowing intervention as of right, as opposed to permissive intervention, and (2) whether Lockheed Martin should be permitted to intervene as of right, pursuant to RCFC 24(a), or permissively under RCFC 24(b).

**1.** Courts have long recognized that intervenors have the same rights as the original parties. 7C Wright & Miller, *Federal Practice and Procedure* § 1902 (2d ed. 1986). Intervenor's actions are limited only to the extent that they "cannot change the issues framed between the original parties" and "[t]here are circumstances in which a court may impose conditions on an intervenor," *e.g.*, so that the plaintiff does not lose control of its lawsuit. *Id.* But as a general matter, "the intervenor is treated as if he were an original party and has equal standing with the original parties." *Id.* In sum, once the motion to intervene is granted, "the intervenor 'is entitled to litigate fully on the merits.'" *Id.* (quoting *Gilbert v. Johnson*, 601 F.2d 761, 768 (5th Cir. 1979)).

During the status conference, counsel for the government raised the possibility that an intervenor's right to pursue an appeal of an adverse decision may be controlled by whether it was permitted to intervene "as of right" or by permission of the Court. Although there appear to be some minor procedural differences between the rights of RCFC 24(a) and RCFC 24(b) intervenors,[1] the intervenor's ability to appeal a final

[1] Professors Wright and Miller have noted that "an application for permissive intervention is addressed to the discretion of the court, whereas an application for

judgment is not among them. In fact, the only differences between the appellate rights of an "as of right" intervenor and a permissive intervenor relate to the narrow issues of "the appealability of an order denying intervention – and quite possibly also the scope of review on that appeal." *Id.*, § 1902, *see id.*, § 1923. As this Court has previously indicated that Lockheed Martin will be permitted to intervene in this case, and neither plaintiff nor the government objects to Lockheed Martin's participation, the potential appealability of a decision related to the motion to intervene is not an issue that needs to be considered.

Finally, with respect to appellate rights of intervenors, Judge Posner has explained that, "[t]o intervene in a suit is to become a party to it, and a party has a right to appeal from a judgment that inflicts a sufficiently tangible injury on him to give standing under Article III of the Constitution to sue." *Korczak v. Sedeman*, 427 F.3d 419, 420 (7th Cir. 2005). Lockheed Martin intends to show that this bid protest is barred by the statute of limitations and should be dismissed at the outset; if the case proceeds beyond that stage, we intend to demonstrate that L-3 Communications' claims are not well founded. That said, Lockheed Martin's potential appellate rights related to any final judgment would obviously depend on the substance of this Court's ultimate decision, and it is premature to speculate regarding such appellate rights at this juncture of the proceedings.

---

intervention of right seems to pose only a question of law," and "[w]hether intervention is of right or permissive only frequently has been regarded as decisive in deciding whether independent grounds of federal jurisdiction must exist with regard to the person who seeks to intervene, commonly known as the intervenor." *Id.*, § 1902.

**2.** As we explained during the initial status conference, Lockheed Martin should be permitted to intervene as of right pursuant to RCFC 24(a). That Rule requires intervention when an applicant "claims an interest relating to the property or transaction which is the subject of the action" and when the intervenor "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Intervention should be liberally permitted. As this Court has explained: "Reflecting the breadth of the 1966 amendments [to the Federal Rules of Civil Procedure], courts interpreting the newer version of Rule 24(a)(2) generally have concluded that 'the requirements for intervention are to be construed in favor of intervention.'" *Klamath Irrigation Dist. v. United States*, 64 Fed. Cl. 328, 330 (2005) (quoting *American Maritime Transport, Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)).

To be entitled to intervene under RCFC 24(a), an intervenor must "demonstrate (1) an interest in the subject matter of the litigation; (2) an impairment of that interest if intervention is denied; and (3) inadequate representation of its interests by the parties in the action." *American Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 259 (2005). That Lockheed Martin has an interest in the underlying subject matter of the litigation, *i.e.*, the C-5 AMP contract, cannot be disputed. Nor could anyone seriously question that Lockheed Martin's business interests as the contract awardee are *not* identical with, and may differ materially from, the United States' institutional interest in this matter. *See* Lockheed Martin's May 23, 2006 Mot. to Intervene, at 3-4.

The additional requirement for intervention as of right is also satisfied here. L-3 Communications alleges (and seeks to prove) that when it awarded the C-5 AMP contract to Lockheed Martin, the "Air Force acted arbitrarily and capriciously" and "in bad faith," and that "[t]here was no reasonable basis for the . . . award of the C-5 AMP contract to Lockheed Martin." Complaint, ¶¶ 36-38. To the extent the Court made findings that accepted any of these allegations, such determinations may result directly in Air Force actions that could have a substantial impact on Lockheed Martin's economic interest in the continued performance of the contract. For instance, the Air Force may determine that any bid and proposal costs it could be required to pay in this bid protest must be paid from the C-5 AMP program, which would necessarily reduce the amount of money available to pay the contract awardee, Lockheed Martin, for work it otherwise could perform under the program.

In addition, like any company that concentrates on government contracts in its business, Lockheed Martin has a substantial interest in responding to erroneous assertions regarding claimed impropriety or illegitimacy of a contract to which it is a party. A finding that the C-5 AMP contract award was arbitrary and capricious could have an adverse impact on the continued performance of the contract.

**3.** Alternatively, Lockheed Martin should be permitted to intervene pursuant to RCFC 24(b). In short, Lockheed Martin clearly possesses potential claims and defenses related to the C-5 AMP contracts that have questions of law and fact in common with the issues in this bid protest. *See* Lockheed Martin's May 23, 2006 Mot. to

Intervene, at 4-5. Accordingly, judicial efficiency requires that it be permitted to participate in these proceedings.

**4.** For the reasons described above, Lockheed Martin respectfully asks that the Court order that it be permitted to intervene as of right in this lawsuit or, alternatively, by permission of the Court.

Respectfully submitted,

/s Marcia G. Madsen

MARCIA G. MADSEN
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
(202) 263-3300 Facsimile

Of Counsel:

DAVID F. DOWD
LUKE LEVASSEUR
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006

*Counsel for Intervenor, Lockheed Martin Aeronautics Company*

June 2, 2006