IN THE UNITED STATES COURT OF FEDERAL CLAIMS

L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P.,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

LOCKHEED MARTIN AERONAUTICS COMPANY,

Intervenor.

No. 06-396C
(Judge Williams)

DEFENDANT'S NOTICE PURSUANT TO JUNE 13, 2006 SCHEDULING ORDER

Pursuant to the Court's order, dated June 13, 2006, defendant, the United States, respectfully states that it is informed by plaintiff that all of its alleged $2,583,000 in bid preparation costs was charged to the general and administrative expense pools for the years 1998 and 1999. In our view, the effect of this is that plaintiff may not recover its alleged costs even if the Court were to find liability. Defendant submits the following list of cases based upon its research to date:

University Research Corp., B-186311, 77-2 CPD ¶ 118, 1977 WL 12241 (Aug. 16, 1977)(even assuming claimant is entitled to bid preparation costs, it has been reimbursed by the allocation of costs, included in G&A expenses, to other Government contracts), modified, 78-1 CPD ¶ 98, 1978 WL 10302 (Feb. 3, 1978)(where contractor agreed to credit G&A expense pool with any payment of claim, thereby avoiding double payment, the Comptroller General would determine entitlement)

Blue Cross Assoc. v. United States, 215 Ct. Cl. 400, 568 F.2d 1339, 1341 (1978)("because plaintiffs, in fact, passed the tax cost on to their non-Government membership through the rate structure and have already recovered the entire amount, plaintiffs may not now charge any part of it to the Government....")

Blue Cross & Blue Shield Assoc. v. United States, 13 Cl. Ct. 710, 714 (1987)("contractor will be held to its normal accounting method unless the contractor shows that continued use of that method produces inequitable results;" contractor could not recover costs that had been recovered)

Bermite Division of Tasker Industries, ASBCA No. 18280, 77-2 BCA ¶ 12731 (1977) at 61883 ("Expenses carried as an element of G&A are assumed to be recovered in the year they are incurred and recorded, absent persuasive evidence to the contrary....In a situation such as is present here, we are faced with recovery which has already taken place. Thus, we are not concerned with 'relieving the G&A pool' retrospectively but we are concerned with and faced with the fact that recovery as a direct settlement expense now would result in double recovery of these expenses.") and (If the costs "involved in connection with the contract in issue have been recovered in the year incurred, through G&A allocation, we cannot permit recovery by adjustments to other expenses under other contracts, Government and/or non-Government, and in other years than the years before us....It is proper for us to considered only whether the expenses for which recovery is now sought have in fact been paid through allocation to the G&A pool and, if so, to preclude recovery....")

Chemical Technology, ASBCA No. 21863, 80-2 BCA ¶ 14728 (1980) (denying recovery of costs that were part of the overhead and G&A expense as contrary to contractor's established accounting policy and because it resulted in a duplication of charges)

Platt Manufacturing Corp., ASBCA No. 25077, 81-1 BCA ¶ 12894 (1981) (denying recovery for costs that were charged by contractor as an indirect expense to its G&A pools; "absent persuasive evidence to the contrary, their recovery is assumed to take place from appellant's ongoing business for those years")

Celesco Industries, Inc., ASBCA No. 22460, 84-2 BCA ¶ 17295 (1984) (allowing recovery of certain costs that were charged indirectly but removing them from 1972 G&A expenses "to minimize the effect of any possible duplicate recovery")

UMC Electronics Co. v. United States, 43 Fed. Cl. 776, 794 (1999) ("every party filing a claim before the contracting officer and this court has a duty to examine its records to determine what amounts the government already has paid"), aff'd on other grounds, 249 F.3d 1337 (Fed. Cir. 2001).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

Of Counsel:
BRYAN R. O'BOYLE
Senior Trial Attorney
Department of Air Force
Arlington, VA

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor, 1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Attorneys for Defendant

June 16, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 16th day of June 2006, a copy of the foregoing "DEFENDANT'S NOTICE PURSUANT TO JUNE 13, 2006 SCHEDULING ORDER" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/Domenique Kirchner