# In the United States Court of Federal Claims

**No. 06-396C**
**(Filed December 21, 2006)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**LOCKHEED MARTIN AERONAUTICS COMPANY,**

**Intervenor.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

## ORDER

---

Presently pending before the Court are Defendant's and Intervenor's motions to dismiss this action for lack of jurisdiction as time-barred pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims. The Court is unable to resolve these motions because it is unclear what Plaintiff's grounds of protest are and when Plaintiff knew or should have known each ground of protest. As such, the Court directs Plaintiff to clarify its complaint by setting forth its grounds of protest in a more definite statement. Plaintiff's amended complaint shall also clarify the following matters:

1. Whether Plaintiff is claiming that Darlene Druyun's reassignment of the Source Selection Authority (SSA) responsibilities from the original SSA to herself is a separate ground of protest, and what, if any, law, regulation, or other authority was violated by this action.

2. What specific actions taken by the agency are alleged to be in bad faith.

Additionally, the Court directs Defendant to produce the "Druyun Study"or documents

memorializing the study.[1]

The parties shall file these materials by **January 19, 2007**. The Court will conduct a telephonic conference to schedule further proceedings in this action on **January 24, 2007, at 11:00 a.m.**

It is so **ORDERED**.

**s/Mary Ellen Coster Williams**
**MARY ELLEN COSTER WILLIAMS**
**Judge**

[1] During the October 10, 2006 argument, Defendant represented that it was unsure whether a full study was prepared, or if a summary of the study team's investigation is all that exists. Tr. at 67-70 (October 10, 2006).