# In The United States Court of Federal Claims

BID PROTEST
No. 06-396C
(Judge Williams)

---

**L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**LOCKHEED MARTIN AERONAUTICS COMPANY,**

**Intervenor.**

---

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE OF L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.

L-3 Communications Integrated Systems L.P. files this Motion for Leave to File Supplemental Response for the following reasons:

1. On May 24, 2007, Intervenor Lockheed Martin filed a Supplemental Reply to Memorandum in Support of Its Motion to Dismiss.

2. On June 5, 2007, Defendant filed a Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

3. These Replies argue that L-3 has not proved that Druyun manipulated ratings or improperly assigned herself SSA. However, Defendant and Intervenor misstate that it is a party's burden to prove its case in response to a motion to dismiss. L-3's proposed Supplemental Response provides authority in that regard.

4. Further, Defendant argues that this Court must disregard the Inspector General's Report as "inadmissible" in consideration of its motion to dismiss. That is a misstatement of the law, which L-3's proposed Supplemental Response addresses.

L-3 respectfully requests leave to file the attached Supplemental Response to address the inaccuracies in Defendant and Intervenor's Replies.

Respectfully submitted,

Dated: June 13, 2006

s/ Paul W. Searles

Paul W. Searles
HAYNES AND BOONE, LLP
901 Main Street
3100 Bank of America Plaza
Dallas, Texas 75202
Telephone: (214) 651-5197
Telecopier: (214) 200-0705

**ATTORNEYS FOR L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.**

Of Counsel:

Sharon N. Freytag
HAYNES AND BOONE, LLP
901 Main Street
3100 Bank of America Plaza
Dallas, Texas 75202
Telephone: (214) 651-5586
Telecopier: (214) 200-0450

# In The United States Court of Federal Claims

BID PROTEST
No. 06-396C
(Judge Williams)

**L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**LOCKHEED MARTIN AERONAUTICS COMPANY,**

**Intervenor.**

## SUPPLEMENTAL RESPONSE OF L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.

L-3 Communications submits this Supplemental Response to address inaccuracies found in the Defendant's and Intervenor's replies to the Opposition of L-3 to their motions to dismiss, especially with regard to the "admissibility" of the Inspector General's Report and the standard for deciding a motion to dismiss for failure to state a claim.

Defendant discusses in detail the proper standard of review on a motion to dismiss for failure to state a claim. However, Defendant did not file a 12(b)(6) motion to dismiss for failure to state a claim but rather a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

Even if the Defendant had filed a 12(b)(6) motion as did Intervenor,[1] its conclusions regarding the standard do not support dismissal in this case. First, while *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), states that allegations in a complaint cannot be speculative, L-3's are not. Indeed, rarely does a plaintiff have a situation when the allegations in the complaint are supported by a published report of an Inspector General's investigation. Defendant and Intervenor ask that L-3's Amended Complaint be dismissed because it cannot prove its claim, but that is not the standard. The Court in *Bell* states as obvious that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at *23. The Court further observed that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at *36. Contrary to Defendant and Intervenor's protestations, L-3 does not have to "prove its claim" to withstand a motion to dismiss.

Defendant also states that this Court cannot take as true the statements made by L-3 in its Amended Complaint because the statements are not factual. The Court need only read paragraphs one through 33 to determine that L-3's allegations are factual allegations (and that the Inspector General's findings are factual findings). For example, Druyun changed ratings without justification. (paragraph 27) Druyun adjusted ratings to better support the higher cost proposal presented by Lockheed Martin Aeronautical Systems. (paragraph 24) Druyun issued a memorandum that rescinded the original SSA delegation for the C-5 and named herself SSA. (paragraph 10) There was no support for Druyun's decision to rescind the Assistant Secretary of the Air Force's original delegation and instead delegate the position to herself. (paragraph 26)

---

[1] Intervenor's Motion to Dismiss is limited to an alleged failure to state a claim for bad faith or bias.

