FORM APPROVED OMB NUMBER
0348-0051

| COST ACCOUNTING STANDARDS BOARD DISCLOSURE STATEMENT REQUIRED BY PUBLIC LAW 100-679 | INDEX |
|---|---|


| | | | Page |
|---|---|---|---|
| GENERAL INSTRUCTIONS | | | (i) |
| COVER SHEET AND CERTIFICATION | | | C-1 |
| PART I | - | General Information | I-1 |
| PART II | - | Direct Costs | II-1 |
| PART III | - | Direct vs. Indirect Costs | III-1 |
| PART IV | - | Indirect Costs | IV-1 |
| PART V | - | Depreciation and Capitalization Practices | V-1 |
| PART VI | - | Other Costs and Credits | VI-1 |
| PART VII | - | Deferred Compensation and Insurance Cost | VII-1 |
| PART VIII | - | Home Office Expenses | VIII-1 |

| COST ACCOUNTING STANDARDS BOARD DISCLOSURE STATEMENT REQUIRED BY PUBLIC LAW 100-679 | COVER SHEET AND CERTIFICATION |
|---|---|

| Item No. | Item description |
|---|---|
| 0.1 | Company or Reporting Unit.<br><br>Name: L-3 Communications Integrated Systems<br><br>Street Address: 10001 Jack Finney Blvd.<br><br>City, State, & Zip Code: Greenville, TX 75403<br><br>Division or Subsidiary of: Greenville & Waco Operations of L-3 Communications Integrated Systems |
| 0.2 | Reporting Unit: (Mark one.)<br><br>1. _____ Business Unit comprising an entire business organization which is not divided into segments.<br>2. _____ Corporate Home Office<br>3. _____ Intermediate Level Home Office<br>4. __X__ Segment or business unit reporting directly to a home office. |
| 0.3 | Official to Contact Concerning this Statement.<br><br>William G. Henglein, L-3 Communications IS Controller<br>(903) 457-5431 |
| 0.4<br><br>* | Statement Type and Effective Date:<br>A. (Mark type of submission. If a revision, enter number)<br>(a)____ Original Statement<br>(b)_X__ Revised Statement; Revision No._4 ( supercedes Rev 3 dated 10/10/2007)______<br><br>B. Effective Date of this Statement/Revision: 1/01/2008 |
| 0.5 | Statement Submitted To (Provide office name, location and telephone number, include area code and extension):<br><br>(a) Cognizant Federal Agency: Robert Glenn McGowen<br>DCMA L-3 Communications IS<br>P.O. Box 6379<br>Greenville, TX 75403-6379<br><br>(b) Cognizant Federal Auditor: Defense Contract Audit Agency----SCBO (972) 205-7413<br>P.O. Box 461283<br>Garland, TX 75046-1283<br><br>CERTIFICATION<br><br>I certify that to the best of my knowledge and belief this Statement, as amended in the case of a revision, is the complete and accurate disclosure as of the above date by the above-named organization of its cost accounting practices, as required by the Disclosure Regulation (48 CFR 9903.202) of the Cost Accounting Standards Board under P.L. 100-679.<br><br>____________________________<br>William G. Henglein<br><br>L-3 Communications IS Controller<br>(Title)<br><br>THE PENALTY FOR MAKING A FALSE STATEMENT IN THIS DISCLOSURE IS PRESCRIBED IN 18 U.S.C. § 1001 |

Provision for adjourned terms. term of said court to be held at any other time, at which adjourned term any business may be transacted which could be transacted at any regular term. A copy of said order shall be posted on the door of the court-room, and advertised in some newspaper printed in the city of St. Louis, twenty days, at least, before said adjourned term shall be holden.

Same subject. Sec. 3. *And be it further enacted*, That the district judge for said district may order a special term or terms of said circuit court, to be holden at St. Louis, on any day mentioned in said order, at which special term any business may be transacted which might be transacted at any regular term of said court, and shall cause the copy of said order to be posted up and published as aforesaid. He may also rescind any such order, made either in term time or vacation, or fix a different day for said term or terms, giving notice thereof as aforesaid.

Special term of the district court at Cleveland, Ohio. Sec. 4. *And be it further enacted*, That there shall be held at the city of Cleveland, in the State of Ohio, on the third Tuesday in March, this year, a special term of the district court of the United States for the northern district of Ohio, and also a special term of the circuit court of the United States for said district, at which terms respectively any business may be transacted, which might, under existing laws, be transacted at any regular term.

Approved, February 21, 1855.

---

Feb. 24, 1855.

Chap. CXXII.—*An Act to establish a Court for the Investigation of Claims against the United States.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That a court shall be established

Court of Claims established. to be called a Court of Claims, to consist of three judges, to be appointed by the President, by and with the advice and consent of the Senate, and to hold their offices during good behaviour; and the said court shall

Jurisdiction. hear and determine all claims founded upon any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the government of the United States, which may be suggested to it by a petition filed therein; and also all claims which may be referred to said court by either house of Congress. It shall be the duty

Statement of claims to be made. of the claimant in all cases to set forth a full statement of the claim, and of the action thereon in Congress, or by any of the departments, if such action has been had; specifying also what person or persons are owners thereof or interested therein, and when and upon what consideration such person or persons became so interested. Each of the said judges shall

Compensation and oath of judges. receive a compensation of four thousand dollars per annum, payable quarterly, from the treasury of the United States, and shall take an oath to support the Constitution of the United States and discharge faithfully the duties of his office.

United States solicitor in said court to be appointed. Sec. 2. *And be it further enacted*, That a solicitor for the United States, to represent the government before said court, shall be appointed by the President, by and with the advice and consent of the Senate. It

His duties. shall be the duty of said solicitor to prepare all cases on the part of the government for hearing before said court, and to argue the same when prepared; to cause testimony to be taken, when necessary to secure the interest of the United States; to prepare forms, file interrogatories, and superintend the taking of testimony, in the manner prescribed by said court, and generally to render such services as may be required of him from time to time, in the discharge of the duties of his office. Said solic-

His oath and pay. itor shall be sworn to faithful discharge of the duties of his office, in the manner prescribed for the qualification of the judges in the first section of this act; and he shall receive a compensation of three thousand five hundred dollars per annum for his services, to be paid quarterly from the treasury of the United States.

Act of Feb. 24, 1855

SEC. 3. *And be it further enacted*, That the said court shall have authority to establish rules and regulations for its government; to appoint commissioners to take testimony to be used in the investigation of claims that may come before it; to prescribe the fees they shall receive for their services, and to issue commissions for the taking of such testimony, whether the same shall be taken at the instance of the claimant, or of the United States, and also to issue subpœnas to require the attendance of witnesses in order to be examined before such commissioners; which subpœnas shall have the same force, as if issued from a district court of the United States, and compliance therewith shall be compelled under such rules and orders as the court hereby created shall establish. When testimony is taken for the claimant, the fees of the commissioner before whom it is taken, and the cost of the commission and notice, shall be paid by such claimant; and when taken at the instance of the government, such fees, together with all postage incurred by the solicitor aforesaid in his official capacity, shall be paid out of the contingent fund provided for said court. In all cases, when it can be conveniently done, the testimony shall be taken in the county where the deponent resides; and the commissioner taking the same is hereby authorized and required to administer an oath or affirmation to the witnesses brought before him for examination.

Rules and regulations.

Commissioners to take testimony.

Subpœnas.

Depositions.

SEC. 4. *And be it further enacted*, That in all cases where it shall appear to the court that the facts set forth in the petition of the claimant do not furnish any ground for relief, it shall not be the duty of the court to authorize the taking of any testimony in the case, until the same shall have been reported by them to Congress, as is hereinafter provided: *Provided, however*, That if Congress shall, in such case, fail to confirm the opinion of said board, they shall proceed to take the testimony in such case.

Court may refuse to issue commission in certain cases.

SEC. 5. *And be it further enacted*, That in taking testimony to be used in support of any claim before said court, opportunity shall be given to the United States to file interrogatories, or by attorney to examine witnesses, under such regulations as said court shall prescribe, and like opportunity shall be afforded the claimant in cases where testimony is taken on behalf of the United States under like regulations.

Cross-examination.

SEC. 6. *And be it further enacted*, That if any person shall knowingly and wilfully swear falsely before said court, or before any person or persons commissioned by them, or authorized by this act to take testimony in a case pending before said court at the time of taking said oath, or in a case thereafter to be submitted to said court, such person shall be deemed guilty of perjury, and, on conviction thereof, shall be subjected to the same pains, penalties, and disabilities which now are, or shall be hereafter, by law prescribed for wilful and corrupt perjury.

Penalty for false swearing.

SEC. 7. *And be it further enacted*, That said court shall keep a record of their proceedings, and shall, at the commencement of each session of Congress, and at the commencement of each month during the session of Congress, report to Congress the cases upon which they shall have finally acted, stating in each the material facts which they find established by the evidence, with their opinion in the case, and the reasons upon which such opinion is founded. Any judge who may dissent from the opinion of the majority shall append his reasons for such dissent to the report; and such report, together with the briefs of the solicitor and of the claimant, which shall accompany the report, upon being made to either house of Congress, shall be printed in the same manner as other public documents. And said court shall prepare a bill or bills in those cases which shall have received the favorable decision thereof, in such form as, if enacted, will carry the same into effect. And two or more cases may be embraced in the same bill, where the separate amount proposed to be allowed in each case shall be less than one thousand dollars. And the said court shall transmit with said reports the testimony in each

Record to be kept and report to be made.

