tive Office of the United States Courts may approve. The crier may remove such messengers with the approval of the court. The crier shall also perform the duties of bailiff and messenger.

28 USC 715.

**"§ 715. Staff attorneys and technical assistants**

"(a) The chief judge of each court of appeals, with the approval of the court, may appoint a senior staff attorney, who shall be subject to removal by the chief judge with the approval of the court.

"(b) The senior staff attorney, with the approval of the chief judge, may appoint necessary staff attorneys and secretarial and clerical employees in such numbers as the Director of the Administrative Office of the United States Courts may approve, but in no event may the number of staff attorneys exceed the number of positions expressly authorized in an annual appropriation Act. The senior staff attorney may remove such staff attorneys and secretarial and clerical employees with the approval of the chief judge.

"(c) The chief judge of the Court of Appeals for the Federal Circuit, with the approval of the court, may appoint a senior technical assistant who shall be subject to removal by the chief judge with the approval of the court.

"(d) The senior technical assistant, with the approval of the court, may appoint necessary technical assistants in such number as the Director of the Administrative Office of the United States Courts may approve, but in no event may the number of technical assistants in the Court of Appeals for the Federal Circuit exceed the number of circuit judges in regular active service within such circuit. The senior technical assistant may remove such technical assistants with the approval of the court.".

(2) The section analysis of chapter 47, United States Code, is amended by adding at the end thereof the following new items:

"714. Criers and messengers.
"715. Staff attorneys and technical assistants.".

OFFICERS AND EMPLOYEES OF THE UNITED STATES CLAIMS COURT

SEC. 121. (a) Section 791 of title 28, United States Code, is amended by amending subsection (a) to read as follows:

"(a) The United States Claims Court may appoint a clerk, who shall be subject to removal by the court. The clerk, with the approval of the court, may appoint necessary deputies and employees in such numbers as may be approved by the Director of the Administrative Office of the United States Courts. Such deputies and employees shall be subject to removal by the clerk with the approval of the court.".

Repeal.

(b) Section 792 of title 28, United States Code, and the item relating to section 792 in the section analysis of chapter 51 of such title, are repealed.

(c)(1) Section 794 of title 28, United States Code, is amended to read as follows:

**"§ 794. Law clerks and secretaries**

"The judges of the United States Claims Court may appoint necessary law clerks and secretaries, in such numbers as the Judicial Conference of the United States may approve, subject to any limitation of the aggregate salaries of such employees which may be imposed by law.".

(2) The item relating to section 794 in the section analysis of chapter 51 of title 28, United States Code, is amended to read as follows:

"794. Law clerks and secretaries.".

(d)(1) Section 795 of title 28, United States Code, is amended to read as follows:

**"§ 795. Bailiffs and messengers**

"The chief judge of United States Claims Court, with the approval of the court, may appoint necessary bailiffs and messengers, in such numbers as the Director of the Administrative Office of the United States Courts may approve, each of whom shall be subject to removal by the chief judge, with the approval of the court.".

(2) The item relating to section 795 in the section analysis of chapter 51 of title 28, United States Code, is amended to read as follows:

"795. Bailiffs and messengers.".

(e) Section 796 of title 28, United States Code, is amended by striking out "The Court of Claims" and inserting in lieu thereof "Subject to the approval of the United States Claims Court, the Director of the Administrative Office of the United States Courts".

(f)(1) Section 797 of title 28, United States Code, is amended to read as follows:

**"§ 797. Recall of retired judges**

"(a) Any judge of the United States Claims Court who has retired from regular active service under subchapter III of chapter 83 of title 5 shall be known and designated as a senior judge and may perform duties as a judge when recalled pursuant to subsection (b) of this section. 5 USC 8331.

"(b) The chief judge of the Claims Court may, whenever he deems it advisable, recall any senior judge, with such judge's consent, to perform such duties as a judge and for such period of time as the chief judge may specify.

"(c) Any senior judge performing duties pursuant to this section shall not be counted as a judge for purposes of the number of judgeships authorized by section 171 of this title. *Ante*, p. 27.

"(d) Any senior judge, while performing duties pursuant to this section, shall be paid the same allowances for travel and other expenses as a judge in active service. Such senior judge shall also receive from the Claims Court supplemental pay in an amount sufficient, when added to his civil service retirement annuity, to equal the salary of a judge in active service for the same period or periods of time. Such supplemental pay shall be paid in the same manner as the salary of a judge.". Supplemental pay.

(2) The item relating to section 797 in the section analysis of chapter 51 of title 28, United States Code, is amended by striking out "commissioners" and inserting in lieu thereof "judges".

(g)(1) The item relating to chapter 51 in the chapter analysis of part III of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

(2) The chapter heading of chapter 51 of title 28, United States Code, is amended by striking out "COURT OF CLAIMS" and inserting in lieu thereof "UNITED STATES CLAIMS COURT".

ABOLISHMENT OF UNITED STATES COURT OF CUSTOMS AND PATENT APPEALS

Repeal. 28 USC 831 *et seq.*

SEC. 122. (a) Chapter 53 of title 28, United States Code, and the item relating to chapter 53 in the chapter analysis of part III of such title, are repealed.

(b) Section 957 of title 28, United States Code, is amended—

(1) in subsection (a) by striking out "(a)", and

(2) by repealing subsection (b).

TECHNICAL AND CONFORMING AMENDMENTS RELATING TO REPEAL OF COURT OF CUSTOMS AND PATENT APPEALS

SEC. 123. Sections 1255 and 1256 of title 28, United States Code, and the items relating to sections 1255 and 1256 in the section analysis of chapter 81 of such title, are repealed.

COURTS OF APPEALS JURISDICTION

SEC. 124. Section 1291 of title 28, United States Code, is amended—

(1) by inserting "(other than the United States Court of Appeals for the Federal Circuit)" after "courts of appeals"; and

(2) by adding at the end thereof the following new sentence: "The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292 (c) and (d) and 1295 of this title.".

*Infra; post,* p. 37.

INTERLOCUTORY DECISIONS

SEC. 125. (a) Section 1292(a) of title 28, United States Code, is amended—

(1) by striking out "The courts" and inserting in lieu thereof "Except as provided in subsections (c) and (d) of this section, the courts";

(2) by striking out the semicolon at the end of paragraph (3) and inserting in lieu thereof a period; and

(3) by striking out paragraph (4).

