by rule or order of the court or judge and must record the proceedings described in existing 28 U.S.C. 753(b) verbatim using shorthand or using mechanical means which may be augmented by electronic sound recording.

Section 401 amends 28 U.S.C. 753(b) to permit the proceedings described by that section to be recorded using electronic sound recording, or any other method, subject to the approval and authorization of the Judicial Conference and of the presiding judge. Section 401 does not change the provision in existing 28 U.S.C. 753 which permits proceedings to be recorded by an official reporter using shorthand or other mechanical means. Section 401 also does not amend the types of proceedings which are required to be recorded pursuant to 28 U.S.C. 753(b).

In addition, section 401 amends 28 U.S.C. 753(b) to omit the requirement that an official court reporter attend each session of the court or other proceeding where the Judicial Conference and the presiding judge deem this to be unnecessary, that is, when electronic sound recording or a similar recording method is used.

Where the method of recording is such that human intervention is an integral part of the actual recording, for example, shorthand, stenomask, or Gimelli voice-writer, it is the intention of the Congress that an official reporter appointed pursuant to 28 U.S.C. 753(a) be employed for that purpose.

The Senate Judiciary Committee Subcommittee on Courts conducted hearings on June 26, 1981 to investigate the merits of alternative methods of reporting judicial proceedings. Electronic sound recording, using high-quality, multiple-track recording equipment, was found to be an acceptable method of recording judicial proceedings. The results of a study conducted by the General Accounting Office indicated that proceedings could be recorded on electronic sound equipment at a lower cost than is now incurred for the services of official court reporters. The GAO study cited a potential cost saving of $14 million per year if electronic sound recording techniques were to be used instead of official court reporters in federal court proceedings on a nationwide basis. However, the Subcommittee on Courts found that it is neither practical nor feasible to replace all official court reporters with electronic sound recording equipment at this time. One reason is that there is some evidence that it takes more time to transcribe proceedings recorded on electronic sound recording equipment than it takes to transcribe proceedings recorded using shorthand or stenotype. There is also some evidence that computer-aided transcription has been used to successfully expedite the transcription process in some courts. However, the technology of computer-aided transcription cannot currently be adapted to transcribe tapes produced by electronic sound recording equipment.

In certain federal courtrooms, due to the nature of the proceedings most often heard in that court, electronic sound recording may not be the best nor most cost-effective method of reporting. It is the intent of the Committee that an independent determination should be made in each court, under the guidance and approval of the Administrative Office of the U.S. Courts and the Judicial Conference, of the court reporting method which will provide for the recording of all pro-

ceedings required to be recorded, while assuring the production of accurate transcripts within the shortest feasible time limits and at the lowest possible cost.[19]

In view of these findings, the court administrators and judges, with the guidance and approval of the Judicial Conference, should consider which recording method is best suited to the courts and the judicial proceedings under their jurisdiction.

*Section 402—Effective Date.*—Section 402 provides that the bill shall take effect sixty days after enactment. The delay is intended to provide time for planning the transition and for permitting the bar to become familiar with the provisions.

*Section 403—Effect on Pending Cases.*—Section 403 provides for the orderly disposition of cases pending on the effective date of the bill.

CONGRESSIONAL BUDGET OFFICE—COST ESTIMATE

U.S. CONGRESS,
CONGRESSIONAL BUDGET OFFICE,
*Washington, D.C., November 16, 1981.*

Hon. STROM THURMOND,
*Chairman, Committee on the Judiciary, U.S. Senate, Dirksen Senate Office Building, Washington, D.C.*

DEAR MR. CHAIRMAN: Pursuant to Section 403 of the Congressional Budget Act of 1974, the Congressional Budget Office has reviewed S. 1700, the Federal Courts Improvement Act of 1981, as ordered reported by the Senate Committee on the Judiciary, October 20, 1981. This cost estimate supersedes the one prepared by this office on November 6, 1981.

S. 1700 merges the appellate division of the existing U.S. Court of Claims and the U.S. Court of Customs and Patent Appeals into the U.S. Court of Appeals for the Federal Circuit. The seven judges of the Court of Claims and the five judges of the Court of Customs and Patent Appeals will be combined into a single, twelve-judge court. Vacancies on this court will thereafter be filled by Presidential appointment, with the advice and consent of the Senate, for life terms.

The new U.S. Claims Court will be an article I trial forum inheriting essentially all the trial jurisdiction of the Court of Claims. The Claims Court will be composed of sixteen judges appointed by the President, with Senate approval, for terms of fifteen years. As a traditional measure, those individuals serving as active commissioners of the Court of Claims on the effective date of this act will become Claims Court judges. Like the present Court of Claims and the Tax Court, the Claims Court will be authorized to sit nationwide. This estimate assumes March 1, 1982, as the bill's effective date.

