IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AGREED-UPON COPY FOR RELEASE
MAY BE MADE PUBLIC

| | | |
|---|---|---|
| L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-396C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| LOCKHEED MARTIN AERONAUTICS COMPANY, | ) | |
| Intervenor. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO INVALIDATE DCAA AUDIT REPORT

Plaintiff L-3 Communications Integrated Systems, L.P., requests that the Court enter an order ruling that the April 8, 2008 (revised) audit report on plaintiff's claim which was issued by the Defense Contracting Audit Agency (DCAA) is "tainted" and "invalid," because an unidentified agency official allegedly interfered with DCAA's exercise of independent judgment in that report, and that the Court instruct the Government to obtain a proper audit of plaintiff's claim. Plaintiff asserts that its motion should be granted in order to promote the possibility of the parties reaching a settlement of this matter. Plaintiff's motion should be denied.

1. **This Court does not possess jurisdiction to issue the requested relief**. Plaintiff has failed to identify any jurisdictional basis that allegedly supports its motion. This Court does not possess jurisdiction, under 28 U.S.C. § 1491(a), to issue plaintiff's requested ruling that the

DCAA audit report is "tainted" and "invalid," and directing that the agency to perform another audit.

It is established that, pursuant to 28 U.S.C. § 1491(a), "the Court of Federal Claims does not have general equity jurisdiction." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc); accord Roth v. United States, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

The only equitable relief available pursuant to 28 U.S.C. § 1491(a) is set as follows:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty to retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. § 1491(a)(2). Thus, "in cases based on actions for monetary relief, the court may issue such orders as are necessary 'to provide an entire remedy and to complete the relief afforded by the judgment,' including 'as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records.'" Martinez, 333 F.3d at 1303 (quoting 28 U.S.C. § 1491(a)(2)).

This Court does not possess the authority to grant relief that is equitable in nature, except in very narrow circumstances. Lee v. Thorton, 410 U.S. 139, 140 (1975) ("The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief."); Richardson v. Morris, 409 U.S. 464, 465-66 (1973) (it was error for district court to assume jurisdiction under the Tucker Act); Massie v. United States, 226 F.3d 1318, 1320 (Fed. Cir. 2000) (the Court of Federal Claims fashioned equitable relief that it had no authority to order); Bobula v. U.S. Dep't of Justice, 970 F.2d 854, 858-59 (Fed. Cir. 1992). For example, in Doe v.

United States, 372 F.3d 1308 (Fed. Cir. 2004), the plaintiff sued in district court seeking declaratory and injunctive relief requiring the Government to authorize payment for an abortion. The Federal Circuit held that the district court's Little Tucker Act jurisdiction was coextensive with the Court of Federal Claims' jurisdiction under the Tucker Act, "which does not have general equitable powers." Id. at 1313. The Federal Circuit further held that the district court "did not have subject-matter jurisdiction under the Little Tucker Act." Id. at 1315.

In order to invoke jurisdiction pursuant to 28 U.S.C. § 1491(a)(2), plaintiff must establish that (1) it is entitled to a monetary judgment, and (2) that relief "directing restoration to office or position, placement in appropriate duty to retirement status, and correction of applicable records" is necessary to "to provide an entire remedy and to complete the relief afforded by the judgment." 28 U.S.C. § 1491(a)(2). As the Federal Circuit held in James v. Caldera, 159 F.3d 573 (Fed. Cir. 1999), "the equitable relief must be 'an incident of and collateral to' a money judgment." Id. at 580 (quoting 28 U.S.C. § 1491(a)(2)). The Court further explained:

> the Court of Federal Claims has no power "to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment." Austin v. United States, 206 Ct. Cl. 719, 723 (1975).

Id. at 580. There, the Federal Circuit held that the Court of Federal Claims did not possess jurisdiction to consider an officer's claim challenging the bar to his reenlistment because removing the bar to his reenlistment would not be "relief that would be 'tied and subordinate to' an award of [] back pay." Id. at 581. In L-3's case, the Court has not considered the merits and there is no money judgment that the plaintiff's requested order could be "tied and subordinate to." Austin, 206 Ct. Cl. at 723; James, 159 F.3d at 580.

Further, the nature of the relief requested in plaintiff's motion – a ruling that the DCAA audit report is "tainted" and "invalid" and an order that the Government prepare another audit report – is outside the scope of equitable relief permitted in 28 U.S.C. § 1491(a)(2). As noted, this provision gives the Court "power to order the correction of military records only 'incident of and collateral to' its award of a money judgment." Voge v. United States, 844 F.2d 776, 781 (Fed. Cir. 1988). See Matias v. United States, 923 F.2d 821, 823 (Fed. Cir. 1990) ("correction of his military records and backpay ...falls squarely within the Claims Court's Tucker Act jurisdiction"); Harris v. United States, 4 Cl. Ct. 418, 419 (1984) (plaintiff's request for a preliminary injunction enjoining his discharge was not included in the corrective relief authorized by 28 U.S.C. § 1491(a)(2)); Casper v. United States, 215 Ct. Cl. 1052 (1978) (plaintiff's request for an injunction was beyond the scope of 28 U.S.C. § 1491(a)(2)); S. Rep. No. 92-415 at 3 (1972), reprinted in 1972 U.S.C.C.A.N. 3116, 3118 (explaining that the amendment of the Tucker Act to allow such collateral or incidental injunctive relief was, in part, to permit "monetary claims which are based on retirements in an improper status"). Plaintiff's requested relief does not involve the correction of military records and is not included in the relief permitted in 28 U.S.C. § 1491(a)(2).[1]

2. Section 1491(b) of Title 28 of the United States Code also does not provide a jurisdictional basis that allegedly would support plaintiff's motion. Pursuant to 28 U.S.C.

