**AGREED-UPON REDACTED COPY –
MAY BE MADE PUBLIC**

# In The United States Court of Federal Claims

BID PROTEST
No. 06-396C
(Judge Williams)

---

**L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**LOCKHEED MARTIN AERONAUTICS COMPANY,**

**Intervenor.**

---

## MOTION OF L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P. TO INVALIDATE DCAA AUDIT REPORT

---

L-3 Communications Integrated Systems L.P. ("L-3") files this Motion to Invalidate DCAA Audit Report and would show the Court as follows:

## BACKGROUND CONCERNING THE RECORD IN THIS MATTER

1. During the status conference convened by the Court on February 29, 2008, counsel for Defendant represented to the Court that the Government had commissioned an audit of Plaintiff's C-5 AMP bid and proposal cost claim, which would be completed by March 31, 2008. The Court encouraged the parties to explore a settlement of this case after completion of the audit.

2. Defendant delivered to Plaintiff's counsel an original version and a revised version of the DCAA's Audit Report (No. 9741-2008B17200002) dated April 8, 2008 and

April 10, 2008, respectively, entitled Allowability and Allocability of C-5 AMP Bid & Proposal Costs (the "Audit Report", the revised version of which is attached as Attachment A hereto).

3. During the status conference convened by the Court on April 15, 2008, counsel for Defendant reported to the Court the Government's completion of its audit of Plaintiff's claim. During this status conference the parties reported to the Court their inability to reach a settlement of this matter.

4. In a decision issued on July 16, 2007, the Government Accountability Office determined that bid and proposal costs are not recouped in the performance of fixed-price contracts, and thus could be recovered in a bid protest. *Department of the Air Force – Clarification Request*, B-295401.13, Jul. 16, 2007, Attachment B hereto. The DCAA identified this decision in the "Chronology of Significant Events" in its Audit Report: "GAO provides clarification that protesters be reimbursed on FFP contracts only." Attachment A, p. 21.

5. In paragraph 4.b of the Audit Report, the DCAA determined that Plaintiff's percentages of fixed-price contracts in 1997 and 1998 as [redacted] and [redacted], respectively. However, contrary to the GAO's July 2007 determination, in paragraph 4.c of the Audit Report the DCAA reduced these two values to [redacted] per cent and [redacted] per cent, significantly limiting Plaintiff's potential recovery. This departure from the GAO's guidance cut Plaintiff's allowable C-5 AMP bid and proposal costs from [redacted] to [redacted].

6. Plaintiff's Chief Financial Officer challenged the DCAA's disregard of the GAO's July 2007 decision. *See Affidavit of Gordon Walsh*, Attachment C hereto. The DCAA Branch Manager informed Plaintiff's CFO that "the Government's lawyer" told the DCAA not to apply the GAO's guidance in its audit of Plaintiff's claim. *Id.* at 2.

7. The DCAA's examination of Plaintiff's claim was purportedly conducted in accordance with "generally accepted government auditing standards" ("GAGAS"). Attachment A, p. 2.

**ARGUMENT AND AUTHORITIES**

This case concerns whether the C-5 AMP procurement was tainted; this Motion concerns a tainted audit report on Plaintiff's claim.

A government audit should reflect the independent judgment of the auditor. *See* DCAA Contract Audit Manual § 2-203 (Nov. 16, 2007), attached hereto as Attachment D.[1]

> [T]he auditor's effectiveness depends on the ability to develop and evaluate facts and arrive at sound conclusions (based on unbiased judgments) and independently (not subject to influence or control by others).

*Id.* § 2-203(a).

Thus, an audit report should not be tainted by the interference of an agency official (*e.g.*, a government attorney) who is not an auditor. *See Lavezzo v. U.S.*, 74 Fed. Cl. 502, 504 (2006). The audit process is not well-served where meddling results in two conflicting decisions. *See id.*

Here, a government attorney's interference was an external impairment to the auditor's independence and caused the DCAA to disregard a relevant decision by the GAO that the DCAA considered to be a "Significant Event." The result was an audit report that reached a conclusion

[1] This section is entitled "Independence" and refers to section 3.03 of the generally accepted government auditing standards, or GAGAS, which reads as follows:

> 3.03 Auditors and audit organizations must maintain independence so that their opinions, findings, conclusions, judgments, and recommendations will be impartial and viewed as impartial by objective third parties with knowledge of the relevant information. Auditors should avoid situations that could lead objective third parties with knowledge of the relevant information to conclude that the auditors are not able to maintain independence and thus are not capable of exercising objective and impartial judgment on all issues associated with conducting the audit and reporting on the work.

Government Auditing Standards, GAO-07-731G, Comp. Gen. (Rev. Jul. 2007) at 29.

counter to the GAO's decision. The integrity of the audit process was compromised. And the validity of the Audit Report was called into question.

## CONCLUSION

In the interest of promoting the possibility of the parties reaching a settlement of this matter, L-3 respectfully requests that the Court deem the Audit Report invalid and remand this matter to the agency for it to obtain a proper audit of Plaintiff's claim.

Respectfully submitted,

Dated: June 17, 2008

s/ Paul W. Searles

Paul W. Searles
HAYNES AND BOONE, LLP
901 Main Street
3100 Bank of America Plaza
Dallas, Texas 75202
Telephone: (214) 651-5197
Telecopier: (214) 200-0705

**ATTORNEYS FOR L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.**

Of Counsel:

Sharon N. Freytag
HAYNES AND BOONE, LLP
901 Main Street
3100 Bank of America Plaza
Dallas, Texas 75202
Telephone: (214) 651-5586
Telecopier: (214) 200-0450

Attachment