The C-5 AMP solicitation and contract award were unnecessarily vulnerable to manipulation. (paragraph 29)

These allegations are sufficient to withstand a motion to dismiss for failure to state a claim. Further, the Amended Complaint establishes jurisdiction. Even if the statute of limitations in § 2501 is considered jurisdictional, L-3 has established that it did not and could not know of its cause of action until February 2006, when the Inspector General's report revealed that Druyun had changed ratings to better support Lockheed Martin's higher cost proposal and that Druyun had improperly assigned herself SSA.[2]

Remarkably, at this motion to dismiss stage, Defendant argues that the Inspector General's Report is "inadmissible" in consideration of its motion.[3] This premature argument is improper at this stage.[4] *See, e.g., McCorkle v. City of Braidwood*, 1993 U.S. Dist. LEXIS 11634 *6 (N.D. Ill. 1993) (trial court does not rule on relevancy or admissibility of evidence on a motion to dismiss). Moreover, the case Defendant touts for the proposition that an Inspector General's Report is inadmissible as a party admission does not make that conclusion. *See United States v. Board of Trustees of University of Alabama*, 104 F.3d 1453 (4th Cir. 1997). Rather, while the Inspector General's report was not admitted at trial, the court of appeals did not reach the issue of its admissibility. Nonetheless, it considered the statements from the Inspector General's report in deciding that it involved a cost-benefit analysis rather than an admission that

---

[2] Alternatively, at the earliest, L-3 was on notice of its claims in October 2004 when Druyun filed a supplemental plea admitting bias in her dealings with Boeing. In *Ball Aerospace and Technologies*, B-298522, Aug. 11, 2006, 2006 CPD ¶ 113, the GAO determined that knowledge at the time of contract award of changes in evaluation ratings coupled with Druyun's 2004 plea put Ball on notice of its claim. Intervenor's attempt to distinguish the circumstances in *Ball* fails because Intervenor inaccurately characterizes L-3's claims and conveniently ignores the fact that both L-3 and Ball alleged claims based on Druyun's bias.

[3] It makes this argument directly following a string of citations for the contrary proposition that a court can consider materials beyond the complaint to determine its jurisdiction.

[4] The cases cited by Defendant regarding admissibility do not involve motions to dismiss.

no injury had occurred to the government. The Fourth Circuit did not rule that an Inspector General's report is not a party admission. The Defendant's suggestion that the court ruled otherwise is a misrepresentation to this Court.[5]

The issue before this Court is the state of L-3's knowledge prior to February 2006 concerning whether (1) Druyun changed ratings to better support Lockheed Martin's higher cost proposal or (2) Druyun withdrew a properly designated SSA and assigned herself SSA. The Government acknowledges that L-3 was not on notice of the latter: "We do not see in the debriefing materials any indication she had delegated the power to herself." Transcript of October 10, 2006 at 98, lines 3-5. Nor could L-3 have known in January 1999, long before the Inspector General completed its investigation, that the contents of the Inspector General's report would reveal Druyun's manipulation of evaluations to better support Lockheed Martin's higher cost proposal.

---

[5] The Inspector General's report would be admissible under Fed. R. Evid. 803(8) as well as through an admission by a party opponent. *Cf. Czekalski v. Peters*, 475 F.3d 360, 366 n.2 (D.C. Cir. 2007). In fact, the United States Supreme Court has decided that an Inspector General is a "representative" of the agency. *See NASA v. Federal Labor Relations Authority*, 527 U.S. 229, 240-41 (1999) ("[A]n OIG's investigative office, as contemplated by the IGA, is performed with regard to, and on behalf of, the particular agency in which it is stationed.")

Respectfully submitted,

Dated: June 13, 2006

s/ Paul W. Searles

Paul W. Searles
HAYNES AND BOONE, LLP
901 Main Street
3100 Bank of America Plaza
Dallas, Texas 75202
Telephone: (214) 651-5197
Telecopier: (214) 200-0705

**ATTORNEYS FOR L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.**

Of Counsel:

Sharon N. Freytag
HAYNES AND BOONE, LLP
901 Main Street
3100 Bank of America Plaza
Dallas, Texas 75202
Telephone: (214) 651-5586
Telecopier: (214) 200-0450

D-1539160_1.DOC