Dissenting opinions.

Reports to be printed.

Court to prepare bills.

Claims may be consolidated.

Testimony to be reported.

case, whether the same shall receive the favorable or adverse action of said court.

Reports and bills to be continued from one session to another, and from one Congress to another.

SEC. 8. *And be it further enacted*, That said reports, and the bills reported as aforesaid, shall, if not finally acted upon during the session of Congress to which the said reports are made, be continued from session to session, and from Congress to Congress, until the same shall be finally acted upon, and the consideration of said reports and bills shall, at the subsequent session of Congress, be resumed, and the said reports and bills be proceeded with in the same manner as though finally acted upon at the session when presented.

Adverse reports.

SEC. 9. *And be it further enacted*, That the claims reported upon adversely shall be placed upon the calendar when reported, and if the decision of said court shall be confirmed by Congress, said decision shall be conclusive; and the said court shall not, at any subsequent period, consider said claims unless such reasons shall be presented to said court as, by the rules of common law or chancery in suits between individuals, would furnish sufficient ground for granting a new trial.

Rooms to be assigned to said court.

SEC. 10. *And be it further enacted*, That it shall be the duty of the Speaker of the House of Representatives, within a reasonable time after the passage of this act, to appropriate such rooms in the Capitol at Washington, for the use of said court, as may be necessary for their accommodation, unless it shall appear to the Speaker that such rooms cannot be appropriated without interfering with the business of Congress; and, in that event, the said court shall procure, at the city of Washington, such rooms as may be necessary for the convenient transaction of their business.

Court may call on departments for information.

Clerk and assistant clerk.

Their salaries.

Messenger's salary.

Their oaths.

Departments not to furnish information injurious to public interest.

SEC. 11. *And be it further enacted*, That said court shall have power to call upon any of the departments for any information or papers it may deem necessary, and have the use of all recorded and printed reports made by the committees of each house, when deemed to be necessary in the prosecution of the duties assigned by this act. Said court shall appoint a chief clerk, whose salary shall be two thousand dollars per annum, and an assistant clerk, if deemed necessary, whose salary shall be fifteen hundred dollars per annum, and a messenger, whose salary shall be eight hundred dollars per annum, to be paid quarterly at the treasury. The said clerks shall be under the direction of said court in the performance of their duties, and for misconduct or incapacity may be removed from office by it; but, when so removed, said board shall make report thereof, with the cause of such removal, to Congress, if in session, or at the next session of Congress. Said clerk and assistant clerk shall take an oath for the faithful discharge of their duties: *Provided*, That the head of no department shall answer any call for information or papers if, in his opinion, it would be injurious to the public interest.

APPROVED, February 24, 1855.

---

Feb. 24, 1855.

CHAP. CXXIII.—*An Act concerning the Apprehension and Delivery of Deserters from Foreign Vessels in the Ports of the United States.*

Powers of commissioners of courts respecting deserters from foreign vessels.

1829, ch. 41.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That the commissioners who now are, or hereafter may be, appointed by the circuit courts of the United States, to take acknowledgments of bail, and for other purposes, may and shall exercise all the powers conferred on any court, judge, or other magistrate by the act approved the second day of March, one thousand eight hundred and twenty-nine, entitled "An act to provide for the apprehension and delivery of deserters from certain foreign vessels in the ports of the United States."

APPROVED, February 24, 1855.

tinued in force in respect to such courts, and all other laws and parts of laws relating to said circuit, district, and criminal courts, are repealed. Saving and repealing clause.

Sec. 17. *And be it further enacted*, That the President of the United States be, and he is hereby, authorized and empowered to appoint, by and with the advice and consent of the Senate, a suitable person, learned in the law, to revise and codify the laws of the District of Columbia. President may appoint person to codify laws of the District of Columbia.

Sec. 18. *And be it further enacted*, That the person who shall be thus appointed shall receive ten dollars per day for his services whilst so employed, and shall render a final report of his revision and codification to Congress on or before the first day of January next. Pay, and when to report.

Approved, March 3, 1863.

---

Chap. XCII. — *An Act to amend "An Act to establish a Court for the Investigation of Claims against the United States," approved February twenty-fourth, eighteen hundred and fifty-five.* March 3, 1863. 1855, ch. 122. vol. x. p. 612.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That there shall be appointed by the President, by and with the advice and consent of the Senate, two additional judges for the said court, to hold their offices during good behavior, who shall be qualified in the same manner, discharge the same duties, and receive the same compensation, as now provided in reference to the judges of said court; and that from the whole number of said judges the President shall in like manner appoint a chief justice for said court. Two additional judges for the court of claims.

Sec. 2. *And be it further enacted*, That all petitions and bills praying or providing for the satisfaction of private claims against the Government, founded upon any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, shall, unless otherwise ordered by resolution of the house in which the same are presented or introduced, be transmitted by the secretary of the Senate or the clerk of the House of Representatives, with all the accompanying documents, to the court aforesaid. All petitions and bills for private claims against the government to be sent to the court.

Sec. 3. *And be it further enacted*, That the said court, in addition to the jurisdiction now conferred by law, shall also have jurisdiction of all set-offs, counter-claims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever, on the part of the Government against any person making claim against the Government in said court; and upon the trial of any such cause it shall hear and determine such claim or demand both for and against the Government and claimant; and if upon the whole case it finds that the claimant is indebted to the Government, it shall *under* [render] judgment to that effect, and such judgment shall be final, with the right of appeal, as in other cases herein provided for. Any transcript of such judgment, filed in the clerk's office of any district or circuit court of the United States, shall be entered upon the records of the same, and shall ipso facto become and be a judgment of such district or circuit court, and shall be enforced in like manner as other judgments therein. Court to consider set-offs, &c., for the government. If the court finds that the claimant owes the Government, to render judgment therefor. Transcript of judgment to be entered in district, &c., court, and be enforced like other judgments.

Sec. 4. *And be it further enacted*, That the said court of claims shall hold one annual session, commencing on the first Monday in October in each year, and continuing so long as may be necessary for the prompt disposition of the business of the court. The said court may prescribe rules and regulations for practice therein, and it may punish for contempt, in the manner prescribed by common law. It may appoint commissioners, and may generally exercise such powers as are necessary to carry out the powers herein granted to it. The judges, solicitors, and clerks of said court shall be admitted to the use of the congressional library, and also the law library, until a law library be provided for them. The said court may appoint a bailiff, who shall hold his office during four years, unless sooner removed by said court for cause, and who shall receive a salary of Annual session to commence 1st Monday in October. Rules. Commissioners. Law library. Bailiff. Salary.

one thousand dollars, payable quarterly. The judges and clerks of said court may administer oaths and affirmations, take acknowledgments of instruments in writing, and give certificates of the same. Said court shall have a seal, with such device as it may order. Members of either house of Congress shall not practice in said court of claims.

Oaths, &c.
Seal.
Members of Congress not to practise in court of claims.

Sec. 5. *And be it further enacted*, That either party may appeal to the supreme court of the United States from any final judgment or decree which may hereafter be rendered in any case by said court wherein the amount in controversy exceeds three thousand dollars, under such regulations as the said supreme court may direct: *Provided*, That such appeal shall be taken within ninety days after the rendition of such judgment or decree: *And provided, further*, That when the judgment or decree will affect a class of cases, or furnish a precedent for the future action of any executive department of the Government in the adjustment of such class of cases, or a constitutional question, and such facts shall be certified to by the presiding justice of the court of claims, the supreme court shall entertain an appeal on behalf of the United States, without regard to the amount in controversy.

Appeals to supreme court.
When to be taken.
When an appeal may be had without reference to amount in controversy.

Sec. 6. *And be it further enacted*, That the solicitor, assistant solicitor, and deputy solicitor of said court, shall hereafter be appointed by the President, by and with the advice and consent of the Senate, and it shall be their duty faithfully and diligently to defend the United States in all matters and cases before said court of claims; and in all cases taken by appeal therefrom to the supreme court; and no other fee or compensation than the salary of said solicitor, and assistant and deputy solicitors, shall hereafter, in any case, be paid to either of them, and no fee or compensation for services in either the supreme court or court of claims shall hereafter be allowed or paid in any case by the United States.

Solicitor and assistants, how appointed.
Duty.
No fee but salary.

Sec. 7. *And be it further enacted*, That in all cases of final judgments by said court, or on appeal by the said supreme court where the same shall be affirmed in favor of the claimant, the sum due thereby shall be paid out of any general appropriation made by law for the payment and satisfaction of private claims, on presentation to the Secretary of the Treasury of a copy of said judgment, certified by the clerk of said court of claims, and signed by the chief justice, or, in his absence, by the presiding judge, of said court. And in cases where the judgment appealed from is in favor of said claimant, or the same is affirmed by the said supreme court, interest thereon at the rate of five per centum shall be allowed from the date of its presentation to the Secretary of the Treasury for payment as aforesaid, but no interest shall be allowed subsequent to the affirmance, unless presented for payment to the Secretary of the Treasury as aforesaid: *Provided*, That no interest shall be allowed on any claim up to the time of the rendition of the judgment by said court of claims, unless upon a contract expressly stipulating for the payment of interest, and it shall be the duty of the Secretary of the Treasury, at the commencement of each Congress, to include in his report or [a] statement of all sums paid at the treasury on such judgments, together with the names of the parties in whose favor the same were allowed: *And it is further provided*, That such payments shall be a full discharge to the United States of all claim or demand touching any of the matters involved in the controversy: *And provided further*, That any final judgment rendered against the claimant on any claim prosecuted as aforesaid shall forever bar any further claim or demand against the United States arising out of the matters involved in the controversy.