(b) Section 1292 of title 28, United States Code, is amended by adding at the end thereof the following new subsections:

Exclusive jurisdiction.

"(c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

"(1) of an appeal from an interlocutory order or decree described in subsection (a) of this section in any case over which the court would have jurisdiction of an appeal under section 1295 of this title; and

*Post,* p. 37.

"(2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.

*Ante,* p. 28.

"(d)(1) When the chief judge of the Court of International Trade issues an order under the provisions of section 256(b) of this title, or when any judge of the Court of International Trade, in issuing

any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

"(2) When any judge of the United States Claims Court, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

"(3) Neither the application for nor the granting of an appeal under this subsection shall stay proceedings in the Court of International Trade or in the Claims Court, as the case may be, unless a stay is ordered by a judge of the Court of International Trade or of the Claims Court or by the United States Court of Appeals for the Federal Circuit or a judge of that court.". Stay of appeal.

CIRCUITS IN WHICH DECISIONS ARE REVIEWABLE

SEC. 126. Section 1294 of title 28, United States Code (including that section as it will become effective on April 1, 1984), is amended by striking out "Appeals" and inserting in lieu thereof "Except as provided in sections 1292(c), 1292(d), and 1295 of this title, appeals". *Ante*, p. 36; *Infra*.

JURISDICTION OF THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SEC. 127. (a) Chapter 83 of title 28, United States Code, is amended by adding at the end thereof the following new sections:

**"§ 1295. Jurisdiction of the United States Court of Appeals for the Federal Circuit** 28 USC 1295.

"(a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

"(1) of an appeal from a final decision of a district court of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, or the District Court for the Northern Mariana Islands, if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title, except that a case involving a claim arising under any Act of Congress relating to copyrights or trademarks and no other claims under section 1338(a) shall be governed by sections 1291, 1292, and 1294 of this title;

"(2) of an appeal from a final decision of a district court of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, or the District Court for the Northern Mariana Islands, if the jurisdiction of that court was

28 USC 1346.

based, in whole or in part, on section 1346 of this title, except that jurisdiction of an appeal in a case brought in a district court under section 1346(a)(1), 1346(b), 1346(e), or 1346(f) of this title or under section 1346(a)(2) when the claim is founded upon an Act of Congress or a regulation of an executive department providing for internal revenue shall be governed by sections 1291, 1292, and 1294 of this title;

"(3) of an appeal from a final decision of the United States Claims Court;

"(4) of an appeal from a decision of—

"(A) the Board of Appeals or the Board of Patent Interferences of the Patent and Trademark Office with respect to patent applications and interferences, at the instance of an applicant for a patent or any party to a patent interference, and any such appeal shall waive the right of such applicant or party to proceed under section 145 or 146 of title 35;

"(B) the Commissioner of Patents and Trademarks or the Trademark Trial and Appeal Board with respect to applications for registration of marks and other proceedings as provided in section 21 of the Trademark Act of 1946 (15 U.S.C. 1071); or

"(C) a district court to which a case was directed pursuant to section 145 or 146 of title 35;

"(5) of an appeal from a final decision of the United States Court of International Trade;

"(6) to review the final determinations of the United States International Trade Commission relating to unfair practices in import trade, made under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337);

"(7) to review, by appeal on questions of law only, findings of the Secretary of Commerce under headnote 6 to schedule 8, part 4, of the Tariff Schedules of the United States (relating to importation of instruments or apparatus);

19 USC 1202 note.

"(8) of an appeal under section 71 of the Plant Variety Protection Act (7 U.S.C. 2461);

*Post*, p. 45.

"(9) of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5; and

"(10) of an appeal from a final decision of an agency board of contract appeals pursuant to section 8(g)(1) of the Contract Disputes Act of 1978 (41 U.S.C. 607(g)(1)).

*Post*, p. 47.

"(b) The head of any executive department or agency may, with the approval of the Attorney General, refer to the Court of Appeals for the Federal Circuit for judicial review any final decision rendered by a board of contract appeals pursuant to the terms of any contract with the United States awarded by that department or agency which the head of such department or agency has concluded is not entitled to finality pursuant to the review standards specified in section 10(b) of the Contract Disputes Act of 1978 (41 U.S.C. 609(b)). The head of each executive department or agency shall make any referral under this section within one hundred and twenty days after the receipt of a copy of the final appeal decision.

"(c) The Court of Appeals for the Federal Circuit shall review the matter referred in accordance with the standards specified in section 10(b) of the Contract Disputes Act of 1978. The court shall proceed with judicial review on the administrative record made before

the board of contract appeals on matters so referred as in other cases pending in such court, shall determine the issue of finality of the appeal decision, and shall, if appropriate, render judgment thereon, or remand the matter to any administrative or executive body or official with such direction as it may deem proper and just.

**"§ 1296. Precedence of cases in the United States Court of Appeals for the Federal Circuit** 28 USC 1296.

"Civil actions in the United States Court of Appeals for the Federal Circuit shall be given precedence, in accordance with the law applicable to such actions, in such order as the court may by rule establish.".

(b) The section analysis of chapter 83 of title 28, United States Code, is amended by adding at the end thereof the following new items:

"1295. Jurisdiction of the United States Court of Appeals for the Federal Circuit.
"1296. Precedence of cases in the United States Court of Appeals for the Federal Circuit.".

INTERSTATE COMMERCE COMMISSION ORDERS; JURISDICTION

SEC. 128. Section 1336(b) of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

UNITED STATES AS DEFENDANT; JURISDICTION

SEC. 129. Section 1346(a) of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

INTERSTATE COMMERCE COMMISSION ORDERS; VENUE

SEC. 130. Section 1398(b) of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

UNITED STATES AS DEFENDANT; VENUE

SEC. 131. Section 1402(a) of title 28, United States Code, is amended by inserting "in a district court" after "civil action".

CURE OR WAIVER OF DEFECTS

SEC. 132. Section 1406 of title 28, United States Code, is amended—

(1) by repealing subsection (c); and
(2) by redesignating subsection (d) as subsection (c).

UNITED STATES CLAIMS COURT JURISDICTION AND VENUE

SEC. 133. (a) Section 1491 of title 28, United States Code, is amended to read as follows:

**"§ 1491. Claims against United States generally; actions involving Tennessee Valley Authority**

"(a)(1) The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded

USC prec. title 1. either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

"(2) To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. The Claims Court shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978. 41 USC 609.