Based on information from the Administrative Office of the U.S. Courts, it is expected that the only expenses associated with the bill will be for travel and transportation, attorney fees, and some personnel changes. These items are expected to total less than $70,000 and to be offset by receipts associated with the $50 increase in the petition filing fee. This fee adjustment is estimated to bring in $47,000 in fis-

[19] Management of Court Reporting Services, National Center for State Courts, 1976.

cal year 1982 and $80,000 in fiscal years 1983 through 1986, assuming 1,600 annual petition filings. Additionally, S. 1700 establishes a nationally uniform rate of interest on judgements in the federal courts. There is, however, no basis for estimating the budget impact of those provisions of the bill.

CIVIL SERVICE RETIREMENT

Enactment of S. 1700 would increase income and outlays for the Civil Service Retirement (CSR) fund. The higher income, increasing CSR budget authority by about $170,000, would result from payments to CSR by the Administrative Office of the United States Courts for former federal judges who left the bench to serve in the Executive Branch. Based on information provided by the Department of Justice, five former judges are eligible to request that payment be made on their behalf. The former judges could request payment to CSR anytime after enactment of the bill but prior to receiving CSR benefits. The Congressional Budget Office estimates that enactment of S. 1700 would increase annual CSR outlays during the next five years by less than $50,000.

On November 4, 1981, the Congressional Budget Office prepared a cost estimate for H.R. 4482, as ordered reported by the House Committee on the Judiciary, October 14, 1981. That bill also created a new U.S. Appeals Court for the Federal Circuit and a new U.S. Claims Court through the absorption and reorganization of the existing U.S. Court of Customs and Patent Appeals and the U.S. Court of Claims. For H.R. 4482, CBO estimated that enactment of that legislation would result in no significant additional cost to the government.

Should the Committee so desire, we would be pleased to provide further details on this estimate.

Sincerely,

ALICE M. RIVLIN, *Director*.

REGULATORY IMPACT EVALUATION

In compliance with subsection 11(b) of rule XXVI of the Standing Rules of the Senate, the committee finds that no significant regulatory impact as defined by that subsection will result from the enactment of S. 1700.

* * * * *

## PUBLIC LAW 104–320 [H.R. 4194]; October 19, 1996

## ADMINISTRATIVE DISPUTE RESOLUTION ACT OF 1996

*For Legislative History of Act, see p. 4238.*

**An Act to reauthorize alternative means of dispute resolution in the Federal administrative process, and for other purposes.**

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Administrative Dispute Resolution Act of 1996.
5 USC 571 note.

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Administrative Dispute Resolution Act of 1996".

**SEC. 2. AMENDMENT TO DEFINITIONS.**

Section 571 of title 5, United States Code, is amended—

(1) in paragraph (3)—

(A) by striking ", in lieu of an adjudication as defined in section 551(7) of this title,";

(B) by striking "settlement negotiations,"; and

(C) by striking "and arbitration" and inserting "arbitration, and use of ombuds"; and

(2) in paragraph (8)—

(A) in subparagraph (B) by striking "decision," and inserting "decision;"; and

(B) by striking the matter following subparagraph (B).

**SEC. 3. AMENDMENTS TO CONFIDENTIALITY PROVISIONS.**

(a) LIMITATION OF CONFIDENTIALITY APPLICATION TO COMMUNICATION.—Subsections (a) and (b) of section 574 of title 5, United States Code, are each amended in the matter before paragraph (1) by striking "any information concerning".

(b) DISPUTE RESOLUTION COMMUNICATION.—Section 574(b)(7) of title 5, United States Code, is amended to read as follows:

"(7) except for dispute resolution communications generated by the neutral, the dispute resolution communication was provided to or was available to all parties to the dispute resolution proceeding.".

(c) ALTERNATIVE CONFIDENTIALITY PROCEDURES.—Section 574(d) of title 5, United States Code, is amended—

(1) by inserting "(1)" after "(d)"; and

(2) by adding at the end thereof the following new paragraph:

"(2) To qualify for the exemption established under subsection (j), an alternative confidential procedure under this subsection may not provide for less disclosure than the confidential procedures otherwise provided under this section.".

(d) EXEMPTION FROM DISCLOSURE BY STATUTE.—Section 574 of title 5, United States Code, is amended by amending subsection (j) to read as follows:

"(j) A dispute resolution communication which is between a neutral and a party and which may not be disclosed under this section shall also be exempt from disclosure under section 552(b)(3).".

**SEC. 4. AMENDMENT TO REFLECT THE CLOSURE OF THE ADMINISTRATIVE CONFERENCE.**

(a) PROMOTION OF ADMINISTRATIVE DISPUTE RESOLUTIONS.—Section 3(a)(1) of the Administrative Dispute Resolution Act (5 U.S.C. 571 note; Public Law 101-552; 104 Stat. 2736) is amended to read as follows:

"(1) consult with the agency designated by, or the interagency committee designated or established by, the President under section 573 of title 5, United States Code, to facilitate and encourage agency use of alternative dispute resolution under subchapter IV of chapter 5 of such title; and".

(b) COMPILATION OF INFORMATION.—

(1) IN GENERAL.—Section 582 of title 5, United States Code, is repealed.

(2) TECHNICAL AND CONFORMING AMENDMENT.—The table of sections for chapter 5 of title 5, United States Code, is amended by striking the item relating to section 582.