---

[1] As set out in the Government's motion to dismiss, dated April 25, 2008, and the Government's reply to plaintiff's response to the Government's motion to dismiss, dated June 9, 2008, the Court lacks jurisdiction of plaintiff's amended complaint under 28 U.S.C. § 1491(a). For those reasons also, the Court is without authority to issue the relief requested in plaintiff's motion to invalidate the DCAA audit report.

§ 1491(b)(2), the only monetary relief that the Court may order is "limited to bid preparation and proposal costs." There is no provision authorizing the Court to order the Government to conduct an audit of a plaintiff's claim for bid preparation and proposal costs. Further, plaintiff's complaint and amended complaint both contain no claims for declaratory and injunctive relief. Pursuant to 28 U.S.C. § 1491(b)(2), the Court may provide declaratory and injunctive relief only in connection with its rendering of a decision on the merits of the plaintiff's action. This Court has not rendered a decision on the merits and, accordingly, the Court is without jurisdiction to award any form of relief, including an order directing the Government to conduct another audit of the plaintiff's claim.[2]

3. **Plaintiff has failed to demonstrate that the DCAA failed to exercise its independent judgment in issuing its April 8, 2008 (Revised) report**. The Government attorneys did not interfere with the DCAA's exercise of its independent judgment in issuing its April 8, 2008 (Revised) report. Government attorneys did not instruct DCAA that it was not to follow the July 16, 2007 decision of the Government Accountability Office (GAO) in issuing its report. See attached Declaration of William Fannes. It was DCAA's own decision whether DCAA would adhere to the view taken by the GAO in its July 16, 2007 decision in matter B-295401.13. Id. In its earlier report on plaintiff's claim in this matter, DCAA also did not adopt the view taken by the GAO in its July 16, 2007 decision in matter B-295401.13 (copy attached).

---

[2] As set out in the Government's motion to dismiss, dated April 25, 2008, and the Government's reply to plaintiff's response to the Government's motion to dismiss, dated June 9, 2008, the Court lacks jurisdiction of plaintiff's amended complaint under 28 U.S.C. § 1491(b). For those reasons also, the Court is without authority to issue the relief requested in plaintiff's motion to invalidate the DCAA audit report.

Accordingly, defendant respectfully requests that the Court deny plaintiff's motion.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Attorneys for Defendant

Of Counsel:
BRYAN R. O'BOYLE
Senior Trial Attorney
Department of Air Force
Arlington, VA

July 3, 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-396C (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| LOCKHEED MARTIN AERONAUTICS COMPANY, | ) | |
| Intervenor. | ) | |

DECLARATION

I, William K. Faanes, hereby declare the following:

1. I am the Branch Manager for the Defense Contract Audit Agency ("DCAA"), South Central Branch Office, Garland, Texas. I have been the DCAA Branch Manger for the South Central Branch Office since October 1, 2007. I am a Certified Public Accountant, and have been employed in various capacities by DCAA since October 1980 as an auditor, supervisor, and branch manager. I have read the declaration dated May 15, 2008, by Mr. Gordon Walsh, Chief Financial Officer, L-3 Communications Integrated Systems L.P. ("L-3 Com").

2. I authorized DCAA Audit Report No. 9741-2008B17200002 ("the audit report") on the allowability and allocability of certain claimed bid and proposal costs against the C-5 Avonics Modernization Program ("AMP") by L-3 Com. The audit report represents

the independent work of DCAA auditors and is not the result of directions from anyone else, including Ms. Domenique Kirchner, Senior Trial Attorney, Department of Justice, Commercial Litigation Branch, Mr. Bryan O'Boyle, Senior Trial Attorney, Air Force Legal Operations Agency, Commercial Litigation Division, or any other attorney with the United States Government.

3. The audit report did not follow the guidance of the Government Accountability Office from case no. B-295401.13 dated July 16, 2007 ("GAO C-130 AMP guidance") because I concluded that such guidance was specifically addressed to the C-130 AMP, was too broad, and in my professional opinion inapplicable to the bid preparation costs claimed by L-3 Com against the C-5 AMP. I made this conclusion on my own, and not at the behest of anyone else, including Ms. Domenique Kirchner, Mr. Bryan O'Boyle, or anyone else.

4. After the audit report was issued to L-3 Com, I did discuss the audit report findings with Mr. Gordon Walsh at a face-to-face meeting. I told Mr. Walsh that I had asked Government legal counsel whether the GAO C-130 AMP guidance was specifically applicable to the C-5 bid preparation claim, and I had been advised that it was not specifically applicable. I further informed Mr. Walsh that DCAA performed the audit for the C-5 AMP claim in accordance with generally accepted government auditing standards. I also informed Mr. Walsh that we would consider noting in the audit report that we were not following the GAO C-130 AMP guidance.

5. I had a later phone conversation with Mr. Walsh and told him that DCAA would not change the audit report. I decided not to change the audit report, nor note in the report that DCAA was not following the GAO C-130 AMP guidance, because the audit

report was already issued, and in my professional judgment I did not believe DCAA needed to change the audit report. I made this decision on my own and not upon the request of Ms. Domenique Kirchner, Mr. Bryan O'Boyle, or anyone else.

I hereby declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON 7/3/2008

WILLIAM K. EAANES
BRANCH MANAGER
SOUTH CENTRAL BRANCH OFFICE
DEFENSE CONTRACT AUDIT AGENCY