Claims sustained, how paid.
Interest.
Payments to be a full discharge, and bar all further claim.

Sec. 8. *And be it further enacted*, That it shall be lawful for said court, at the instance of the solicitor for the United States, to make an order in any case pending in said court, directing that the claimant or claimants in such case, or any one or more of them, shall appear, upon reasonable notice, before any commissioner of said court, and be examined on oath or

Claimant may be examined on oath.
Proceedings.

affirmation touching any or all matters pertaining to said claim. And the examination of such claimant or claimants shall be reduced to writing by the said commissioner, and be returned to and filed in said court, and may, at the discretion of the solicitor for the United States, be read and used as evidence on the trial of said cause. And if any claimant or claimants, after such order has been made, and due and reasonable notice thereof given to him or them, shall fail to appear or shall refuse to testify or answer fully as to all matters within his knowledge material to the issue, the said court may, in its discretion, order that the said cause shall not be brought forward for trial until the said claimant or claimants shall have fully complied with the order of said court in the premises.

Examination to be reduced to writing.

If claimants neglect or refuse.

Sec. 9. *And be it further enacted*, That the jurisdiction of the said court shall not extend to or include any claim against the Government not pending in said court on the first day of December, Anno Domini eighteen hundred and sixty-two, growing out of or dependent on any treaty stipulation entered into with foreign nations or with the Indian tribes.

Court not to have jurisdiction of certain claims.

Sec. 10. *And be it further enacted*, That every claim against the United States, cognizable by the court of claims, shall be forever barred unless the petition setting forth a statement of the claim be filed in the court or transmitted to it under the provisions of this act within six years after the claim first accrues: *Provided*, That claims which have accrued six years before the passage of this act shall not be barred if the petition be filed in the court or transmitted as aforesaid within three years after the passage of this act: *And provided, further*, That the claims of married women first accrued during marriage, of persons under the age of twenty-one years first accruing during minority, and of idiots, lunatics, insane persons, and persons beyond seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court or transmitted, as aforesaid, within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively.

Claims to be filed in court within six years.

Proviso.

Persons under disability.

Sec. 11. *And be it further enacted*, That any person or persons who shall corruptly practise or attempt to practise any fraud against the United States in the proof, statement, establishment, or allowance of any claim, or any part of any claim against the United States, shall ipso facto forfeit the same to the Government; and it shall be the duty of the court of claims, in such cases, to find specifically that such fraud was practised or attempted to be practised, and thereupon give judgment that such claim is forfeited to the Government, and that the claimant be forever barred from prosecuting the same. Appeals may be taken from the court of claims to the supreme court, in all such cases, on all questions of law, in the manner herein provided for appeals in other cases.

Attempts to practise any fraud upon the United States, how punished.

Appeals.

Sec. 12. *And be it further enacted*, That any petition filed under this act shall be verified by the affidavit of the claimant, his agent, or attorney, stating that no assignment or transfer of said claim, or any part thereof, or any interest therein, has been made, except as in said petition stated; that said claimant is justly entitled to the amount therein claimed from the United States, after allowing all just credits and offsets; and that he believes the facts as stated in said petition are true: *Provided, however*, That in order to authorize the said court to render a judgment in favor of any claimant, if a citizen of the United States, it shall be set forth in the petition that the claimant, and the original and every prior owner thereof where the claim has been assigned, has at all times borne true allegiance to the Government of the United States, and whether a citizen or not, that he has not in any way voluntarily aided, abetted, or given encouragement to rebellion against the said Government, which allegations may be traversed by the Government, and if on the trial such issue shall be decided against the claimant, his petition shall be dismissed.

Petitions to the court to be verified by affidavit.

Proviso.

Repeal of inconsistent laws.

Sec. 13. *And be it further enacted,* That all laws and parts [of laws] inconsistent with the provisions of this act are hereby repealed.

Money not to be paid out for claims until appropriated upon estimates.

Sec. 14. *And be it further enacted,* That no money shall be paid out of the treasury for any claim passed upon by the court of claims till after an appropriation therefor shall be estimated for by the Secretary of the Treasury.

Approved, March 3, 1863.

---

March 3, 1863.

Chap. XCIII.—*An Act to give greater Efficiency to the Judicial System of the United States.*

In case of disability, &c., of the judge of the supreme court for any circuit, judge of other circuit may hold the court.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That whenever the judge of the supreme court for any circuit, from disability, absence, the accumulation of business in the circuit court in any district within his circuit, or from his having been of counsel or being interested in any case pending in such circuit court, or from any other cause, shall deem it advisable that the circuit court in such district shall be holden by the judge of any other circuit, he may request, in writing, the judge of any other circuit to hold the circuit court in such district, during a time to be named in such request; and such request shall be entered upon the journal of the circuit court so to be holden. And thereupon it shall be lawful for the judge so requested to hold the circuit court in such district, and to exercise all the powers of the judge of such circuit within and for such district during the time named in such request.

Proceedings.

Judge of any circuit may order any civil cause certified into any circuit, to be certified back.

Sec. 2. *And be it further enacted,* That the judge of any circuit may order any civil cause certified into any circuit court within his circuit from any court of the United States, to be certified back to the court whence it came; and in such case such cause shall be proceeded in by such court, in all respects, as if the same had not been certified from it: *Provided,* That if from any cause it shall be improper for the judge of such court to try any such cause so certified back, the same shall be tried by some other judge holding such court, pursuant to the provisions of this act. Whenever, by reason of death or resignation, there shall be no judge of any circuit, the chief justice of the supreme court of the United States may make the requests herein provided for, which shall be operative until such circuit shall be assigned to another judge. In case of a vacancy in the office of marshal or district attorney in any circuit, the judge of such circuit may fill such vacancy, and the person so appointed shall serve until an appointment shall be made by the President, and the appointee has duly qualified, and no longer; and the marshal so appointed shall give bond as if appointed by the President, and the bond shall be approved by such judge. The appointment so made shall be in writing, and such writing shall be filed in the clerk's office of the circuit court, and a copy thereof shall be entered upon the journal of such court. The clerk of every court shall give bond in such sum as may be fixed by the court, with sureties to be approved by the court, and a new bond may be required whenever the court shall deem it proper that such bond shall be given. Every marshal's bond so given shall be filed in the office of the clerk of the circuit court, and a copy thereof entered upon the journal of the court. A copy of every bond given by a clerk shall be entered on the journal of the court for which he is appointed, and the bond shall be deposited for safe-keeping as the court may direct. A certified copy of such entry shall be *primâ facie* proof of the executio[n] of such bond, and of the contents thereof.

Proviso.

If there is no judge of any circuit, the chief justice of the supreme court may make the requests.

Vacancies in office of marshal or district attorney, when filled by the court.

Appointment, how made.

Bond of clerk,

of marshal.

Repealing clause.

Sec. 3. *And be it further enacted,* That all acts and parts of acts inconsistent with the provisions of this act be, and the same are hereby, repealed.

Approved, March 3, 1863.

TAX DIVISION LIBRARY
U. S. Department of Justice
Washington, D. C. 20530

SECOND EDITION.

# REVISED STATUTES

OF

# THE UNITED STATES,

PASSED AT THE

## FIRST SESSION OF THE FORTY-THIRD CONGRESS,

## 1873-'74;

EMBRACING THE STATUTES OF THE UNITED STATES, GENERAL AND PERMANENT IN THEIR NATURE, IN FORCE ON THE FIRST DAY OF DECEMBER, ONE THOUSAND EIGHT HUNDRED AND SEVENTY-THREE, AS REVISED AND CONSOLIDATED BY COMMISSIONERS APPOINTED UNDER AN ACT OF CONGRESS; AND AS REPRINTED, WITH AMENDMENTS, UNDER AUTHORITY OF AN ACT OF CONGRESS APPROVED THE SECOND DAY OF MARCH, IN THE YEAR ONE THOUSAND EIGHT HUNDRED AND SEVENTY-SEVEN,

WITH

## AN APPENDIX.

EDITED, PRINTED, AND PUBLISHED UNDER THE AUTHORITY OF AN ACT OF CONGRESS, AND UNDER THE DIRECTION OF THE SECRETARY OF STATE.

WASHINGTON:
GOVERNMENT PRINTING OFFICE.
1878.

I—II

SEC. 1055. The chief clerk shall give bond to the United States in such amount, in such form, and with such security as shall be approved by the Secretary of the Treasury.

*Clerk's bond.* 6 Aug., 1856, c. 81, s. 3, v. 11, p. 30.

SEC. 1056. The said clerk shall have authority, when he has given bond as provided in the preceding section, to disburse, under the direction of the court, the contingent fund which may from time to time be appropriated for its use; and his accounts shall be settled by the proper accounting officers of the Treasury in the same way as the accounts of other disbursing agents of the Government are settled.

*Contingent fund.* 6 Aug., 1856, c. 81, s. 3, v. 11, p. 30.