"(3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

"(b) Nothing herein shall be construed to give the United States Claims Court jurisdiction of any civil action within the exclusive jurisdiction of the Court of International Trade, or of any action against, or founded on conduct of, the Tennessee Valley Authority, or to amend or modify the provisions of the Tennessee Valley Authority Act of 1933 with respect to actions by or against the Authority.". 16 USC 831.

(b) Section 1492 of title 28, United States Code, is amended by striking out "chief commissioner of the Court of Claims" and inserting in lieu thereof "chief judge of the United States Claims Court".

(c)(1) Sections 1494, 1495, 1496, and 1497 of title 28, United States Code, are amended by striking out "Court of Claims" each place it appears and inserting in lieu thereof "United States Claims Court".

(2) The section heading of section 1497 of title 28, United States Code, is amended by striking out "growers," and inserting in lieu thereof "growers'".

(d) Section 1498 of title 28, United States Code, is amended—

(1) in subsection (a), by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court"; and

(2) in subsections (b) and (d), by striking out "Court of Claims" each place it appears and inserting in lieu thereof "Claims Court".

(e)(1) Sections 1499, 1500, 1501, 1502, and 1503 of title 28, United States Code, are amended by striking out "Court of Claims" each place it appears and inserting in lieu thereof "United States Claims Court".

(2)(A) The section heading of section 1499 of title 28, United States Code, is amended by inserting "and Safety" after "Hours".

(B) The item relating to section 1499 in the section analysis of chapter 91 of title 28, United States Code, is amended to read as follows:

"1499. Liquidated damages withheld from contractors under Contract Work Hours and Safety Standards Act.".

(f) Section 1504 of title 28, United States Code, and the item relating to section 1504 in the section analysis of chapter 91 of such title, are repealed. Repeal.

(g) Section 1505 of title 28, United States Code, is amended—

(1) by striking out "Court of Claims" the first place it appears and inserting in lieu thereof "United States Claims Court"; and

(2) by striking out "Court of Claims" the second place it appears and inserting in lieu thereof "Claims Court".

(h) Section 1506 of title 28, United States Code, and the item relating to section 1506 in the section analysis of chapter 91 of such title, are repealed. Repeal.

(i) Section 1507 of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

(j)(1) The item relating to chapter 91 in the chapter analysis of part IV of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

(2) The chapter heading of chapter 91 of title 28, United States Code, is amended by striking out "COURT OF CLAIMS" and inserting in lieu thereof "UNITED STATES CLAIMS COURT".

REPEAL OF PROVISIONS RELATING TO THE COURT OF CUSTOMS AND PATENT APPEALS

SEC. 134. Chapter 93 of title 28, United States Code, and the item relating to chapter 93 in the chapter analysis of part IV of such title, are repealed. 28 USC 1541 *et seq.*

REPEAL; CURE OF DEFECTS

SEC. 135. Section 1584 of title 28, United States Code, and the item relating to section 1584 in the section analysis of chapter 95 of such title, are repealed.

REPEAL; TIME FOR APPEAL

SEC. 136. Section 2110 of title 28, United States Code, and the item relating to section 2110 in the section analysis of chapter 133 of such title, are repealed.

COURT OF APPEALS JURISDICTION

SEC. 137. Section 2342 of title 28, United States Code, is amended—

(1) by inserting "(other than the United States Court of Appeals for the Federal Circuit)" after "court of appeals";

(2) in paragraph (4), by inserting "and" after the semicolon;

(3) in paragraph (5), by striking out "; and" and inserting in lieu thereof a period; and

(4) by striking out paragraph (6).

PLANT VARIETY PROTECTION OFFICE DECISIONS

Repeal.

SEC. 138. Section 2353 of title 28, United States Code, and the item relating to section 2353 in the section analysis of chapter 158 of such title, are repealed.

UNITED STATES CLAIMS COURT PROCEDURE

SEC. 139. (a) Sections 2501 and 2502(a) of title 28, United States Code, are amended by striking out "Court of Claims" each place it appears and inserting in lieu thereof "United States Claims Court".

(b)(1) Section 2503 of title 28, United States Code, is amended to read as follows:

**"§ 2503. Proceedings generally**

"(a) Parties to any suit in the United States Claims Court may appear before a judge of that court in person or by attorney, produce evidence, and examine witnesses.

"(b) The proceedings of the Claims Court shall be in accordance with such rules of practice and procedure (other than the rules of evidence) as the Claims Court may prescribe and in accordance with the Federal Rules of Evidence.

Hearings.

"(c) The judges of the Claims Court shall fix times for trials, administer oaths or affirmations, examine witnesses, receive evidence, and enter dispositive judgments. Hearings shall, if convenient, be held in the counties where the witnesses reside.".

(2) The item relating to section 2503 in the section analysis of chapter 165 of title 28, United States Code, is amended by striking out "before commissioners".

(c) Section 2504 of title 28, United States Code, is amended—

(1) by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court"; and

(2) by striking out "commissioner" each place it appears and inserting in lieu thereof "judge".

(d) Section 2505 of title 28, United States Code, is amended—

(1) by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court"; and

(2) by striking out "report findings" and inserting in lieu thereof "enter judgment".

(e) Section 2506 of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

(f) Section 2507 of title 28, United States Code, is amended—

(1) in subsection (a), by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court"; and

(2) in subsection (c), by striking out "Court of Claims" and inserting in lieu thereof "Claims Court".

(g) Section 2508 of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

(h)(1) Section 2509 of title 28, United States Code, is amended by amending subsection (a) to read as follows:

"(a) Whenever a bill, except a bill for a pension, is referred by either House of Congress to the chief judge of the United States Claims Court pursuant to section 1492 of this title, the chief judge shall designate a judge as hearing officer for the case and a panel of three judges of the court to serve as a reviewing body. One member of the review panel shall be designated as presiding officer of the panel.". Hearing officer. 28 USC 1492.