(c) FEDERAL MEDIATION AND CONCILIATION SERVICE.—Section 203(f) of the Labor Management Relations Act, 1947 (29 U.S.C. 173(f)) is amended by striking "the Administrative Conference of the United States and other agencies" and inserting "the agency designated by, or the interagency committee designated or established by, the President under section 573 of title 5, United States Code,".

**SEC. 5. AMENDMENTS TO SUPPORT SERVICES PROVISION.**

Section 583 of title 5, United States Code, is amended by inserting "State, local, and tribal governments," after "other Federal agencies,".

**SEC. 6. AMENDMENTS TO THE CONTRACT DISPUTES ACT.**

Section 6 of the Contract Disputes Act of 1978 (41 U.S.C. 605) is amended—

(1) in subsection (d) by striking the second sentence and inserting: "The contractor shall certify the claim when required to do so as provided under subsection (c)(1) or as otherwise required by law."; and Certification.

(2) in subsection (e) by striking the first sentence.

**SEC. 7. AMENDMENTS ON ACQUIRING NEUTRALS.**

(a) EXPEDITED HIRING OF NEUTRALS.—

(1) COMPETITIVE REQUIREMENTS IN DEFENSE AGENCY CONTRACTS.—Section 2304(c)(3)(C) of title 10, United States Code, is amended by striking "agency, or" and inserting "agency, or to procure the services of an expert or neutral for use".

(2) COMPETITIVE REQUIREMENTS IN FEDERAL CONTRACTS.—Section 303(c)(3)(C) of the Federal Property and Administrative Services Act of 1949 (41 U.S.C. 253(c)(3)(C)), is amended by striking "agency, or" and inserting "agency, or to procure the services of an expert or neutral for use".

(b) REFERENCES TO THE ADMINISTRATIVE CONFERENCE OF THE UNITED STATES.—Section 573 of title 5, United States Code, is amended—

(1) by striking subsection (c) and inserting the following:

President.

"(c) The President shall designate an agency or designate or establish an interagency committee to facilitate and encourage agency use of dispute resolution under this subchapter. Such agency or interagency committee, in consultation with other appropriate Federal agencies and professional organizations experienced in matters concerning dispute resolution, shall—

"(1) encourage and facilitate agency use of alternative means of dispute resolution; and

"(2) develop procedures that permit agencies to obtain the services of neutrals on an expedited basis."; and

(2) in subsection (e) by striking "on a roster established under subsection (c)(2) or a roster maintained by other public or private organizations, or individual".

**SEC. 8. ARBITRATION AWARDS AND JUDICIAL REVIEW.**

(a) ARBITRATION AWARDS.—Section 580 of title 5, United States Code, is amended—

(1) by striking subsections (c), (f), and (g); and

(2) by redesignating subsections (d) and (e) as subsections (c) and (d), respectively.

(b) JUDICIAL AWARDS.—Section 581(d) of title 5, United States Code, is amended—

(1) by striking "(1)" after "(b)"; and

(2) by striking paragraph (2).

(c) AUTHORIZATION OF ARBITRATION.—Section 575 of title 5, United States Code, is amended—

(1) in subsection (a)(2), by striking "Any" and inserting "The";

(2) in subsection (a)(2), by adding at the end the following: "Each such arbitration agreement shall specify a maximum award that may be issued by the arbitrator and may specify other conditions limiting the range of possible outcomes.";

(3) in subsection (b)—

(A) by striking "may offer to use arbitration for the resolution of issues in controversy, if" and inserting "shall not offer to use arbitration for the resolution of issues in controversy unless"; and

(B) by striking in paragraph (1) "has authority" and inserting "would otherwise have authority"; and

(4) by adding at the end the following:

"(c) Prior to using binding arbitration under this subchapter, the head of an agency, in consultation with the Attorney General and after taking into account the factors in section 572(b), shall issue guidance on the appropriate use of binding arbitration and when an officer or employee of the agency has authority to settle an issue in controversy through binding arbitration.".

**SEC. 9. PERMANENT AUTHORIZATION OF THE ALTERNATIVE DISPUTE RESOLUTION PROVISIONS OF TITLE 5, UNITED STATES CODE.**

The Administrative Dispute Resolution Act (Public Law 101–552; 104 Stat. 2747; 5 U.S.C. 571 note) is amended by striking section 11.

SEC. 10. AUTHORIZATION OF APPROPRIATIONS.

(a) IN GENERAL.—Subchapter IV of title 5, United States Code, is amended by adding at the end thereof the following new section:

**"§ 584. Authorization of appropriations**

"There are authorized to be appropriated such sums as may be necessary to carry out the purposes of this subchapter.".

(b) TECHNICAL AND CONFORMING AMENDMENT.—The table of sections for chapter 5 of title 5, United States Code, is amended by inserting after the item relating to section 583 the following:

"584. Authorization of appropriations.".

SEC. 11. REAUTHORIZATION OF NEGOTIATED RULEMAKING ACT OF 1990.

(a) PERMANENT REAUTHORIZATION.—Section 5 of the Negotiated Rulemaking Act of 1990 (Public Law 101–648; 5 U.S.C. 561 note) is repealed.