SEC. 1057. On the first day of every December session of Congress, the clerk of the Court of Claims shall transmit to Congress a full and complete statement of all the judgments rendered by the court during the previous year, stating the amounts thereof and the parties in whose favor they were rendered, together with a brief synopsis of the nature of the claims upon which they were rendered. And at the end of every term of the court he shall transmit a copy of its decisions to the heads of Departments; to the Solicitor, the Comptrollers, and the Auditors of the Treasury; to the Commissioners of the General Land-Office and of Indian Affairs; to the chiefs of bureaus, and to other officers charged with the adjustment of claims against the United States.

*Reports to Congress, copies for Departments, &c.* 17 Mar., 1866, c. 19, s. 3, v. 14, p. 9. 25 June, 1868, c. 71, s. 9, v. 15, p. 77.

SEC. 1058. Members of either House of Congress shall not practice in the Court of Claims.

*Members of Congress not to practice in the court.* 3 Mar., 1863, c. 92, s. 4, v. 12, p. 765.

---

# CHAPTER TWENTY-ONE.

## THE COURT OF CLAIMS.

### JURISDICTION, POWERS, AND PROCEDURE.


Sec.
1059. Jurisdiction.
1060. Private claims in Congress, when transmitted to Court of Claims.
1061. Judgment for set-off or counterclaim, how enforced.
1062. Decree on account of paymasters, &c.
1063. Claims referred by Departments.
1064. Procedure in cases transmitted by Departments.
1065. Judgments in cases transmitted by Departments, how paid.
1066. Claims growing out of treaties not cognizable therein.
1067. Claims pending in other courts not to be prosecuted in Court of Claims.
1068. Aliens.
1069. Limitation.
1070. Rules of practice; contempts.
1071. Oaths and acknowledgments.
1072. Petition.
1073. Petition dismissed if issue found against claimant as to allegiance, &c.
1074. Burden of proof and evidence as to loyalty.
1075. Commissioner to take testimony.
1076. Power to call upon Departments for information.
1077. When testimony not to be taken.
1078. Witnesses not excluded on account of color.
1079. Parties and persons interested excluded as witnesses.
1080. Examination of claimant.
1081. Testimony taken where deponent resides.
1082. Witnesses, how compelled to attend before commissioners.
1083. Cross-examination.
1084. Witnesses, how sworn.
1085. Fees of commissioner, by whom paid.
1086. Claims forfeited for fraud.
1087. New trial on motion of claimant.
1088. New trial on motion of United States.
1089. Payment of judgments.
1090. Interest.
1091. Interest on claims.
1092. Payment of judgment a full discharge, &c.
1093. Final judgments a bar.


SEC. 1059. The Court of Claims shall have jurisdiction to hear and determine the following matters:

*Jurisdiction.*

First. All claims founded upon any law of Congress, or upon any regulation of an Executive Department, or upon any contract, expressed or implied, with the Government of the United States, and all claims which may be referred to it by either House of Congress.

*Claims founded on statutes or contracts, or referred by Congress.* 24 Feb., 1855, c. 122, s. 1, v. 10. p. 612; 22 *June*, 1874, *c.* 393, *s.* 2, *v.* 18, *p.* 192; 3 *Mar.*, 1875, *c.* 149, *v.* 18, *p.* 481.—Nichols *v.* U. S., 7 Wall., 129; Dorsheimer *v.* U. S., 7 Wall., 166; Bonner *v.* U. S., 9 Wall., 156; Vigo's Case, 21 Wall., 648.

Set-offs and counter-claims of United States.

3 Mar., 1863, c. 92, s. 3, v. 12, p. 765.

Second. All set-offs, counter-claims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever, on the part of the Government of the United States against any person making claim against the Government in said court.

Clyde *v.* U. S., 13 Wall., 38; U. S. *v.* Russell, 13 Wall., 623; U. S. *v.* Bostwick, 94 U. S., 53; Fichera's Case, 9 C. Cls., 254; Macauley's Case, 11 C. Cls, 693; Clark's Case, 11 C. Cls., 698; Roman et al. *v.* U. S., 11 C. Cls., 761; Campbell's Case, 13 C. Cls., 470.

Disbursing officers.

9 May, 1866, c. 75, s. 1, v. 14, p. 44.

U. S. *v.* Clark, 94 U. S., 73.

Third. The claim of any paymaster, quartermaster, commissary of subsistence, or other disbursing officer of the United States, or of his administrators or executors, for relief from responsibility on account of capture or otherwise, while in the line of his duty, of Government funds, vouchers, records, or papers in his charge, and for which such officer was and is held responsible.

Claims for captured and abandoned property.

12 Mar., 1863, c. 120, s. 3, v. 12, p. 820.

2 July, 1864, c. 225, ss. 2, 3, v. 13, pp. 375, 376.

27 July, 1868, c. 276, s. 3, v. 15, p. 243.

18 *Feb.*, 1875, *c.* 80, *v.* 18, *p.* 318.

U. S. *v.* Anderson, 9 Wall., 56; Pugh *v.* U. S., 13 Wall., 633; U. S. *v.* Kimball, 13 Wall., 636;

Fourth. Of all claims for the proceeds of captured or abandoned property, as provided by the act of March 12, eighteen hundred and sixty-three, chapter one hundred and twenty, entitled "An act to provide for the collection of abandoned property and for the prevention of frauds in insurrectionary districts within the United States," or by the act of July two, eighteen hundred and sixty-four, chapter two hundred and twenty-five, being an act in addition thereto: *Provided*, That the remedy given in cases of seizure under the said acts, by preferring claim in the Court of Claims, shall be exclusive, precluding the owner of any property taken by agents of the Treasury Department as abandoned or captured property in virtue or under color of said acts from suit at common law, or any other mode of redress whatever, before any court other than said Court of Claims: [*Provided also*, That the jurisdiction of the Court of Claims shall not extend to any claim against the United States growing out of the destruction or appropriation of, or damage to, property by the Army or Navy engaged in the suppression of the rebellion.]

U. S. *v.* Crussell, 14 Wall., 1; Slawson *v.* U. S., 16 Wall., 310; Haycraft *v.* U. S., 22 Wall., 81; U. S. *v.* O'Grady, 22 Wall., 641; U. S. *v.* Villalonga, 23 Wall., 35; Spencer *v.* U. S., 91 U. S., 577; Lamar, ex., *v.* Browne et al., 92 U. S., 187.

Private claims in Congress, when transmitted to Court of Claims.

3 Mar., 1863, c. 92, s. 2, v. 12, p. 765.

SEC. 1060. All petitions and bills praying or providing for the satisfaction of private claims against the Government, founded upon any law of Congress, or upon any regulation of an Executive Department, or upon any contract, expressed or implied, with the Government of the United States, shall, unless otherwise ordered by resolution of the House in which they are introduced, be transmitted by the Secretary of the Senate or the Clerk of the House of Representatives, with all the accompanying documents, to the Court of Claims.

Judgments for set-off or counter-claim, how enforced.

3 Mar., 1863, c. 92, s. 3, v. 12, p. 765.

Allen *v.* U. S., 17 Wall., 207.

SEC. 1061. Upon the trial of any cause in which any set-off, counter-claim, claim for damages, or other demand is set up on the part of the Government against any person making claim against the Government in said court, the court shall hear and determine such claim or demand both for and against the Government and claimant; and if upon the whole case it finds that the claimant is indebted to the Government, it shall render judgment to that effect, and such judgment shall be final, with the right of appeal, as in other cases provided for by law. Any transcript of such judgment, filed in the clerk's office of any district or circuit court, shall be entered upon the records thereof, and shall thereby become and be a judgment of such court and be enforced as other judgments in such courts are enforced.

Decree on accounts of paymasters, &c.

9 May, 1866, c. 75, s. 2, v. 14, p. 44.

Hall's Case, 9 C. Cls., 270; Holman's Case, 11 C. Cls., 642.

SEC. 1062. Whenever the Court of Claims ascertains the facts of any loss by any paymaster, quartermaster, commissary of subsistence, or other disbursing officer, in the cases hereinbefore provided, to have been without fault or negligence on the part of such officer, it shall make a decree setting forth the amount thereof, and upon such decree the proper accounting officers of the Treasury shall allow to such officer the amount so decreed, as a credit in the settlement of his accounts.

Claims referred by Departments.

SEC. 1063. Whenever any claim is made against any Executive Department, involving disputed facts or controverted questions of law, where the amount in controversy exceeds three thousand dollars, or where the

Case 1:06-cv-00396-MCW Document 69-2 Filed 05/05/2008 Page 13 of 25

damages, whether liqui-
soever, on the part of
ıy person making claim

ick, 94 U.
Case, 11
., 470.

ster, commissary of sub-
States, or of his admin-
y on account of capture
nment funds, vouchers,
such officer was and is

red or abandoned prop-
een hundred and sixty-
"An act to provide for
prevention of frauds in
," or by the act of July
o hundred and twenty-
That the remedy given
cing claim in the Court
of any property taken
oned or captured prop-
uit at common law, or
court other than said
iction of the Court of
United States growing
ıge to property by the
re 1.]