(2) Section 2509 of title 28, United States Code, is amended—

(A) in subsections (b), (c), (d), and (f), by striking out "trial commissioner" each place it appears and inserting in lieu thereof "hearing officer";

(B) in subsections (b), (c), and (e), by striking out "chief commissioner" each place it appears and inserting in lieu thereof "chief judge";

(C) in subsections (b), (f), and (g), by striking out "Court of Claims" each place it appears and inserting in lieu thereof "Claims Court";

(D) in subsection (d), by striking out "of commissioners"; and

(E) in subsection (g), by striking out "commissioners serving as trial commissioners" and inserting in lieu thereof "judges serving as hearing officers".

(i)(1) Section 2510 of title 28, United States Code, is amended to read as follows:

**"§ 2510. Referral of cases by Comptroller General** 28 USC 2510.

"(a) The Comptroller General may transmit to the United States Claims Court for trial and adjudication any claim or matter of which the Claims Court might take jurisdiction on the voluntary action of the claimant, together with all vouchers, papers, documents, and proofs pertaining thereto.

"(b) The Claims Court shall proceed with the claims or matters so referred as in other cases pending in such Court and shall render judgment thereon.".

(2) The item relating to section 2510 in the section analysis of chapter 165 of title 28, United States Code, is amended to read as follows:

"2510. Referral of cases by Comptroller General.".

(j)(1) Section 2511 of title 28, United States Code, is amended by striking out ", or of the Supreme Court upon review,".

(2) Sections 2511, 2512, 2513(c), 2514, 2515(a), and 2516(a) of title 28, United States Code, are amended by striking out "Court of Claims" each place it appears and inserting in lieu thereof "United States Claims Court".

(k) Section 2517 of title 28, United States Code, is amended—

(1) in subsection (a), by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court"; and

(2) in subsection (b), by striking out the comma immediately after "discharged".

(l) Section 2518 of title 28, United States Code, and the item relating to section 2518 in the section analysis of chapter 165 of such title, are repealed. Repeal.

(m) Section 2519 of title 28, United States Code, is amended by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court".

(n)(1) Section 2520 of title 28, United States Code, is amended in subsection (a)—

(A) by striking out "(a)";

(B) by striking out "Court of Claims" and inserting in lieu thereof "United States Claims Court"; and

(C) by striking out "$10" and inserting in lieu thereof "$60".

(2) Subsections (b) and (c) of section 2520 of title 28, United States Code, are repealed.

(3) The section heading of section 2520 of title 28, United States Code, is amended by striking out "; cost of printing record".

(4) The item relating to section 2520 in the section analysis of chapter 165 of title 28, United States Code, is amended to read as follows:

"2520. Fees.".

(o)(1) The item relating to chapter 165 in the chapter analysis of part VI of title 28, United States Code, is amended to read as follows:

"165. United States Claims Court Procedure ........ 2501".

(2) The chapter heading of chapter 165 of title 28, United States Code, is amended by striking out "COURT OF CLAIMS" and inserting in lieu thereof "UNITED STATES CLAIMS COURT".

(p)(1) Section 1926 of title 28, United States Code, is amended to read as follows:

Fees and costs; collection. 28 USC 1926.

**"§ 1926. Claims Court**

"(a) The Judicial Conference of the United States shall prescribe from time to time the fees and costs to be charged and collected in the United States Claims Court.

"(b) The court and its officers shall collect only such fees and costs as the Judicial Conference prescribes. The court may require advance payment of fees by rule.".

(2) The item relating to section 1926 in the section analysis of chapter 123 of title 28, United States Code, is amended to read as follows:

"1926. Claims Court.".

(q)(1) Chapter 165 of title 28, United States Code, is amended by adding at the end thereof the following new section:

28 USC 2522.

**"§ 2522. Notice of appeal**

"Review of a decision of the United States Claims Court shall be obtained by filing a notice of appeal with the clerk of the Claims Court within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts.".

(2) The section analysis of chapter 165 of title 28, United States Code, is amended by adding at the end thereof the following new item:

"2522. Notice of appeal.".

REPEAL OF PROVISIONS RELATING TO THE COURT OF CUSTOMS AND PATENT APPEALS

28 USC 2601 *et seq.*

SEC. 140. Chapter 167 of title 28, United States Code, and the item relating to chapter 167 in the chapter analysis of part VI of such title, are repealed.

COURT OF INTERNATIONAL TRADE; PROCEDURE

SEC. 141. Section 2645(c) of title 28, United States Code, is amended by striking out "Customs and Patent Appeals within the time and in the manner provided in section 2601 of this title" and inserting in lieu thereof "Appeals for the Federal Circuit by filing a notice of appeal with the clerk of the Court of International Trade within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts".

FEDERAL RULES OF EVIDENCE

SEC. 142. Rule 1101(a) of the Federal Rules of Evidence is amended by striking out "Court of Claims" the first place it appears and inserting in lieu thereof "United States Claims Court" and by striking out "and commissioners of the Court of Claims". 28 USC app.

PART B—CONFORMING AMENDMENTS OUTSIDE TITLE 28

FEDERAL SALARY ACT

SEC. 143. Section 225(f)(C) of the Federal Salary Act of 1967 (2 U.S.C. 356(C)), is amended by inserting "and the judges of the United States Claims Court" immediately before the semicolon at the end thereof.

MERIT SYSTEMS PROTECTION BOARD

SEC. 144. Section 7703 of title 5, United States Code, is amended—

(1) in subsection (b)(1), by striking out "Court of Claims or a United States court of appeals as provided in chapters 91 and 158, respectively, of title 28" and inserting in lieu thereof "United States Court of Appeals for the Federal Circuit";

(2) in subsection (c), by striking out "Court of Claims or a United States court of appeals" and inserting in lieu thereof "Court of Appeals for the Federal Circuit"; and

(3) in subsection (d), by striking out "District of Columbia" and inserting in lieu thereof "Federal Circuit".

PLANT VARIETY PROTECTION ACT

SEC. 145. The second sentence of section 71 of the Plant Variety Protection Act (7 U.S.C. 2461) is amended to read as follows: "The United States Court of Appeals for the Federal Circuit shall have jurisdiction of any such appeal.".

FEDERAL FIRE PREVENTION ACT

SEC. 146. Section 11(d) of the Federal Fire Prevention and Control Act of 1974 (15 U.S.C. 2210(d)) is amended by striking out "Court of Claims of the United States" and inserting in lieu thereof "United States Claims Court".