(b) CLOSURE OF ADMINISTRATIVE CONFERENCE.—

(1) IN GENERAL.—Section 569 of title 5, United States Code, is amended—

(A) by amending the section heading to read as follows:

**"§ 569. Encouraging negotiated rulemaking"**; and

(B) by striking subsections (a) through (g) and inserting the following:

"(a) The President shall designate an agency or designate or establish an interagency committee to facilitate and encourage agency use of negotiated rulemaking. An agency that is considering, planning, or conducting a negotiated rulemaking may consult with such agency or committee for information and assistance. President.

"(b) To carry out the purposes of this subchapter, an agency planning or conducting a negotiated rulemaking may accept, hold, administer, and utilize gifts, devises, and bequests of property, both real and personal if that agency's acceptance and use of such gifts, devises, or bequests do not create a conflict of interest. Gifts and bequests of money and proceeds from sales of other property received as gifts, devises, or bequests shall be deposited in the Treasury and shall be disbursed upon the order of the head of such agency. Property accepted pursuant to this section, and the proceeds thereof, shall be used as nearly as possible in accordance with the terms of the gifts, devises, or bequests.".

(2) TECHNICAL AND CONFORMING AMENDMENT.—The table of sections for chapter 5 of title 5, United States Code, is amended by striking the item relating to section 569 and inserting the following:

"569. Encouraging negotiated rulemaking.".

(c) EXPEDITED HIRING OF CONVENORS AND FACILITATORS.—

(1) DEFENSE AGENCY CONTRACTS.—Section 2304(c)(3)(C) of title 10, United States Code, is amended by inserting "or negotiated rulemaking" after "alternative dispute resolution".

(2) FEDERAL CONTRACTS.—Section 303(c)(3)(C) of the Federal Property and Administrative Services Act of 1949 (41 U.S.C. 253(c)(3)(C)), is amended by inserting "or negotiated rulemaking" after "alternative dispute resolution".

(d) AUTHORIZATION OF APPROPRIATIONS.—

(1) IN GENERAL.—Subchapter III of title 5, United States Code, is amended by adding at the end thereof the following new section:

**"§ 570a. Authorization of appropriations**

"There are authorized to be appropriated such sums as may be necessary to carry out the purposes of this subchapter.".

(2) TECHNICAL AND CONFORMING AMENDMENT.—The table of sections for chapter 5 of title 5, United States Code, is amended by inserting after the item relating to section 570 the following:

"570a. Authorization of appropriations.".

5 USC 563 note.

(e) NEGOTIATED RULEMAKING COMMITTEES.—The Director of the Office of Management and Budget shall—

(1) within 180 days of the date of the enactment of this Act, take appropriate action to expedite the establishment of negotiated rulemaking committees and committees established to resolve disputes under the Administrative Dispute Resolution Act, including, with respect to negotiated rulemaking committees, eliminating any redundant administrative requirements related to filing a committee charter under section 9 of the Federal Advisory Committee Act (5 U.S.C. App.) and providing public notice of such committee under section 564 of title 5, United States Code; and

Recommendations.

(2) within one year of the date of the enactment of this Act, submit recommendations to Congress for any necessary legislative changes.

**SEC. 12. JURISDICTION OF THE UNITED STATES COURT OF FEDERAL CLAIMS AND THE DISTRICT COURTS OF THE UNITED STATES: BID PROTESTS.**

(a) BID PROTESTS.—Section 1491 of title 28, United States Code, is amended—

(1) by redesignating subsection (b) as subsection (c);

(2) in subsection (a) by striking out paragraph (3); and

(3) by inserting after subsection (a), the following new subsection:

"(b)(1) Both the Unites States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

"(2) To afford relief in such an action, the courts may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs.

"(3) In exercising jurisdiction under this subsection, the courts shall give due regard to the interests of national defense and national security and the need for expeditious resolution of the action.

"(4) In any action under this subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5.".

(b) EFFECTIVE DATE.—This section and the amendments made by this section shall take effect on December 31, 1996 and shall apply to all actions filed on or after that date. 28 USC 1491 note.

(c) STUDY.—No earlier than 2 years after the effective date of this section, the United States General Accounting Office shall undertake a study regarding the concurrent jurisdiction of the district courts of the United States and the Court of Federal Claims over bid protests to determine whether concurrent jurisdiction is necessary. Such a study shall be completed no later than December 31, 1999, and shall specifically consider the effect of any proposed change on the ability of small businesses to challenge violations of Federal procurement law.

(d) SUNSET.—The jurisdiction of the district courts of the United States over the actions described in section 1491(b)(1) of title 28, United States Code (as amended by subsection (a) of this section) shall terminate on January 1, 2001 unless extended by Congress. The savings provisions in subsection (e) shall apply if the bid protest jurisdiction of the district courts of the United States terminates under this subsection. 28 USC 1491 note. Applicability.

(e) SAVINGS PROVISIONS.— 28 USC 1491 note.