Spencer

providing for the satis-
founded upon any law
utive Department, or
e Government of the
esolution of the House
the Secretary of the
es, with all the accom-

h any set-off, counter-
up on the part of the
ainst the Government
such claim or demand
ant; and if upon the
to the Government, it
lgment shall be final,
led for by law. Any
fice of any district or
eof, and shall thereby
forced as other judg-

tains the facts of any
ry of subsistence, or
rovided, to have been
fficer, it shall make a
ıch decree the proper
ch officer the amount

utive Depart-
estions of law, where
dollars, or where the



decision will affect a class of cases, or furnish a precedent for the future action of any Executive Department in the adjustment of a class of cases, without regard to the amount involved in the particular case, or where any authority, right, privilege, or exemption is claimed or denied under the Constitution of the United States, the head of such Department may cause such claim, with all the vouchers, papers, proofs, and documents pertaining thereto, to be transmitted to the Court of Claims, and the same shall be there proceeded in as if originally commenced by the voluntary action of the claimant; and the Secretary of the Treasury may, upon the certificate of any Auditor or Comptroller of the Treasury, direct any account, matter, or claim, of the character, amount, or class described in this section, to be transmitted, with all the vouchers, papers, documents, and proofs pertaining thereto, to the said court, for trial and adjudication: *Provided*, That no case shall be referred by any head of a Department unless it belongs to one of the several classes of cases which, by reason of the subject-matter and character, the said court might, under existing laws, take jurisdiction of on such voluntary action of the claimant.

25 June, 1868, c. 71, s. 7, v. 15, p. 76.
16 *June*, 1874, c. 285, *v.* 18, *p.* 75.

Bright's Case, 8 C. Cls., 326; Winnisimmett Co., 13 C. Cls., 319; Campbell's Case, 13 C. Cls., 470.

Procedure in cases transmitted by Departments.

SEC. 1064. All cases transmitted by the head of any Department, or upon the certificate of any Auditor or Comptroller, according to the provisions of the preceding section, shall be proceeded in as other cases pending in the Court of Claims, and shall, in all respects, be subject to the same rules and regulations.

25 June, 1868, c. 71, s. 7, v. 15, p. 76.—Clyde *v.* U. S., 13 Wall., 38.

Judgments in cases transmitted by Departments, how paid.

SEC. 1065. The amount of any final judgment or decree rendered in favor of the claimant, in any case transmitted to the Court of Claims under the two preceding sections, shall be paid out of any specific appropriation applicable to the case, if any such there be; and where no such appropriation exists, the judgment or decree shall be paid in the same manner as other judgments of the said court.

25 June, 1868, c. 71, s. 7, v. 15, p. 76.—3 *Mar.*, 1875, c. 149, *v.* 18, *p.* 481.

Claims growing out of treaties not cognizable therein.

SEC. 1066. The jurisdiction of the said court shall not extend to any claim against the Government not pending therein on December one, eighteen hundred and sixty-two, growing out of or dependent on any treaty stipulation entered into with foreign nations or with the Indian tribes.

3 Mar., 1863, c. 92, s. 9, v. 12, p. 767.—*Ex parte* Atocha, 17 Wall., 439.

Claims pending in other courts not to be prosecuted in Court of Claims.

SEC. 1067. No person shall file or prosecute in the Court of Claims, or in the Supreme Court on appeal therefrom, any claim for or in respect to which he or any assignee of his has pending in any other court any suit or process against any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, mediately or immediately, under the authority of the United States.

25 June, 1868, c. 71, s. 8, v. 15, p. 77.

Aliens.

SEC. 1068. Aliens, who are citizens or subjects of any government which accords to citizens of the United States the right to prosecute claims against such government in its courts, shall have the privilege of prosecuting claims against the United States in the Court of Claims, whereof such court, by reason of their subject-matter and character, might take jurisdiction.

27 July, 1868, c. 276, s. 2, v. 15, p. 243.

U. S. *v.* O'Keefe, 11 Wall., 178; Carlisle *v.* U. S., 16 Wall., 147; Hill *v.* U. S., 8 C. Cls., 470; Fichera's Case, 9 C. Cls., 254.

Limitation.

SEC. 1069. Every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives as provided by law, within six years after the claim first accrues: *Provided*, That the claims of married women first accrued during marriage, of persons under the age of twenty-one years first accrued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court or transmitted, as aforesaid, within three

3 Mar., 1863, c. 92, s. 10, v. 12, p. 767.

Fulenweider's Case, 9 C. Cls., 403; Clark's Case, 11 C. Cls., 698.

years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively.

Rules of practice; contempts.
24 Feb., 1855, c. 122, s. 3, v. 10, p. 613.
3 Mar., 1863, c. 92, s. 4, v. 12, p. 765.

SEC. 1070. The said court shall have power to establish rules for its government and for the regulation of practice therein, and it may punish for contempt in the manner prescribed by the common law, may appoint commissioners, and may exercise such powers as are necessary to carry into effect the powers granted to it by law.

Oaths and acknowledgments.
3 Mar., 1863, c. 92, s. 4, v. 12, p. 765.

SEC. 1071. The judges and clerks of said court may administer oaths and affirmations, take acknowledgments of instruments in writing, and give certificates of the same.

Petition.
24 Feb., 1855, c. 122, s. 1, v. 10, p. 612.
3 Mar., 1863, c. 92, s. 12, v. 12, p. 767.
U. S. v. Insurance Companies, 22 Wall., 99

SEC. 1072. The claimant shall, in all cases, fully set forth in his petition the claim, the action thereon in Congress, or by any of the Departments, if such action has been had; what persons are owners thereof or interested therein, when and upon what consideration such persons became so interested; that no assignment or transfer of said claim, or of any part thereof or interest therein, has been made, except as stated in the petition; that said claimant is justly entitled to the amount therein claimed from the United States, after allowing all just credits and off-sets; that the claimant, and, where the claim has been assigned, the original and every prior owner thereof, if a citizen, has at all times borne true allegiance to the Government of the United States, and, whether a citizen or not, has not in any way voluntarily aided, abetted, or given encouragement to rebellion against the said Government, and that he believes the facts as stated in the said petition to be true. And the said petition shall be verified by the affidavit of the claimant, his agent, or attorney.

Petition dismissed, if issue found against claimant as to allegiance, &c.

SEC. 1073. The said allegations as to true allegiance and voluntary aiding, abetting, or giving encouragement to rebellion against the Government may be traversed by the Government, and if on the trial such issues shall be decided against the claimant, his petition shall be dismissed.

3 Mar., 1863, c. 92, s. 12, v. 12, p. 767.

Burden of proof and evidence as to loyalty.
25 June, 1868, c. 71, s. 3, v. 15, p. 75.

SEC. 1074. Whenever it is material in any claim to ascertain whether any person did or did not give any aid or comfort to the late rebellion, the claimant asserting the loyalty of any such person to the United States during such rebellion shall be required to prove affirmatively that such person did, during said rebellion, consistently adhere to the United States, and did give no aid or comfort to persons engaged in said rebellion; and the voluntary residence of any such person in any place where, at any time during such residence, the rebel force or organization held sway, shall be prima-facie evidence that such person did give aid and comfort to said rebellion and to the persons engaged therein.

Commissioners to take testimony.
24 Feb., 1855, c. 122, s. 3, v. 10, p. 613.
3 Mar., 1863, c. 92, s. 4, v. 12, p. 765.

SEC. 1075. The Court of Claims shall have power to appoint commissioners to take testimony to be used in the investigation of claims which come before it; to prescribe the fees which they shall receive for their services, and to issue commissions for the taking of such testimony, whether taken at the instance of the claimant or of the United States.

Power to call upon Departments for information.
24 Feb., 1855, c. 122, s. 11, v. 10, p. 614.

SEC. 1076. The said court shall have power to call upon any of the Departments for any information or papers it may deem necessary, and shall have the use of all recorded and printed reports made by the committees of each House of Congress, when deemed necessary in the prosecution of its business. But the head of any Department may refuse and omit to comply with any call for information or papers when, in his opinion, such compliance would be injurious to the public interest.

When testimony not to be taken.
24 Feb., 1855, c. 122, s. 4, v. 10, p. 613.

SEC. 1077. When it appears to the court in any case that the facts set forth in the petition of the claimant do not furnish any ground for relief, it shall not be the duty of the court to authorize the taking of any testimony therein.

—CH. 21.

er disability than those
barred, nor shall any of

establish rules for its
rein, and it may punish
nmon law, may appoint
are necessary to carry

t may administer oaths
uments in writing, and

lly set forth in his peti-
by any of the Depart-
ons are owners thereof
ideration such persons
ansfer of said claim, or
made, except as stated
ntitled to the amount
llowing all just credits
laim has been assigned,
citizen, has at all times
e United States, and,
untarily aided, abetted,
said Government, and
etition to be true. And
vit of the claimant, his

le ... and voluntary
e... against the Gov-
and ... on the trial such
is petition shall be dis-

im to ascertain whether
rt to the late rebellion,
person to the United
prove affirmatively that
ly adhere to the United
engaged in said rebell-
rson in any place where,
ce or organization held
erson did give aid and
ged therein.
power to appoint com-
investigation of claims
hich they shall receive
the taking of such tes-
imant or of the United

to call upon any of the
ay deem necessary, and
eports made by the com-
emed necessary in the
any Department may
mation or papers when,
us to the public interest.
y ... that the facts set
s ... ground for relief,
... king of any testi-



SEC. 1078. No witness shall be excluded in any suit in the Court of Claims on account of color.

Witnesses not excluded on account of color.

2 July, 1864, c. 210, s. 3, v. 13, p. 351. 2 Mar., 1867, c. 166, s. 2, v. 14, p. 457. 25 June, 1868, c. 71, s. 4, v. 15, p. 75.—Cornett *v.* Williams, 20 Wall., 226; Wood's Case, 10 C. Cls., 395.