CRIMINAL CODE

SEC. 147. Section 204 of title 18, United States Code, and the section heading thereof are amended by striking out "Court of

Claims" and inserting in lieu thereof "United States Claims Court or the United States Court of Appeals for the Federal Circuit".

TRADEMARK ACT

SEC. 148. Section 39 of the Trademark Act of 1946 (15 U.S.C. 1121) is amended by inserting "(other than the United States Court of Appeals for the Federal Circuit)" after "circuit courts of appeal of the United States".

INDIAN CLAIMS COMMISSION

SEC. 149. (a) Section 29 of the Act entitled "An Act to create an Indian Claims Commission, to provide for the powers, duties, and functions thereof, and for other purposes", approved August 13, 1946 (25 U.S.C. 70v-3), is amended by striking out "Court of Claims" each place it appears and inserting in lieu thereof "Claims Court".

(b) Subsection (c) of section 29 of such Act is repealed.

(c) Subsection (d) of section 29 of such Act is amended—

(1) by striking out "(d)" and inserting in lieu thereof "(c)"; and

(2) by striking out "Supreme Court in accordance with the provisions of section 1255" and inserting in lieu thereof "United States Court of Appeals for the Federal Circuit in accordance with the provisions of section 1295". *Ante*, p. 37.

(d) Subsection (e) of section 29 of such Act is amended by striking out "(e)" and inserting in lieu thereof "(d)".

CLAIMS BY INDIANS OF CALIFORNIA

SEC. 150. Section 2 of the Act of May 18, 1928 (25 U.S.C. 652) is amended—

(1) by striking out "Court of Claims" the first place it appears and inserting in lieu thereof "United States Claims Court";

(2) by striking out "Court of Claims of the United States" and inserting in lieu thereof "United States Claims Court"; and

(3) by striking out "Supreme Court of the United States" and inserting in lieu thereof "United States Court of Appeals for the Federal Circuit".

INTERNAL REVENUE CODE

SEC. 151. Section 7422(e) of the Internal Revenue Code of 1954 (26 U.S.C. 7422(e)) is amended by striking out "Court of Claims" each place it appears and inserting in lieu thereof "United States Claims Court".

INTERNAL REVENUE CODE

26 USC 7428.

SEC. 152. Section 7428 of the Internal Revenue Code of 1954 is amended by striking out "Court of Claims" each place it appears and inserting in lieu thereof "Claims Court".

# FEDERAL COURTS IMPROVEMENT ACT OF 1982

*P.L. 97-164, see page 96 Stat. 25*

House Report (Judiciary Committee) No. 97-312,
Nov. 4, 1981 [To accompany H.R. 4482]

Senate Report (Judiciary Committee) No. 97-275
Nov. 18, 1981 [To accompany S. 1700]

Cong. Record Vol. 127 (1981)

Cong. Record Vol. 128 (1982)

DATES OF CONSIDERATION AND PASSAGE

House November 18, 1981; March 9, 1982

Senate December 8, 1981; March 22, 1982

The House bill was passed in lieu of the Senate bill after amending its language to contain much of the text of the Senate bill.

The Senate Report is set out.

## SENATE REPORT NO. 97-275

[page 1]

The Committee on the Judiciary, to which was referred the bill (S. 1700) having considered the same, reports favorably thereon with amendments and recommends that the bill as amended do pass.

### Purpose of the Bill

The purpose of the proposed legislation is to resolve some of the myriad structural administrative and procedural problems that have impaired the ability of our Federal courts to deal with the vast range of controversies among our citizens and to respond promptly and meaningfully to their demands for justice. Those problems—which include the inability of our present system to provide a prompt, definitive answer to legal questions of nationwide significance—have long been debated by legislators, judges, lawyers, legal scholars, and those members of the general public concerned with the administration of the Federal justice system.

The Courts Improvement Act is one of the court reform bills considered by the committee during the 97th Congress as part of a comprehensive program designed to improve the quality of our Federal court system and to enhance citizen access to justice.

### Explanation of the Bill

During the 96th Congress, the Judiciary Committees of both Houses held extensive hearings on and reported out bills concerning improvements in the structure and administration of the Federal courts. S. 1477

was reported out of the Senate Judiciary Committee on August 3, 1979 and passed the Senate by unanimous consent on October 30, 1979. H.R. 3806 was reported out of the House Judiciary Committee on September 5, 1980 and passed the House on the suspension calendar by voice vote on September 15, 1980. An agreement was reached between the Senate and House on a compromise amendment in the nature of a substitute to be offered by the Senate to the House bill, but which substantially reflected the contents of S. 1477. However, this version when brought before the Senate was the subject of an attempt to add a controversial nongermane amendment and the bill was withdrawn without further action.

In the 97th Congress, on January 5, 1981, Senator DeConcini introduced S. 21, which embodied all of the provisions of S. 1477 as passed, with a few minor changes. On April 24 and May 18, 1981, hearings concerning the proposal were held by the Subcommittee on Courts, at which time favorable testimony was received. On June 22, 1981, the Subcommittee reported out an unintroduced committee print substantively the same as S. 21, with a few technical changes. On June 20, 1981, the full Committee referred the unintroduced Committee print back to Subcommittee for additional technical amendments. The Subcommittee on Courts considered the changes recommended by the Judicial Conference and the Department of Justice. As a result, a clean bill was polled out of Subcommittee and on October 5 the reported bill was introduced by Chairman Dole and Senator DeConcini as S. 1700. The Committee on the Judiciary considered this measure at its executive session on October 20 and ordered the bill reported favorably to the Senate.

### TITLE I—TRIAL AND APPELLATE STRUCTURE FOR GOVERNMENT CLAIMS, PATENTS, AND OTHER MATTERS

*Organization, structure and jurisdiction*

Part A of Title I has three purposes: to fill a void in the judicial system by creating an appellate forum capable of exercising nationwide jurisdiction over appeals in areas of the law where Congress determines there is a special need for nationwide uniformity; to improve the administration of the patent law by centralizing appeals in patent cases; and to provide an upgraded and better organized trial forum for government claims cases. To achieve these goals, the bill establishes a new Federal court of appeals, to be called the United States Court of Appeals for the Federal Circuit. This is accomplished by merging the Court of Claims and the Court of Customs and Patent Appeals. The bill also creates a new article I trial forum known as the United States Claims Court, which would inherit the trial jurisdiction of the Court of Claims.