(1) ORDERS.—A termination under subsection (d) shall not terminate the effectiveness of orders that have been issued by a court in connection with an action within the jurisdiction of that court on or before December 31, 2000. Such orders shall continue in effect according to their terms until modified, terminated, superseded, set aside, or revoked by a court of competent jurisdiction or by operation of law.

(2) PROCEEDINGS AND APPLICATIONS.—(A) a termination under subsection (d) shall not affect the jurisdiction of a court of the United States to continue with any proceeding that is pending before the court on December 31, 2000.

(B) Orders may be issued in any such proceeding, appeals may be taken therefrom, and payments may be made pursuant to such orders, as if such termination had not occurred. An order issued in any such proceeding shall continue in effect until modified, terminated, superseded, set aside, or revoked by a court of competent jurisdiction or by operation of law.

(C) Nothing in this paragraph prohibits the discontinuance or modification of any such proceeding under the same terms and conditions and to the same extent that proceeding could have been discontinued or modified absent such termination.

# ADMINISTRATIVE DISPUTE RESOLUTION ACT OF 1996

*P.L. 104–320, see page 110 Stat. 3870*

DATES OF CONSIDERATION AND PASSAGE

*House: September 27, October 4, 1996*

*Senate: September 30, 1996*

**Cong. Record Vol. 142 (1996)**

**RELATED REPORTS**

**House Report (Judiciary Committee) No. 104–597, May 29, 1996 [To accompany H.R. 2977]**

**Senate Report (Governmental Affairs Committee) No. 104–245, Mar. 27, 1996 [To accompany S. 1224]**

**House Conference Report No. 104–841, Sept. 25, 1996 [To accompany H.R. 2977]**

*No Senate or House Report was submitted with this legislation.*



1996 U.S.C.C.A.N. 104th Cong. 2d Sess.

104TH CONGRESS 2d Session } HOUSE OF REPRESENTATIVES { REPORT 104–841

# ADMINISTRATIVE DISPUTE RESOLUTION ACT OF 1996

SEPTEMBER 25, 1996.—Ordered to be printed

Mr. HYDE, from the committee of conference, submitted the following

## CONFERENCE REPORT

[To accompany H.R. 2977]

The committee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H.R. 2977), to reauthorize alternative means of dispute resolution in the Federal administrative process, and for other purposes, having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows:

That the House recede from its disagreement to the amendment of the Senate to the text of the bill and agree to the same with an amendment as follows:

In lieu of the matter proposed to be inserted by the Senate amendment, insert the following:

***SECTION 1. SHORT TITLE.***

*This Act may be cited as the "Administrative Dispute Resolution Act of 1996".*

***SEC. 2. AMENDMENT TO DEFINITIONS.***

*Section 571 of title 5, United States Code, is amended—*

*(1) in paragraph (3)—*

*(A) by striking ", in lieu of an adjudication as defined in section 551(7) of this title,";*

*(B) by striking "settlement negotiations,"; and*

*(C) by striking "and arbitration" and inserting "arbitration, and use of ombuds"; and*

*(2) in paragraph (8)—*

*(A) in subparagraph (B) by striking "decision," and inserting "decision;"; and*

*(B) by striking the matter following subparagraph (B).*

29–006

**SEC. 3. AMENDMENTS TO CONFIDENTIALITY PROVISIONS.**

*(a) LIMITATION OF CONFIDENTIALITY APPLICATION TO COMMUNICATION.—Subsections (a) and (b) of section 574 of title 5, United States Code, are each amended in the matter before paragraph (1) by striking "any information concerning".*

*(b) DISPUTE RESOLUTION COMMUNICATION.—Section 574(b)(7) of title 5, United States Code, is amended to read as follows:*

*"(7) except for dispute resolution communications generated by the neutral, the dispute resolution communication was provided to or was available to all parties to the dispute resolution proceeding.".*

*(c) ALTERNATIVE CONFIDENTIALITY PROCEDURES.—Section 574(d) of title 5, United States Code, is amended—*

*(1) by inserting "(1)" after "(d)"; and*

*(2) by adding at the end thereof the following new paragraph:*

*"(2) To qualify for the exemption established under subsection (j), an alternative confidential procedure under this subsection may not provide for less disclosure than the confidential procedures otherwise provided under this section.".*

*(d) EXEMPTION FROM DISCLOSURE BY STATUTE.—Section 574 of title 5, United States Code, is amended by amending subsection (j) to read as follows:*

*"(j) A dispute resolution communication which is between a neutral and a party and which may not be disclosed under this section shall also be exempt from disclosure under section 552(b)(3).".*

**SEC. 4. AMENDMENT TO REFLECT THE CLOSURE OF THE ADMINISTRATIVE CONFERENCE.**

*(a) PROMOTION OF ADMINISTRATIVE DISPUTE RESOLUTIONS.—Section 3(a)(1) of the Administrative Dispute Resolution Act (5 U.S.C. 571 note; Public Law 101–552; 104 Stat. 2736) is amended to read as follows:*

*"(1) consult with the agency designated by, or the interagency committee designated or established by, the President under section 573 of title 5, United States Code, to facilitate and encourage agency use of alternative dispute resolution under subchapter IV of chapter 5 of such title; and".*