SEC. 1079. No claimant, nor any person from or through whom any such claimant derives his alleged title, claim, or right against the United States, nor any person interested in any such title, claim, or right, shall be a competent witness in the Court of Claims in supporting the same, and no testimony given by such claimant or person shall be used except as provided in the next section.

Parties and persons interested excluded as witnesses.

3 Mar., 1863, c. 92, s. 8, v. 12, p. 766. 25 June, 1868, c. 71, s. 4, v. 15, p. 75; Lawrence *v.* U. S., 8 C. Cls., 252; Wood's Case, 10 C. Cls., 395.

SEC. 1080. The court may, at the instance of the attorney or solicitor appearing in behalf of the United States, make an order in any case pending therein, directing any claimant in such case to appear, upon reasonable notice, before any commissioner of the court, and be examined on oath touching any or all matters pertaining to said claim. Such examination shall be reduced to writing by the said commissioner, and be returned to and filed in the court, and may, at the discretion of the attorney or solicitor of the United States appearing in the case, be read and used as evidence on the trial thereof. And if any claimant, after such order is made, and due and reasonable notice thereof is given to him, fails to appear, or refuses to testify or answer fully as to all matters within his knowledge material to the issue, the court may, in its discretion, order that the said cause shall not be brought forward for trial until he shall have fully complied with the order of the court in the premises.

Examination of claimant.

3 Mar., 1863, c. 92, s. 8, v. 12, p. 766. 25 June, 1868, c. 71, s. 4, v. 15, p. 75.

Macauley's Case, 11 C. Cls., 575.

SEC. 1081. The testimony in cases pending before the Court of Claims shall be taken in the county where the witness resides, when the same can be conveniently done.

Testimony taken where deponent resides.

24 Feb., 1855, c. 122, s. 3, v. 10, p. 613.

SEC. 1082. The Court of Claims may issue subpœnas to require the attendance of witnesses in order to be examined before any person commissioned to take testimony therein, and such subpœnas shall have the same force as if issued from a district court, and compliance therewith shall be compelled under such rules and orders as the court shall establish.

Witnesses, how compelled to attend before commissioners.

24 Feb., 1855, c. 122, s. 3, v. 10, p. 613.

SEC. 1083. In taking testimony to be used in support of any claim, opportunity shall be given to the United States to file interrogatories, or by attorney to examine witnesses, under such regulations as said court shall prescribe; and like opportunity shall be afforded the claimant, in cases where testimony is taken on behalf of the United States, under like regulations.

Cross-examination.

24 Feb., 1855, c. 122, s. 5, v. 10, p. 613.

SEC. 1084. The commissioner taking testimony to be used in the Court of Claims shall administer an oath or affirmation to the witnesses brought before him for examination.

Witnesses, how sworn.

24 Feb., 1855, c. 122, s. 3, v. 10, p. 613.

SEC. 1085. When testimony is taken for the claimant, the fees of the commissioner before whom it is taken, and the cost of the commission and notice, shall be paid by such claimant; and when it is taken at the instance of the Government, such fees, together with all postage incurred by the Assistant Attorney-General, shall be paid out of the contingent fund provided for the Court of Claims, or other appropriation made by Congress for that purpose.

Fees of commissioner, by whom paid.

24 Feb., 1855, c. 122, s. 3, v. 10, p. 613.

SEC. 1086. Any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance of any claim, or of any part of any claim against the United States, shall ipso facto forfeit the same to the Government; and it shall be the duty of the Court of Claims, in such cases, to find specifically that such fraud was practiced or attempted to be practiced, and thereupon to give judgment that such claim is forfeited to the Government, and that the claimant be forever barred from prosecuting the same.

Claims forfeited for fraud.

3 Mar., 1863, c. 92, s. 11, v. 12, p. 767.

New trial on motion of claimant.

24 Feb., 1855, c. 122, s. 9, v. 10, p. 614.

SEC. 1087. When judgment is rendered against any claimant, the court may grant a new trial for any reason which, by the rules of common law or chancery in suits between individuals, would furnish sufficient ground for granting a new trial.

New trial on motion of United States.

25 June, 1868, c. 71, s. 2, v. 15, p. 75.

*Ex parte* Russell, 13 Wall., 664; *Ex parte*, in matter of U. S., 16 Wall., 699; U. S. *v.* Young, 94 U. S., 258; Douglas's Case, 11 C. Cls., 655.

SEC. 1088. The Court of Claims, at any time while any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, may, on motion on behalf of the United States, grant a new trial and stay the payment of any judgment therein, upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the United States; but until an order is made staying the payment of a judgment, the same shall be payable and paid as now provided by law.

Payment of judgments.

3 Mar., 1863, c. 92, s. 7, v. 12, p. 766.
3 *Mar.*, 1875, c. 149, *v.* 18, *p.* 481.

SEC. 1089. In all cases of final judgments by the Court of Claims, or, on appeal, by the Supreme Court, where the same are affirmed in favor of the claimant, the sum due thereby shall be paid out of any general appropriation made by law for the payment and satisfaction of private claims, on presentation to the Secretary of the Treasury of a copy of said judgment, certified by the clerk of the Court of Claims, and signed by the chief justice, or, in his absence, by the presiding judge of said court.

Interest.

3 Mar., 1863, c. 92, s. 7, v. 12, p. 766.

SEC. 1090. In cases where the judgment appealed from is in favor of the claimant, and the same is affirmed by the Supreme Court, interest thereon at the rate of five per centum shall be allowed from the date of its presentation to the Secretary of the Treasury for payment as aforesaid, but no interest shall be allowed subsequent to the affirmance, unless presented for payment to the Secretary of the Treasury as aforesaid.

Interest on claims.

3 Mar., 1863, c. 92, s. 7, v. 12, p. 766.

SEC. 1091. No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest.

Payment of judgment a full discharge, &c.

3 Mar., 1863, c. 92, s. 7, v. 12, p. 766.

SEC. 1092. The payment of the amount due by any judgment of the Court of Claims and of any interest thereon allowed by law, as hereinbefore provided, shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy.

Final judgments a bar.

3 Mar., 1863, c. 92, s. 7, v. 12, p. 766.

SEC. 1093. Any final judgment against the claimant on any claim prosecuted as provided in this chapter shall forever bar any further claim or demand against the United States arising out of the matters involved in the controversy.






Sec.
1094. Composition of the
1095. Title of General.
1096. Staff.
1097. Lieutenant-General' tary.
1098. Aids of major and br
1099. Artillery regiment.
1100. Artillery battery.
1101. Light battery.
1102. Cavalry regiment.
1103. Troop.
1104. Colored cavalry reg
1105. Dismounted.
1106. Infantry regiment.
1107. Infantry company.
1108. Colored infantry re
1109. Post ordnance-ser and duty.
1110. How selected.
1111. Bands.
1112. Indian scouts.
1113. Trading establishm
1114. Brigades and divisi
1115. Number of enlisted
1116. General qualificatic
1117. Enlistment of minc
1118. Persons not to be e
1119. Term of enlistment
1120. Premium for bringi
1121. Chaplains, number
1122. Rank, &c., of chap
1123. Qualifications of.
1124. Duties as school-te
1125. Duties as clergyme
1126. Monthly reports.
1127. Facilities to.
1128. Corps of adjutant ization.
1129. Vacancy to be fille
1130. When to be inspec
1131. Corps of inspector ization.
1132. Quartermaster's Co
1133. Duties.
1134. Commissary's duty
1135. Supplies to naval tachments.
1136. Permanent barrac
1137. Forage and wagon
1138. Officers not to trad
1139. System of account
1140. Subsistence Corps,
1141. Duties.
1142. Post commissary-s
1143. Rations to naval d
1144. Credit sales.
1145. Sales of rations.
1146. The ration.
1147. Coffee and sugar c
1148. Sugar and coffee i

EXTENSION

Conservation Act.

...atives of the ...section 252(j) ...6272(j)) is ...in its place

PUBLIC LAW 97-164 [H.R. 4482]; April 2, 1982

# FEDERAL COURTS IMPROVEMENT ACT OF 1982

*For Legislative History of Act, see p. 11*

An Act to establish a United States Court of Appeals for the Federal Circuit, to establish a United States Claims Court, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the "Federal Courts Improvement Act of 1982". Federal Courts Improvement Act of 1982. 28 USC 1 note.

## TITLE I—UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT AND UNITED STATES CLAIMS COURT

### PART A—ORGANIZATION, STRUCTURE, AND JURISDICTION

#### NUMBER AND COMPOSITION OF CIRCUITS

SEC. 101. Section 41 of title 28, United States Code, as amended by the Fifth Circuit Court of Appeals Reorganization Act of 1980 (Public Law 96-452; 94 Stat. 1994), is amended by striking out "twelve" and inserting in lieu thereof "thirteen" and by adding at the end thereof the following:

"Federal.............................................. All Federal judicial districts.".

#### NUMBER OF CIRCUIT JUDGES

SEC. 102. (a) Section 44(a) of title 28, United States Code, as amended by the Fifth Circuit Court of Appeals Reorganization Act of 1980 (Public Law 96-452; 94 Stat. 1994), is amended by adding at the end thereof the following:

"Federal.............................................................................................. 12".