*Court of Appeals for the Federal Circuit*

The bill creates an article III court that is similar in structure to the twelve other courts of appeals. It is composed of the twelve judgeships of the Court of Claims and the Court of Customs and Patent Appeals, which become United States circuit judgeships; those courts are abolished by the merger. The new court is on line with other

Federal courts of appeals that is, it is not a new tier in the judicial structure.

The Court of Appeals for the Federal Circuit differs from other Federal courts of appeals, however, in that its jurisdiction is defined in terms of subject matter rather than geography. The new court inherits, in appellate form, substantially all of the jurisdiction of the two courts abolished in the merger. This includes appeals in suits against the government and appeals from the Court of International Trade, the Patent and Trademark Office, the Merit System Protection Board, and other statutorily defined agencies.

Contemporary observers recognize that there are certain areas of Federal law in which the appellate system is malfunctioning. A decision in any one of the twelve regional circuits is not binding on any of the others. As a result, our Federal judicial system lacks the capacity, short of the Supreme Court, to provide reasonably quick and definitive answers to legal questions of nationwide significance. The Supreme Court now appears to be operating at—or close to—full capacity; therefore, in the future the Court cannot be expected to provide much more guidance in legal issues than it now does. Yet the number and complexity of unsettled controversies in the law continues to grow.

Consequently, there are areas of the law in which the appellate courts reach inconsistent decisions on the same issue, or in which—although the rule of law may be fairly clear—courts apply the law unevenly when faced with the facts of individual cases. The difficulty here is structural. Since the Supreme Court's capacity to review cases cannot be enlarged significantly, the remedy lies in some reorganization at the intermediate appellate level. This matter has been the subject of intense study over the last decade.[1] Although enactment of the Omnibus Judgeship Act of 1978,[2] which authorized 152 new federal judgeships, meets some compelling problems of the judicial system, it fails to cure the basic weaknesses that have arisen in the judicial structure.

The creation of a new Court of Appeals for the Federal Circuit through a merger of the Court of Claims and the Court of Customs and Patent Appeals (CCPA) addresses these structural problems. The Act provides a new forum for the definitive adjudication of selected categories of cases. At the same time, it improves the administration of the system by reducing the number of decision-making entities within the federal appellate system.

Testimony on the Federal Courts Improvements Act supported the premise that the capacity of the federal appellate courts to provide a nationwide answer to legal questions could be expanded through the establishment of new courts of appeals whose jurisdiction is defined on

[1] To increase the capacity of the federal judicial system for definitive adjudication of issues of national law , various proposals for restructuring the federal appellate courts have been considered in recent years by lawyers, jurists, and academicians. Detailed recommendations have been developed by the Study Group on the Caseload of the Supreme Court (the *Freund Committee*), the Committee on Revision of the Federal Court Appellate System (the *Hruska Commission*), and the Advisory Council for Appellate Justice chaired by Professor Maurice Rosenberg. See *Federal Judicial Center,* Report of the Study Group of the Caseload of the Supreme Court (1972); Commission on Revision of the Federal Courts Appellate System, Structure and Internal Procedures: Recommendations for Changes reprinted in 67 F.R.D. 195 (1975); and Advisory Council for Appellate Justice, Recommendations for Improving the Federal Intermediate Appellate System (1975),

[2] Public Law No. 95-486.

[page 4]

a topical rather than a geographical basis.[3] The creation of the Court of Appeals for the Federal Circuit provides such a forum for appeals from throughout the country in areas of the law where Congress determines that there is special need for national uniformity. The absence of such a court in the present Federal judicial system has compelled Congress from time to time in the past to create particular courts to handle a narrow category of cases.[4] Although the jurisdiction of the federal circuit is presently delineated in the manner outlined above, the creation of a Federal appellate court with jurisdiction that is defined in terms of subject matter rather than territory provides an institutional structure which the Federal judicial system, as it is presently constituted, lacks. The committee has determined that an adequate showing has been made for nationwide subject matter jurisdiction in the areas of patent and claims court appeals. It must be understood, however, that it is not the committee's judgment that broader subject matter jurisdiction is intended for this court.

It must therefore be noted that any additional subject matter for the United States Court of Appeals for the Federal Circuit will require not only serious future evaluation, but new legislation.

Throughout the development of this legislation, the committee and its staff have worked closely with the Departments of Justice and Commerce, as well as the judges of the Court of Claims and the Court of Customs and Patent Appeals to assure that the merger of these two courts is both desirable and feasible. The committee is indebted to the judges of these courts, and particularly to Chief Judge Friedman and to Chief Judge Markey, for their testimony and assistance in understanding the impact of the proposal on their courts. The Committee is satisfied that the merger of these courts would, in fact, produce significant improvements in the federal judicial structure. Hearing testimony supported this proposition. Chief Judge Friedman of the Court of Claims testified at some length as to the substantial benefits that would result from the consolidation of these two courts into a new court of appeals.[5]

From a practical standpoint, a merger of the Court of Claims and the CCPA can be accomplished with virtually no disruption to the people involved. The existing courts already jointly occupy almost all of the Courts Building at Lafayette Square in Washington, D.C. They already share the same library, and court personnel share the same dining facilities. The Court of Claims trial commissioners (who become judges of the new United States Claims Court) are also located in this building. Furthermore, there is already a standing order of the Judicial Conference allowing the interchange of judges between the two courts.[6]

Indeed, the creation of a single new appellate entity through a merger of these courts has considerable advantages in terms of basic effi-

---

[3] See hearings on the Federal Courts Improvement Act of 1979 before the Senate Judiciary Subcommittee on Improvements in Judicial Machinery, 96th Cong., 1st Sess. 46, 92 (1979) (statements on Erwin N. Griswold and Paul D. Carrington). (Hereinafter referred to as 96th Cong. Hearings).

[4] For example, the Temporary Emergency Court of Appeals, Public Law No. 92-210, and the United States Foreign Intelligence Surveillance Court, 50 U.S.C. 1801 *et seq.*

[5] 96th Cong. Hearings, *supra*, note 3 at 75. (statement of Daniel M. Friedman).

[6] *See*, Report of the Proceedings of the Judicial Conference of the United States, September 23-24, 1976, at 53.

ciencies and economics. The Court of Claims and the Court of Customs and Patent Appeals were historically justified at the time they were created, and those courts have performed well with the cases that have been assigned to them through the years. But the merger of these two courts reduces overlapping functions and provides for more efficient court administration. For example, there should be savings through the maintenance of one clerk's office instead of two.