*(b) COMPILATION OF INFORMATION.—*

*(1) IN GENERAL.—Section 582 of title 5, United States Code, is repealed.*

*(2) TECHNICAL AND CONFORMING AMENDMENT.—The table of sections for chapter 5 of title 5, United States Code, is amended by striking the item relating to section 582.*

*(c) FEDERAL MEDIATION AND CONCILIATION SERVICE.—Section 203(f) of the Labor Management Relations Act, 1947 (29 U.S.C. 173(f)) is amended by striking "the Administrative Conference of the United States and other agencies" and inserting "the agency designated by, or the interagency committee designated or established by, the President under section 573 of title 5, United States Code,".*

**SEC. 5. AMENDMENTS TO SUPPORT SERVICES PROVISION.**

*Section 583 of title 5, United States Code, is amended by inserting "State, local, and tribal governments," after "other Federal agencies,".*

**ENTIALITY PROVISIONS.**

ENTI... Y APPLICATION TO COMMU-
(b... ction 574 of title 5, United
in ... matter before paragraph (1)
cerning".

COMMUNICATION.—Section 574(b)(7)
amended to read as follows:
esolution communications generated
resolution communication was pro-
all parties to the dispute resolution

ENTIALITY PROCEDURES.—Section
ode, is amended—
er "(d)"; and
nd thereof the following new para-

ption established under subsection
rocedure under this subsection may
an the confidential procedures oth-
n.".

OSURE BY STATUTE.—Section 574 of
mended by amending subsection (j)

mmunication which is between a
nay not be disclosed under this sec-
lisclosure under section 552(b)(3).".

**THE CLOSURE OF THE ADMINISTRA-**

TRATIVE DISPUTE RESOLUTIONS.—
rative Dispute Resolution Act (5
–552; 104 Stat. 2736) is amended

enc... signated by, or the inter-
l o... blished by, the President
U... States Code, to facilitate
of alternative dispute resolution
er 5 of such title; and".
TION.—
582 of title 5, United States Code,

FORMING AMENDMENT.—The table
title 5, United States Code, is
relating to section 582.
CONCILIATION SERVICE.—Section
Relations Act, 1947 (29 U.S.C.
Administrative Conference of the
" and inserting "the agency des-
nmittee designated or established
3 of title 5, United States Code,".

**SERVICES PROVISION.**

States Code, is amended by insert-
ments," after "other Federal agen-



**SEC. 6. AMENDMENTS TO THE CONTRACT DISPUTES ACT.**

Section 6 of the Contract Disputes Act of 1978 (41 U.S.C. 605) is amended—

(1) in subsection (d) by striking the second sentence and inserting: "The contractor shall certify the claim when required to do so as provided under subsection (c)(1) or as otherwise required by law."; and

(2) in subsection (e) by striking the first sentence.

**SEC. 7. AMENDMENTS ON ACQUIRING NEUTRALS.**

(a) EXPEDITED HIRING OF NEUTRALS.—

(1) COMPETITIVE REQUIREMENTS IN DEFENSE AGENCY CONTRACTS.—Section 2304(c)(3)(C) of title 10, United States Code, is amended by striking "agency, or" and inserting "agency, or to procure the services of an expert or neutral for use".

(2) COMPETITIVE REQUIREMENTS IN FEDERAL CONTRACTS.—Section 303(c)(3)(C) of the Federal Property and Administrative Services Act of 1949 (41 U.S.C. 253(c)(3)(C)), is amended by striking "agency, or" and inserting "agency, or to procure the services of an expert or neutral for use".

(b) REFERENCES TO THE ADMINISTRATIVE CONFERENCE OF THE UNITED STATES.—Section 573 of title 5, United States Code, is amended—

(1) by striking subsection (c) and inserting the following:

"(c) The President shall designate an agency or designate or establish an interagency committee to facilitate and encourage agency use of dispute resolution under this subchapter. Such agency or interagency committee, in consultation with other appropriate Federal agencies and professional organizations experienced in matters concerning dispute resolution, shall—

"(1) encourage and facilitate agency use of alternative means of dispute resolution; and

"(2) develop procedures that permit agencies to obtain the services of neutrals on an expedited basis."; and

(2) in subsection (e) by striking "on a roster established under subsection (c)(2) or a roster maintained by other public or private organizations, or individual".

**SEC. 8. ARBITRATION AWARDS AND JUDICIAL REVIEW.**

(a) ARBITRATION AWARDS.—Section 580 of title 5, United States Code, is amended—

(1) by striking subsections (c), (f), and (g); and

(2) by redesignating subsections (d) and (e) as subsections (c) and (d), respectively.

(b) JUDICIAL AWARDS.—Section 581(d) of title 5, United States Code, is amended—

(1) by striking "(1)" after "(b)"; and

(2) by striking paragraph (2).