(b) Section 44(c) of title 28, United States Code, is amended by adding the following sentence at the end thereof: "While in active service, each circuit judge of the Federal judicial circuit appointed after the effective date of this Act, and the chief judge of the Federal judicial circuit, whenever appointed, shall reside within fifty miles of the District of Columbia.".

#### PANELS OF JUDGES; NUMBER OF JUDGES FOR HEARINGS

SEC. 103. (a) Section 46(a) of title 28, United States Code, is amended by striking out "divisions" and inserting in lieu thereof "panels".

(b) Section 46(b) of title 28, United States Code, is amended—

(1) by striking out "divisions" each place it appears and inserting in lieu thereof "panels";

(2) by inserting immediately before the period at the end of the first sentence the following: ", at least a majority of whom shall be judges of that court, unless such judges cannot sit because recused or disqualified, or unless the chief judge of that court certifies that there is an emergency including, but

not limited to, the unavailability of a judge of the court because of illness"; and

(3) by adding at the end thereof the following new sentence: "The United States Court of Appeals for the Federal Circuit shall determine by rule a procedure for the rotation of judges from panel to panel to ensure that all of the judges sit on a representative cross section of the cases heard and, notwithstanding the first sentence of this subsection, may determine by rule the number of judges, not less than three, who constitute a panel.".

(c) The first sentence of section 46(c) of title 28, United States Code, is amended by inserting immediately after "three judges" the following: "(except that the United States Court of Appeals for the Federal Circuit may sit in panels of more than three judges if its rules so provide)".

(d) Section 46(d) of title 28, United States Code, is amended by striking out "division" and inserting in lieu thereof "panel".

PLACES FOR HOLDING COURT

SEC. 104. (a) Section 48 of title 28, United States Code, is amended by striking out the first two sentences and inserting in lieu thereof the following:

"(a) The courts of appeals shall hold regular sessions at the places listed below, and at such other places within the respective circuit as each court may designate by rule.".

(b) Section 48 of title 28, United States Code, as amended by the Fifth Circuit Court of Appeals Reorganization Act of 1980 (Public Law 96-452; 94 Stat. 1994), is amended further by inserting at the end of the table of circuits and places the following:

| | |
|---|---|
| "Federal...................................................... | District of Columbia, and in any other place listed above as the court by rule directs.". |

(c) Section 48 of title 28, United States Code, is amended further by striking out the final paragraph and inserting in lieu thereof the following:

"(b) Each court of appeals may hold special sessions at any place within its circuit as the nature of the business may require, and upon such notice as the court orders. The court may transact any business at a special session which it might transact at a regular session.

"(c) Any court of appeals may pretermit, with the consent of the Judicial Conference of the United States, any regular session of court at any place for insufficient business or other good cause.

"(d) The times and places of the sessions of the Court of Appeals for the Federal Circuit shall be prescribed with a view to securing reasonable opportunity to citizens to appear before the court with as little inconvenience and expense to citizens as is practicable.".

ORGANIZATION OF UNITED STATES CLAIMS COURT

SEC. 105. (a) Chapter 7 of title 28, United States Code, is amended to read as follows:

## "CHAPTER 7—UNITED STATES CLAIMS COURT

"Sec.
"171. Appointment and number of judges; character of court; designation of chief judge.
"172. Tenure and salaries of judges.
"173. Times and places of holding court.
"174. Assignment of judges; decisions.
"175. Official duty station; residence.
"176. Removal from office.
"177. Disbarment of removed judges.

**"§ 171. Appointment and number of judges; character of court; designation of chief judge** 28 USC 171.

"(a) The President shall appoint, by and with the advice and consent of the Senate, sixteen judges who shall constitute a court of record known as the United States Claims Court. The court is declared to be a court established under article I of the Constitution of the United States. USC prec. title 1.

"(b) The President shall designate one of the judges of the Claims Court who is less than seventy years of age to serve as chief judge. The chief judge may continue to serve as such until he reaches the age of seventy years or until another judge is designated as chief judge by the President. After the designation of another judge to serve as chief judge, the former chief judge may continue to serve as a judge of the court for the balance of the term to which appointed.

**"§ 172. Tenure and salaries of judges** 28 USC 172.

"(a) Each judge of the United States Claims Court shall be appointed for a term of fifteen years.

"(b) Each judge shall receive a salary at an annual rate determined under section 225 of the Federal Salary Act of 1967 (2 U.S.C. 351-361), as adjusted by section 461 of this title.

**"§ 173. Times and places of holding court** 28 USC 173.

"The principal office of the United States Claims Court shall be in the District of Columbia, but the Claims Court may hold court at such times and in such places as it may fix by rule of court. The times and places of the sessions of the Claims Court shall be prescribed with a view to securing reasonable opportunity to citizens to appear before the Claims Court with as little inconvenience and expense to citizens as is practicable.

**"§ 174. Assignment of judges; decisions** 28 USC 174.

"(a) The judicial power of the United States Claims Court with respect to any action, suit, or proceeding, except congressional reference cases, shall be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.

"(b) All decisions of the Claims Court shall be preserved and open to inspection.

**"§ 175. Official duty station; residence** 28 USC 175.

"(a) The official duty station of each judge of the United States Claims Court is the District of Columbia.

"(b) After appointment and while in active service, each judge shall reside within fifty miles of the District of Columbia.

28 USC 176.

**"§ 176. Removal from office**

"(a) Removal of a judge of the United States Claims Court during the term for which he is appointed shall be only for incompetency, misconduct, neglect of duty, engaging in the practice of law, or physical or mental disability. Removal shall be by the United States Court of Appeals for the Federal Circuit, but removal may not occur unless a majority of all the judges of such court of appeals concur in the order of removal.

"(b) Before any order of removal may be entered, a full specification of the charges shall be furnished to the judge involved, and such judge shall be accorded an opportunity to be heard on the charges.

"(c) Any cause for removal of any judge of the United States Claims Court coming to the knowledge of the Director of the Administrative Office of the United States Courts shall be reported by him to the chief judge of the United States Court of Appeals for the Federal Circuit, and a copy of the report shall at the same time be transmitted to the judge.

28 USC 177.

**"§ 177. Disbarment of removed judges**

"A judge of the United States Claims Court removed from office in accordance with section 176 of this title shall not be permitted at any time to practice before the Claims Court.".

(b) The item relating to chapter 7 in the chapter analysis of part I of title 28, United States Code, is amended to read as follows:

"7. United States Claims Court ........ 171".

REPEAL OF PROVISIONS RELATING TO THE COURT OF CUSTOMS AND PATENT APPEALS

28 USC 211 *et seq.*

SEC. 106. Chapter 9 of title 28, United States Code, and the item relating to chapter 9 in the chapter analysis of part I of such title, are repealed.

INTERLOCUTORY APPEALS FROM CERTAIN ORDERS

SEC. 107. Section 256(b) of title 28, United States Code, is amended by striking out "section 1541(b)" and all that follows through "in that section." and inserting in lieu thereof the following: "section 1292(d)(1) of this title, and the United States Court of Appeals for the Federal Circuit may, in its discretion, consider the appeal.".

REPEAL; ASSIGNMENT OF CIRCUIT JUDGES

SEC. 108. (a) Subsection (b) of section 291 of title 28, United States Code, is repealed.

(b) Subsection (c) of such section is amended by striking out "(c)" and inserting in lieu thereof "(b)".

ASSIGNMENT OF DISTRICT JUDGES

SEC. 109. Section 292(e) of title 28, United States Code, is amended by striking out "the Court of Claims, the Court of Customs and Patent Appeals or" and by striking out "in which the need arises".

REPEAL; ASSIGNMENT OF OTHER JUDGES

SEC. 110. (a) Section 293 of title 28, United States Code, is amended—

(1) by repealing subsections (a), (c), and (d);

(2) by redesignating subsection (b) as subsection (a); and

(3) by redesignating subsection (e), as that subsection will become effective on April 1, 1984, as subsection (b).

(b) The section heading of section 293 of title 28, United States Code, is amended to read as follows:

**"§ 293. Judges of the Court of International Trade".**

(c) The item relating to section 293 in the section analysis of chapter 13 of title 28, United States Code, is amended to read as follows:

"293. Judges of the Court of International Trade.".

(d) Section 160(a) of title 28, United States Code, as that section will become effective on April 1, 1984, is amended by striking out "293(e)" and inserting in lieu thereof "293(b)".

JUDICIAL CONFERENCE

SEC. 111. Section 331 of title 28, United States Code, is amended—

(1) in the first paragraph, by striking out ", the chief judge of the Court of Claims, the chief judge of the Court of Customs and Patent Appeals,"; and

(2) in the third paragraph, by striking out the second sentence.

RETIREMENT

SEC. 112. (a) Section 372(a) of title 28, United States Code, is amended—

(1) in the third paragraph, by striking out "Court of Claims, Court of Customs and Patent Appeals, or"; and

(2) in the fifth paragraph, by striking out "Court of Claims, Court of Customs and Patent Appeals, or".

(b) Section 372(b) of title 28, United States Code, is amended by striking out "Court of Claims, Court of Customs and Patent Appeals, or" each place it appears.

(c) Section 372(c)(17) of title 28, United States Code, is amended by striking out "Court of Claims, the Court of Customs and Patent Appeals, and the Customs Court" and inserting in lieu thereof "United States Claims Court, the Court of International Trade, and the Court of Appeals for the Federal Circuit".