The establishment of the Court of Appeals for the Federal Circuit also provides a forum that will increase doctrinal stability in the field of patent law. Based on the evidence it had compiled, the Hruska Commission singled out patent law as an area in which the application of the law to the facts of a case often produces different outcomes in different courtrooms in substantially similar cases.[7] Furthermore, in a Commission survey of practitioners, the patent bar indicated that uncertainty created by the lack of national law precedent was a significant problem, and the Commission singled out patent law as an area in which widespread forum-shopping is particularly acute.[8]

Although the proposal to centralize patent appeals in a single court is not without its critics, the issue was amply addressed in the hearings held both earlier this year and during the 96th Congress. The great weight of the testimony, which included statements from distinguished jurists, patent practitioners, and representatives of major technologically-oriented business enterprises, confirmed the findings of the Hurska Commission that patent cases are inconsistently adjudicated. The testimony received by the committee also supported the basic objective of providing for uniformity of doctrinal development in the patent area. The committee found particularly persuasive the testimony of the users of the patent system. For example, Industrial Research Institute is a private, non-profit corporation with a membership of approximately 250 industrial companies that conduct a major portion of the industrial research and development carried on in the United States. It polled its membership and found them overwhelmingly in favor of centralizing patent appeals in a single court.[9]

The creation of the Court of Appeals for the Federal Circuit will produce desirable uniformity in this area of the law. Such uniformity will reduce the forum-shopping that is common to patent litigation. The Hruska Commission's patent law consultants, James B. Gambrell and Donald R. Dunner, concluded that forum-shopping on the scale that occurs in patent law increases the cost of litigation and "demeans the entire judicial process and the patent system as well."[10] Removing the incentive to forum-shop thus will reduce costs to litigants and will also be a positive improvement from the standpoint of the judicial system. Moreover, as the new court brings uniformity to this field of law, the number of appeals resulting from attempts to obtain different rulings on disputed legal points can be expected to decrease.

---

[7] Commission on Revision of the Federal Court Appellate System, Structure and Internal Procedures: Recommendations for Change, 15, 144–57, reprinted at 67 F.R.D. 195, 214, 361–76 (1975) (hereinafter cited as Commission).

[8] Id. at 144–157, 67 F.R.D. at 361–76. See also Appendix A.

[9] See Hearings on the Federal Court Improvements Act before the Senate Judiciary Subcommittee on Courts, 97th Cong., 1st Sess. (1981) (statement of Richard C. Witte on behalf of the Industrial Research Institute, Inc.).

[10] Commission, *supra*, at 152, 67 F.R.D. at 370. 96th Cong. Hearings, (statement of Donald R. Dunner, May 7, 1979).

Likewise, uniformity in the law will be a significant improvement from the standpoint of the businesses that rely on the patent system. Business planning will become easier as more stable and predictable law is introduced. This can have important ramifications upon our economy as a whole. For example, Harry F. Manbeck, Jr., General Patent Counsel of the General Electric Company, testified that stability in the patent law has an effect on technological innovation:

> Patents, in my judgment, are a stimulus to the innovative process, which includes not only investment in research and development but also a far greater investment in facilities for producing and distributing the goods. Certainly, it is important to those who must make these investment decisions that we decrease unnecessary uncertainties in the patent system.[11]

While the suggestion has been made that this objective might be accomplished simply by expanding the jurisdiction of the CCPA, the committee rejected such an approach as being inconsistent with the imperative of avoiding undue specialization within the Federal judicial system. Consequently, the Act adheres to the original philosophy of S. 677 and S. 678 of the 96th Congress which, in the words of Judge Jon O. Newman, represents "a sensible accommodation of the usual preference for generalist judges and the selective benefit of expertise in highly specialized and technical areas."[12]

The Court of Appeals for the Federal Circuit will not be a "specialized court," as that term is normally used. The court's jurisdiction will not be limited to one type of case, or even to two or three types of cases. Rather, it will have a varied docket spanning a broad range of legal issues and types of cases. It will handle all patent appeals, plus government claims case and all other appellate matters that are now considered by the CCPA or the Court of Claims—cases which contain a wide variety of issues.

This rich docket assures that the work of the proposed court will be broad and diverse and not narrowly specialized. The judges will have no lack of exposure to a broad variety of legal problems. Moreover, the subject matter of the new court will be sufficiently mixed to prevent any special interest from dominating it.

It is important that the docket of the new court be not only varied but also manageable. An analysis of the proposed workload discloses that a merger of the courts will produce a reasonable caseload. The dockets of both existing courts are current. Set out below are tables showing the sources of cases for the proposed court.

The docketing of cases in the Court of Claims presents a confusing statistical picture to the uninitiated. Some cases appear on the trial

CASELOAD IN THE COURT OF CUSTOMS AND PATENT APPEALS, FISCAL YEAR 1981

| Type of case | Filed | Terminated |
|---|---|---|
| Customs, commerce, and international trade | 35 | 30 |
| Patent and trademarks | 124 | 126 |
| Total CCPA cases | 159 | 156 |

[11] 96th Cong. Hearings, (statements of Harry F. Manbeck and Donald R. Dunner, May 7, 1979).
[12] 96th Cong. Hearings, (statement of Judge Jon O. Newman, March 20, 1979).

commissioners docket and others' appear on the docket of the article III judges, while some cases are placed on both dockets. For purposes of projecting the new court's caseload, the relevant statistics are not those that reveal the total caseload of the Court of Claims but rather those that reflect the caseload of the article III judges on the Court. The following table contains those figures.

*Appellate caseload in the Court of Claims, fiscal year 1981*

| | |
|---|---|
| Total dispositions by article III judges: | 264 |
| In chambers | 198 |
| Calendar | 50 |
| Requests for review | |
| Total article III judge workload | 512 |

In addition to inheriting the jurisdiction of the CCPA and of the Court of Claims, the new appellate court will also receive all patent appeals and all appeals in federal contract cases brought against the United States that are presently heard in the regional courts of appeals. On the basis of 1981 figures, the new court will handle approximately 159 cases that otherwise would have been heard by the CCPA, 512 cases that would have been heard by the Court of Claims, and approximately 400 patent or federal contract cases coming directly from the district courts that would have been heard by the existing circuits courts of appeals. This will provide an adequate but not burdensome workload for a court of twelve judges.