(c) AUTHORIZATION OF ARBITRATION.—Section 575 of title 5, United States Code, is amended—

(1) in subsection (a)(2), by striking "Any" and inserting "The";

(2) in subsection (a)(2), by adding at the end the following: "Each such arbitration agreement shall specify a maximum

*award that may be issued by the arbitrator and may specify other conditions limiting the range of possible outcomes.";*

*(3) in subsection (b)—*

*(A) by striking "may offer to use arbitration for the resolution of issues in controversy, if" and inserting "shall not offer to use arbitration for the resolution of issues in controversy unless"; and*

*(B) by striking in paragraph (1) "has authority" and inserting "would otherwise have authority"; and*

*(4) by adding at the end the following:*

*"(c) Prior to using binding arbitration under this subchapter, the head of an agency, in consultation with the Attorney General and after taking into account the factors in section 572(b), shall issue guidance on the appropriate use of binding arbitration and when an officer or employee of the agency has authority to settle an issue in controversy through binding arbitration.".*

**SEC. 9. PERMANENT AUTHORIZATION OF THE ALTERNATIVE DISPUTE RESOLUTION PROVISIONS OF TITLE 5, UNITED STATES CODE.**

*The Administrative Dispute Resolution Act (Public Law 101–552; 104 Stat. 2747; 5 U.S.C. 571 note) is amended by striking section 11.*

**SEC. 10. AUTHORIZATION OF APPROPRIATIONS.**

*(a) IN GENERAL.—Subchapter IV of title 5, United States Code, is amended by adding at the end thereof the following new section:*

**"§584. Authorization of appropriations**

*"There are authorized to be appropriated such sums as may be necessary to carry out the purposes of this subchapter.".*

*(b) TECHNICAL AND CONFORMING AMENDMENT.—The table of sections for chapter 5 of title 5, United States Code, is amended by inserting after the item relating to section 583 the following:*

*"584. Authorization of appropriations.".*

**SEC. 11. REAUTHORIZATION OF NEGOTIATED RULEMAKING ACT OF 1990.**

*(a) PERMANENT REAUTHORIZATION.—Section 5 of the Negotiated Rulemaking Act of 1990 (Public Law 101–648; 5 U.S.C. 561 note) is repealed.*

*(b) CLOSURE OF ADMINISTRATIVE CONFERENCE.—*

*(1) IN GENERAL.—Section 569 of title 5, United States Code, is amended—*

*(A) by amending the section heading to read as follows:*

**"§569. Encouraging negotiated rulemaking"**; *and*

*(B) by striking subsections (a) through (g) and inserting the following:*

*"(a) The President shall designate an agency or designate or establish an interagency committee to facilitate and encourage agency use of negotiated rulemaking. An agency that is considering, planning, or conducting a negotiated rulemaking may consult with such agency or committee for information and assistance.*

*"(b) To carry out the purposes of this subchapter, an agency planning or conducting a negotiated rulemaking may accept, hold,*

*ırbitrator and may specify*
*possible outcomes.";*

*use arbitration for the res-*
*if" and inserting "shall not*
*esolution of issues in con-*

*h (1) "has authority" and*
*authority"; and*
*wing:*
*on under this subchapter,*
*with the Attorney General*
*rs in section 572(b), shall*
*f binding arbitration and*
*has authority to settle an*
*tration.".*

**HE ALTERNATIVE DISPUTE**
**TITLE 5, UNITED STATES**

*ion Act (Public Law 101–*
*s amended by striking sec-*

**ONS.**
*itle 5, United States Code,*
*the following new section:*

**ts**

*ate sums as may be*
*su ter.".*
*MENDMENT.—The table of*
*tates Code, is amended by*
*583 the following:*

**TED RULEMAKING ACT OF**

*Section 5 of the Negotiated*
*1–648; 5 U.S.C. 561 note)*

*FERENCE.—*
*itle 5, United States Code,*

*eading to read as follows:*
***aking"**; and*
*a) through (g) and insert-*

*agency or designate or es-*
*ate and encourage agency*
*that is considering, plan-*
*ng may consult with such*
*ssistance.*
*is subchapter, an agency*
*making may accept, hold,*



*administer, and utilize gifts, devises, and bequests of property, both real and personal if that agency's acceptance and use of such gifts, devises, or bequests do not create a conflict of interest. Gifts and bequests of money and proceeds from sales of other property received as gifts, devises, or bequests shall be deposited in the Treasury and shall be disbursed upon the order of the head of such agency. Property accepted pursuant to this section, and the proceeds thereof, shall be used as nearly as possible in accordance with the terms of the gifts, devises, or bequests.".*

*(2) TECHNICAL AND CONFORMING AMENDMENT.—The table of sections for chapter 5 of title 5, United States Code, is amended by striking the item relating to section 569 and inserting the following:*

*"569. Encouraging negotiated rulemaking.".*

*(c) EXPEDITED HIRING OF CONVENORS AND FACILITATORS.—*

*(1) DEFENSE AGENCY CONTRACTS.—Section 2304(c)(3)(C) of title 10, United States Code, is amended by inserting "or negotiated rulemaking" after "alternative dispute resolution".*

*(2) FEDERAL CONTRACTS.—Section 303(c)(3)(C) of the Federal Property and Administrative Services Act of 1949 (41 U.S.C. 253(c)(3)(C)), is amended by inserting "or negotiated rulemaking" after "alternative dispute resolution".*