REPEAL; DISTRIBUTION OF COURT OF CLAIMS DECISIONS

SEC. 113. Section 415 of title 28, United States Code, and the item relating to section 415 in the section analysis of chapter 19 of such title, are repealed.

DEFINITIONS

SEC. 114. Section 451 of title 28, United States Code (including that section as it will become effective on April 1, 1984), is amended—

(1) in the first definition, relating to court of the United States, by striking out "the Court of Claims, the Court of Customs and Patent Appeals,"; and

(2) in the third definition, relating to judge of the United States, by striking out "Court of Claims, Court of Customs and Patent Appeals,".

TRAVELING EXPENSES AND COURT ACCOMMODATIONS

SEC. 115. (a)(1) Section 456 of title 28, United States Code (including that section as it will become effective on April 1, 1984), is amended to read as follows:

**"§ 456. Traveling expenses of justices and judges; official duty stations**

"(a) The Director of the Administrative Office of the United States Courts shall pay each justice or judge of the United States, and each retired justice or judge recalled or designated and assigned to active duty, while attending court or transacting official business at a place other than his official duty station for any continuous period of less than thirty calendar days (1) all necessary transportation expenses certified by the justice or judge; and (2) a per diem allowance for travel at the rate which the Director establishes not to exceed the maximum per diem allowance fixed by section 5702(a) of title 5, or in accordance with regulations which the Director shall prescribe with the approval of the Judicial Conference of the United States, reimbursement for his actual and necessary expenses of subsistence not in excess of the maximum amount fixed by section 5702 of title 5. The Director of the Administrative Office of the United States Courts shall also pay each justice or judge of the United States, and each retired justice or judge recalled or designated and assigned to active duty, while attending court or transacting official business under an assignment authorized under chapter 13 of this title which exceeds in duration a continuous period of thirty calendar days, all necessary transportation expenses and actual and necessary expenses of subsistence actually incurred, notwithstanding the provisions of section 5702 of title 5, in accordance with regulations which the Director shall prescribe with the approval of the Judicial Conference of the United States.

28 USC 291 *et seq.*

"(b) The official duty station of the Chief Justice of the United States, the Justices of the Supreme Court of the United States, and the judges of the United States Court of Appeals for the District of Columbia Circuit, the United States Court of Appeals for the Federal Circuit, and the United States District Court for the District of Columbia shall be the District of Columbia.

"(c) The official duty station of the judges of the United States Court of International Trade shall be New York City.

"(d) The official duty station of each district judge shall be that place where a district court holds regular sessions at or near which the judge performs a substantial portion of his judicial work, which is nearest the place where he maintains his actual abode in which he customarily lives.

"(e) The official duty station of a circuit judge shall be that place where a circuit or district court holds regular sessions at or near which the judge performs a substantial portion of his judicial work, or that place where the Director provides chambers to the judge where he performs a substantial portion of his judicial work, which

is nearest the place where he maintains his actual abode in which he customarily lives.

"(f) The official duty station of a retired judge shall be established in accordance with section 374 of this title.

28 USC 374.

Notification to Director, Administrative Office, U.S. Courts.

"(g) Each circuit or district judge whose official duty station is not fixed expressly by this section shall notify the Director of the Administrative Office of the United States Courts in writing of his actual abode and official duty station upon his appointment and from time to time thereafter as his official duty station may change.".

(2) The item relating to section 456 in the section analysis of chapter 21 of title 28, United States Code, is amended to read as follows:

"456. Traveling expenses of justices and judges; official duty stations.".

(b)(1) Section 460 of title 28, United States Code, is amended to read as follows:

**"§ 460. Application to other courts**

*Infra.*

"(a) Sections 452 through 459 and section 462 of this chapter shall also apply to the United States Claims Court, to each court created by Act of Congress in a territory which is invested with any jurisdiction of a district court of the United States, and to the judges thereof.

"(b) The official duty station of each judge referred to in subsection (a) which is not otherwise established by law shall be that place where the court holds regular sessions at or near which the judge performs a substantial portion of his judicial work, which is nearest the place where he maintains his actual abode in which he customarily lives.".

(2) The item relating to section 460 in the section analysis of chapter 21 of title 28, United States Code, is amended to read as follows:

"460. Application to other courts.".

(c)(1) Chapter 21 of title 28, United States Code, is amended by adding at the end thereof the following new section:

28 USC 462.

**"§ 462. Court accommodations**

"(a) Sessions of courts of the United States (except the Supreme Court) shall be held only at places where the Director of the Administrative Office of the United States Courts provides accommodations, or where suitable accommodations are furnished without cost to the judicial branch.

"(b) The Director of the Administrative Office of the United States Courts shall provide accommodations, including chambers and courtrooms, only at places where regular sessions of court are authorized by law to be held, but only if the judicial council of the appropriate circuit has approved the accommodations as necessary.

"(c) The limitations and restrictions contained in subsection (b) of this section shall not prevent the Director from furnishing chambers to circuit judges at places where Federal facilities are available when the judicial council of the circuit approves.

"(d) The Director of the Administrative Office of the United States Courts shall provide permanent accommodations for the United States Court of Appeals for the Federal Circuit and for the United States Claims Court only at the District of Columbia. How-

ever, each such court may hold regular and special sessions at other places utilizing the accommodations which the Director provides to other courts.

"(e) The Director of the Administrative Office of the United States Courts shall provide accommodations for probation officers, pretrial service officers, and Federal Public Defender Organizations at such places as may be approved by the judicial council of the appropriate circuit.

"(f) Upon the request of the Director, the Administrator of General Services is authorized and directed to provide the accommodations the Director requests, and to close accommodations which the Director recommends for closure with the approval of the Judicial Conference of the United States.".

(2) The section analysis of chapter 21 of title 28, United States Code, is amended by adding at the end thereof the following new item:

"462. Court accommodations.".

(3) Section 142 of title 28, United States Code, and the item relating to section 142 in the section analysis of chapter 5 of such title, are repealed.

EXPENSES OF LITIGATION

SEC. 116. (a) Chapter 21 of title 28, United States Code, as amended by section 115 of this Act, is further amended by adding at the end thereof the following new section:

28 USC 463.

**"§ 463. Expenses of litigation**

"Whenever a Chief Justice, justice, judge, officer, or employee of any United States court is sued in his official capacity, or is otherwise required to defend acts taken or omissions made in his official capacity, and the services of an attorney for the Government are not reasonably available pursuant to chapter 31 of this title, the Director of the Administrative Office of the United States Courts may pay the costs of his defense. The Director shall prescribe regulations for such payments subject to the approval of the Judicial Conference of the United States.".

28 USC 501 *et seq.*

(b) The analysis of chapter 21 of title 28, United States Code, is amended by adding at the end thereof the following new item:

"463. Expenses of litigation.".

INTERESTS OF THE UNITED STATES IN CERTAIN ACTIONS

SEC. 117. Section 518(a) of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court or in the United States Court of Appeals for the Federal Circuit".

TRANSMISSION OF PETITIONS IN SUITS AGAINST THE UNITED STATES

SEC. 118. (a) Section 520 of title 28, United States Code, is amended—

(1) in subsection (a), by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court or in the United States Court of Appeals for the Federal Circuit"; and

(2) by striking out "Court of Claims" in the section heading and inserting in lieu thereof "United States Claims Court or in United States Court of Appeals for the Federal Circuit".

(b) The item relating to section 520 in the section analysis of chapter 31 of title 28, United States Code, is amended to read as follows:

"520. Transmission of petitions in United States Claims Court or in United States Court of Appeals for the Federal Circuit; statement furnished by departments.".

BUDGET ESTIMATES

SEC. 119. (a) Section 605 of title 28, United States Code, is amended—

(1) by inserting immediately before the period at the end of the second undesignated paragraph the following: "and the estimate with respect to the United States Court of Appeals for the Federal Circuit shall be approved by such court"; and

(2) by striking out "Bureau of the Budget" each place it appears and inserting in lieu thereof "Office of Management and Budget".

(b) Funds appropriated to the Court of Customs and Patent Appeals and the Court of Claims for fiscal year 1982 shall be made available for the operation of the United States Court of Appeals for the Federal Circuit and the United States Claims Court. Such sums shall be apportioned among the new appropriations as determined by the Director of the Administrative Office of the United States Courts in consultation with the chief judges of the respective courts.

DEFINITION OF COURTS

SEC. 120. (a) Section 610 of title 28, United States Code, is amended by striking out "the Court of Claims, the Court of Customs and Patent Appeals" and inserting in lieu thereof "the United States Claims Court".

(b)(1) Section 713 of title 28, United States Code, is amended to read as follows:

**"§ 713. Librarians**

"(a) Each court of appeals may appoint a librarian who shall be subject to removal by the court.

"(b) The librarian, with the approval of the court, may appoint necessary library assistants in such numbers as the Director of the Administrative Office of the United States Courts may approve. The librarian may remove such library assistants with the approval of the court.".

(2) The item relating to section 713 in the section analysis of chapter 47, United States Code, is amended to read as follows:

"713. Librarians.".

(c)(1) Chapter 47 of title 28, United States Code, is amended by adding at the end thereof the following new sections: 28 USC 714.

**"§ 714. Criers and messengers**

"(a) Each court of appeals may appoint a crier who shall be subject to removal by the court.

"(b) The crier, with the approval of the court, may appoint necessary messengers in such number as the Director of the Administra-