Although the workload per judgeship will be lighter here than in the other circuits, a reduced number of appeals is desirable for this court. The Court of Appeals for the Federal Circuit will be considering cases that are unusually complex and technical. Consequently, its cases will be extraordinarily time-consuming, and fewer of them will be appropriate for summary disposition than is true of the cases that make up the dockets of the regional courts of appeals. In addition it is important that the newly created court with nationwide jurisdiction not be initially overloaded. Decisions of this court will have precedential effect throughout the country; it is important for the judges of the court to have adequate time for thorough discussion and deliberation.

In summary, the consolidation of the Court of Claims and the Court of Customs and Patent Appeals is desirable. It is logistically feasible. Indeed, it makes maximum use of facilities and personnel that are already a part of the federal system. As Chief Judge Frank M. Coffin noted, the proposal "has the merit of avoiding any net increase in courts." [13] Thus, the bill makes only a modest change in federal appellate court structure. It does, however, create a permanent forum that is capable of exercising nationwide jurisdiction of appeals in categories of cases where there have been special problems of inconsistency in the law. It also provides for increased stability in the patent law by channelling appeals in those cases to a single forum.

*U.S. Claims Court*

The bill also creates a new article I trial forum known as the United States Claims Court. The Claims Court inherits substantially all the trial jurisdiction of the Court of Claims, which under present practice

[13] Written statement of Judge Frank M. Coffin (March 20, 1979) 9.

is exercised largely by the commissioners of that court. The Court is composed of sixteen article I judges who will be appointed by the President, with the advice and consent of the Senate, for a term of fifteen years. As a transitional measure, persons who were in active service as Commissioners of the Court of Claims on the effective date of the Act become article I judges of the Claims Court. Like the present Court of Claims and the Tax Court, the Claim Court is authorized to sit nationwide. In organization and procedure it resembles the United States Tax Court.

Changes in the existing structure of the Court of Claims have been advocated by practitioners with extensive experience before the court and by the commissioner themselves. [14] The establishment of the Claims Court accomplishes a much needed reorganization of the current system by assigning the trial function of the court to trial judges whose status is upgraded and who are truly independent. Presently, the commissioners of the Court of Claims are appointed by the article III judges of that court and do not have the power to enter dispositive orders; final judgment in a case must be made by the article III judges after reviewing findings of fact and recommendations of law submitted by a commissioner. The creation of the United States Claims Court will reduce delay in individual cases and will produce greater efficiencies in the handling of the court's docket by eliminating some of the overlapping work that has occurred as a result of this process.

*Conforming amendments outside title 28*

Part B of title I makes technical and conforming amendments outside of title 28 relating to the United States Court of Appeals for the Federal Circuit.

*Miscellaneous provisions*

Part C of title I contains sections concerning current service of current judges and Court of Claims commissioners, appointment of the chief judge of the United States Court of Appeals for the Federal Circuit, and TVA legal representation.

TITLE II—GOVERNANCE AND ADMINISTRATION

Title II recognizes that our courts must be properly governed and administered if the goals of fairness and efficiency in the administration of justice are to be achieved.

*Chief judge tenure*

Under existing law, the chief judge of each Federal court of appeals or district court is the judge who is most senior in commission and under age 70. Depending on the relative ages and seniority of the judges in a given circuit or district, a court may have a single chief judge for many years, or it may have a rapid turnover in the chief judge's position if several judges on the court reach age 70 within a relatively short period. Either extreme may result in administrative inefficiencies that are a needless additional burden on the already overworked courts. Part A of title II retains seniority as the basis for the

[14] Written statement of Clarence T. Kipps. Jr., Chairman, Court of Claims Committee of the Bar Association of the District of Columbia (May 18, 1981); written statement of Chief Judge Daniel M. Friedman (April 24, 1981), 8–9.

appointment of a chief judge but avoids the extreme of either too lengthy or too short a term by fixing seven years as the maximum term of service and by precluding appointment of a chief judge who is 65 or older at the time of his appointment. Thus, both a minimum and maximum term is established, thereby striking a sound balance between continuity and rotation. As a transitional measure, these changes will not take effect until one year after the date of enactment and will not apply to anyone serving as a chief judge on that effective date.

*Precedence and composition of panel*

Part B of title II requires that Federal appellate panels be composed of at least three judges, at least a majority of whom shall be judges of the circuit court, and that the presiding judge be a judge of that court in regular active service. Current law seems to permit appellate courts to sit in panels of less than three judges, and some courts have used panels of two judges for motions and for disposition of cases in which no oral argument is permitted because the case is classified as insubstantial. In order for the Federal system to perserve both the appearance and the reality of justice, such a practice should not become institutionalized. The disposition of an appeal should be the collective product of at least three minds. Moreover, this section would permit the courts of appeals to sit en banc with less than a full en banc court for cases in which authoritativeness of opinion is particularly useful or in which the issues are especially difficult or important. The circuit courts could continue to adopt local rules permitting the disposition of an appeal in situations in which one of the three judges dies or becomes disabled and the remaining two agree on the disposition; but, in the first instance, all cases would be assigned to panel of at least three judges.

With a substantial number of judges from outside the circuit sitting by designation, and with district judges sitting regularly on the courts of appeals, it is not infrequent that there will be only one circuit judge on a panel or that the presiding judge will be a senior judge or a judge from another circuit. Such situations lead to doctrinal instability and unpredictability in the law of the circuit because district court and court of appeals judges from outside the circuit may not know or may not feel bound by the law of that circuit. In addition, a strong argument can be made that the law of a particular circuit should be determined by an appellate court, the majority of which should be judges of that circuit. The Bill discourages any unnecessary borrowing of judges and promotes stability and predictability by requiring a majority of each panel to be composed of judges of the circuit court except under specified exigent circumstances.

*Judicial councils*

Part C of title II makes only technical and conforming amendments to sections concerning the judicial councils of the circuit courts.

*Retirement and pensions*

Part D of title II addresses the issue of judicial resignation and retirement and also the pension of a government employee who leaves judicial office to serve in other government service.

Section 207 amends sections 8332(b) and 8334 of Title 5 of the United States Code. The amendments concern credit allowed for cer-