*(d) AUTHORIZATION OF APPROPRIATIONS.—*

*(1) IN GENERAL.—Subchapter III of title 5, United States Code, is amended by adding at the end thereof the following new section:*

***"§570a. Authorization of appropriations***

*"There are authorized to be appropriated such sums as may be necessary to carry out the purposes of this subchapter.".*

*(2) TECHNICAL AND CONFORMING AMENDMENT.—The table of sections for chapter 5 of title 5, United States Code, is amended by inserting after the item relating to section 570 the following:*

*"570a. Authorization of appropriations.".*

*(e) NEGOTIATED RULEMAKING COMMITTEES.—The Director of the Office of Management and Budget shall—*

*(1) within 180 days of the date of the enactment of this Act, take appropriate action to expedite the establishment of negotiated rulemaking committees and committees established to resolve disputes under the Administrative Dispute Resolution Act, including, with respect to negotiated rulemaking committees, eliminating any redundant administrative requirements related to filing a committee charter under section 9 of the Federal Advisory Committee Act (5 U.S.C. App.) and providing public notice of such committee under section 564 of title 5, United States Code; and*

*(2) within one year of the date of the enactment of this Act, submit recommendations to Congress for any necessary legislative changes.*

**SEC. 12. JURISDICTION OF THE UNITED STATES COURT OF FEDERAL CLAIMS: PROCUREMENT PROTESTS.**

*(a) PROCUREMENT PROTESTS.—*

*(1) TERMINATION OF JURISDICTION OF DISTRICT COURTS.—Section 1491 of title 28, United States Code, is amended—*

*(A) by redesignating subsection (b) as subsection (d) and by striking "(d)" and inserting "(d) EXCLUSIVE JURISDICTION OF OTHER TRIBUNALS.—";*

*(B) in subsection (a)—*

*(i) by striking "(a)(1)" and inserting "(a) CLAIMS AGAINST THE UNITED STATES.—";*

*(ii) in paragraph (2), by striking "(2) To" and inserting "(b) REMEDY AND RELIEF.—To"; and*

*(iii) by striking paragraph (3); and*

*(C) by inserting after subsection (b), as designated by paragraph (1)(B)(ii), the following new subsection (c):*

*"(c) PROCUREMENT PROTESTS.—(1) The United States Court of Federal Claims has exclusive jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for procurements or proposals for a proposed contract or to a proposed award or the award of a contract. The court has jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.*

*"(2) To afford relief in such an action, the court may award any relief that the court considers proper, including declaratory and injunctive relief.*

*"(3) In exercising jurisdiction under this subsection, the court shall give due regard to the interests of national defense and national security and the need for expeditious resolution of the action.*

*"(4) In any action under this subsection, the court shall review the agency's decision pursuant to the standards set forth in section 706 of title 5, United States Code.".*

*(2) CLERICAL AMENDMENTS.—*

*(A) SECTION HEADING.—The heading of such section is amended by inserting "procurement protests;" after "generally;".*

*(B) TABLE OF SECTIONS.—The table of sections at the beginning of chapter 91 of title 28, United States Code, is amended by striking the item relating to section 1491 and inserting the following:*

*"1491. Claims against United States generally; procurement protests; actions involving Tennessee Valley Authority.".*

*(b) NONEXCLUSIVITY OF GAO REMEDIES.—Section 3556 of title 31, United States Code, is amended by striking "a district court of the United States or" in the first sentence.*

*(c) SAVINGS PROVISIONS.—*

*(1) ORDERS.—The amendments made by this section shall not terminate the effectiveness of orders that have been issued by a court in connection with an action within the jurisdiction of that court on the day before the effective date of this section. Such orders shall continue in effect according to their terms until modified, terminated, superseded, set aside, or revoked by a court of competent jurisdiction or by operation of law.*

*(2) PROCEEDINGS AND APPLICATIONS.—(A) The amendments made by this section shall not affect the jurisdiction of a court of the United States to continue with any proceeding that is*

*pending before the court on the day before the effective date of this section.*

*(B) Orders may be issued in any such proceeding, appeals may be taken therefrom, and payments may be made pursuant to such orders, as if this section had not been enacted. An order issued in any such proceeding shall continue in effect until modified, terminated, superseded, set aside, or revoked by a court of competent jurisdiction or by operation of law.*

*(C) Nothing in this paragraph prohibits the discontinuance or modification of any such proceeding under the same terms and conditions and to the same extent that such proceeding could have been discontinued or modified if this section had not been enacted.*

*(d) EFFECTIVE DATE.—This section and the amendments made by this section shall take effect on December 31, 1996.*

And the Senate agree to the same.

That the Senate recede from its amendment to the title of the bill.

HENRY HYDE,
GEORGE W. GEKAS,
MICHAEL PATRICK FLANAGAN,
JOHN CONYERS, Jr.,
JACK REED,
*Managers on the Part of the House.*

TED STEVENS,
BILL COHEN,
CHUCK GRASSLEY,
JOHN GLENN,
CARL LEVIN,
*Managers on the Part of the Senate.*