# In the United States Court of Federal Claims

No. 06-396C
(Filed: August 23, 2010)
(Bid Protest)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., | * <br> * <br> *    Post-Award Bid Protest; 28 |
| Plaintiff, | *    U.S.C. § 1491(a) and (b); <br> *    Administrative Dispute |
| v. | *    Resolution Act; Jurisdiction; <br> *    Implied-in-Fact Contract |
| THE UNITED STATES, | *    Jurisdiction in a Procurement <br> *    Protest; Statutory Construction. |
| Defendant, | * <br> * |
| and | * <br> * |
| LOCKHEED MARTIN AERONAUTICS COMPANY, | * <br> * <br> * |
| Intervenor. | * <br> * |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Paul W. Searles, Haynes and Boone, LLP, 901 Main Street, 3100 Bank of America Plaza, Dallas, TX, for Plaintiff.

Domenique Kirchner, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, 1100 L Street, N.W., 8th Floor, Washington, D.C., for Defendant.

Marcia G. Madsen and Luke Leavasseur, Mayer Brown LLP, 1909 K Street, N.W., Washington, D.C., for Intervenor.

---

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

---

**WILLIAMS, Judge**.

1

In this post-award bid protest, L-3 Communications Integrated Systems, L.P. ("L-3") challenges the Air Force's award of two contracts to Lockheed Martin Aeronautics Company ("Lockheed Martin") to modernize the C-5 Galaxy aircraft ("C-5 AMP") and seeks its bid preparation and proposal costs. This protest was filed in the wake of the former Principal Deputy Secretary of the Air Force's conviction for violating conflict of interest laws. Specifically, the former Principal Deputy Secretary, Darleen Druyun, admitted that she allowed her personal interest to influence her procurement decisions with respect to the Boeing Company -- she, her daughter, and son-in-law negotiated for employment with Boeing while she was a top Air Force procurement official.

Plaintiff has raised several grounds of protest, claiming that through Druyun's unauthorized assumption of the Source Selection Authority ("SSA") duties and her change of evaluation ratings to justify the selection of Lockheed Martin's higher cost proposal, the Air Force improperly compromised the integrity of the procurement process, breached its implied contract to treat proposals fairly, honestly, and in good faith, and violated a panoply of procurement statutes and regulations. L-3 further claims that Druyun was biased in favor of Lockheed Martin and acted in bad faith in the C-5 AMP procurement. Finally, L-3 asserts that the Air Force acted arbitrarily and capriciously in making award to Lockheed Martin.

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's claim for breach of the implied contract of fair dealing. Defendant argues that the Federal Circuit's decision in Resource Conservation Group, LLC v. United States, 597 F.3d 1238 (Fed. Cir. 2010), stripped this Court of jurisdiction to hear claims for breach of the implied contract of fair and honest consideration in procurement cases such as this one. In Defendant's view, the Federal Circuit held that this Court can no longer entertain causes of action in bid protest cases alleging breach of the implied contract to treat proposals fairly, honestly, and in good faith, which were previously brought under the Tucker Act, 28 U.S.C. § 1491(a)(1), because the Administrative Dispute Resolution Act ("ADRA"), 28 U.S.C. § 1491(b), provides the exclusive ground for jurisdiction and relief in procurement protest cases.

This Court does not read Resource Conservation to preclude a plaintiff either from claiming a breach of the implied contract of fair dealing in a bid protest or from relying on § 1491(a) as a predicate for jurisdiction in a bid protest involving a procurement. As such, the Court denies Defendant's motion to dismiss.

## Discussion

In its third motion to dismiss, Defendant moves to dismiss paragraph 42 of Plaintiff's complaint for lack of jurisdiction under Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") and to dismiss the statement in Plaintiff's amended complaint in which Plaintiff avers that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a).[1]

---

[1] Defendant invokes Rule 12(b)(6) in its motion, not Rule 12(b)(1). Given the substance of Defendant's argument and Plaintiff's response, the Court interprets Defendant's motion as

2

In paragraph 42, Plaintiff alleges that, "[t]hrough Druyun's unjustifiably disregarding evaluations and/or changing ratings to favor Lockheed Martin to justify the selection of its higher cost proposal, the Air Force breached its implied contract to treat proposals fairly, honestly, and in good faith."  Defendant contends that in light of Resource Conservation's construction of ADRA, a claim for breach of the implied-in-fact contract of fair and honest consideration is no longer viable in procurement actions.  However, a review of § 1491(a) in the context of its historical landscape, the ADRA amendments, and the language of Resource Conservation persuades the Court that the Federal Circuit did not intend to effect such a radical alteration of this Court's jurisdiction.

Before ADRA's enactment, the Court's jurisdiction over a bid protest was predicated on the implied-in-fact contract between the Government and prospective bidders to fairly and honestly consider the bids in making a selection under § 1491(a).  Keco Indus., Inc. v. United States, 192 Ct. Cl. 773, 780 (1970); Heyer Prods. Co. v. United States, 147 Ct. Cl. 256, 258 (1959).  Congress enacted ADRA to unify bid protest law and place all bid protest challenges in a single court under a single standard of review.  Res. Conservation, 597 F.3d at 1242-43 (citing 142 Cong. Rec. S11848 (statement of Sen. Cohen)).  ADRA, as codified under § 1491(b)(1), gives this Court exclusive jurisdiction over any "action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  After ADRA's passage, a question arose regarding whether a protester could still allege a breach of the implied duty of fair dealing as a cause of action in a bid protest.  The judges of the Court of Federal Claims differed in their answers.[2]

Defendant argues that the Federal Circuit's opinion in Resource Conservation resolved the dispute by holding that a claim for breach of the implied-in-fact contract of fair and honest consideration is no longer viable in procurement actions.  However, Resource Conservation did not squarely address that issue and should not be read to limit § 1491(a)(1) jurisdiction particularly where the decision construed that statute to confer jurisdiction, not curtail it.  After ruling that nonprocurement cases do not fall under the Court's § 1491(b) jurisdiction because that statute only pertains to procurement decisions, the Federal Circuit in Resource Conservation

---

raising both a partial lack of subject matter jurisdiction and a failure to state a claim for which relief may be granted.

[2]  Compare L-3 Commc'ns Integrated Sys., L.P. v. United States, 79 Fed. Cl. 453, 461 (2007) ("Although ADRA obviated the need to base the [U.S. Court of Federal Claims'] protest *jurisdiction* on a breach of this implied-in-fact contract to consider bids fairly, the statute in no way eliminated a protestor's ability to challenge arbitrary and capricious conduct, such as bias or an unfair evaluation, which would also constitute a breach of the implied contract of fair dealing."), with Block v. United States, 66 Fed. Cl. 68, 77 (2005) ("The plaintiff's theory of an implied-in-fact contract to fairly and honestly consider his proposal no longer gives rise to a potential claim.").  See Information Sciences Corp. v. United States, 85 Fed. Cl. 195, 204-05 & n.8 (2008), for more examples.

concluded that the implied-in-fact contract jurisdiction under 28 U.S.C. § 1491(a)(1) that existed prior to 1996, survived ADRA's enactment "as to claims where the new statute does not provide a remedy."  597 F.3d at 1245.

In so ruling the Federal Circuit tackled an issue it had twice declined to reach before -- whether that implied-in-fact contract jurisdiction under § 1491(a) survived the new ADRA statute, § 1491(b).  See EmeryWorldwide Airlines, 264 F.3d 1071, 1081 n.9 (Fed. Cir. 2001); Impressa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332 n.6 (Fed. Cir. 2001).  The Federal Circuit answered that question in the affirmative.

Contrary to Defendant's arguments, the Federal Circuit in Resource Conservation did not repeal this Court's § 1491(a) jurisdiction with respect to a subcategory of contracts, i.e., procurement contracts.  Rather, the court in Resource Conservation focused on whether § 1491(b) applied to a lease and concluded this provision did not apply.  The Federal Circuit in Resource Conservation found that the plaintiff's claim was beyond the jurisdiction conferred by § 1491(b) because the plaintiff was challenging a solicitation that did not involve the procurement of goods and services by the Government.  Without addressing the entire universe of what type of § 1491(a) actions survived the enactment of § 1491(b)(1), the Federal Circuit held that one type of breach of the implied contract of fair dealing -- a breach in connection with a lease -- did survive and remains actionable under § 1491(a).  While the Federal Circuit characterized a viable action predicated on § 1491(a) jurisdiction as including "claims where the new statute does not provide a remedy," that characterization should not be read to eliminate other facets of the Court's § 1491(a) jurisdiction.  There may well be procurement bid protests that do not fall within the ambit of § 1491(b), and such protests should not be left without a judicial forum when that was not the intent of Congress.  As the Federal Circuit in Resource Conservation acknowledged: "it seems quite unlikely that Congress would intend that statute to deny a pre-existing remedy without providing a remedy under the new statute."  597 F.3d at 1246.

As the Court in FAS Support Servs., LLC v. United States, No. 10-289C (Fed. Cl. July 28, 2010) recently recognized, Congress, in changing § 1491(b) to unify bid protest jurisdiction in the Court of Federal Claims ("COFC"), left this Court's broad contract jurisdiction in § 1491(a)(1) alone.  Section 1491(a) continues to state, exactly as it did before the 1996 amendments, that the COFC has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  The statute does not delete implied-in-fact or express procurement contracts from its reach.  Section 1491(a)(1) continues to allow any plaintiff, including a disappointed bidder, to invoke this Court's general contract jurisdiction to recover money damages, including bid preparation and proposal costs.  The revision of § 1491(b) did not terminate the implied contract of fair dealing.  Nor did a cause of action for breach of the implied contact of fair dealing under § 1491(a) cease to exist simply because a breach occurred in the context of a procurement decision and could also be denominated a "bid protest."  On the contrary, as the Federal Circuit in Resource Conservation

recognized, Congress intended ADRA "to give the Court of Federal Claims exclusive jurisdiction over the <u>full range of procurement protest cases previously subject to review</u> in the federal district courts <u>and</u> the Court of Federal Claims." H.R. Rep. No. 104-841, at 10 (1996) (emphasis added). At the time of ADRA's enactment, the "full range of procurement protest cases" subject to review in federal courts included cases based on the breach of the implied contract of fair dealing.

Indeed, the Court of Federal Claims recently reaffirmed that § 1491(a) still confers jurisdiction on this Court in a bid protest challenging a suspension or debarment process that "has a direct impact on the award process for a specific federal government contract(s)." <u>FAS Support Servs., LLC v. United States</u>, No. 10-289C (Fed. Cl. July 28, 2010), Slip Opin. at 13. In discussing this jurisdiction, the Court explained:

> The parties recognize that <u>Resource Conservation Group, LLC v. United States</u>, 597 F.3d 1238, 1245 (Fed. Cir. 2010) holds that implied-in-fact contract jurisdiction under 28 U.S.C. § 1491(a)(1) remains for application to protests where 28 U.S.C. § 1491(b)(1) does not provide a remedy. By "implied-in-fact contract jurisdiction," the Federal Circuit has reference to "'an implied contract to have the involved bids fairly and honestly considered.'" 597 F.3d at 1242 (quoting <u>United States v. John C. Grimberg Co.</u>, 702 F.2d 1362, 1367 (Fed. Cir. 1983)).
>
> For recovery under the implied contract for bids to be fairly and honestly considered, a plaintiff has to establish arbitrary and capricious action, or an abuse of discretion by the government. <u>Keco Indus., Inc. v. United States</u>, 492 F.2d 1200, 203 Ct. Cl. 566 (1974). One factor to consider in this regard is a proven violation of pertinent statutes or regulations. <u>Keco</u>, 492 F.2d at 1203-04, 203 Ct. Cl. 574.

<u>Id.</u> at 11.[3]

---

[3] The Court in <u>FAS</u> also put to rest the notion that § 1491(a) jurisdiction could not have survived ADRA because an action for breach of the implied contract of fair dealing requires a different standard of review than the Administrative Procedure Act ("APA") standard mandated by § 1491(b). The Court explained:

> Thus the 5 U.S.C. § 706(2)(A) arbitrary, capricious, and abuse of discretion review standard specified for procurement protests under 28 U.S.C. § 1491(b)(4) is essentially the same as that established for the implied contract requiring fair and honest bid consideration. The major difference between a protest brought under 28 U.S.C. § 1491(b)(1) and one brought pursuant to an implied contract under 28 U.S.C. § 1491(a)(1) is the equitable relief which is available for the section 1491(b)(1) protest, but not for breach of the implied contract. Only monetary relief is available for breach of the implied contract, comprising the

This Court recognizes that some courts and commentators have read the dicta in Resource Conservation to suggest that § 1491(a) no longer serves as a predicate for jurisdiction in a bid protest. See e.g., Metropolitan Van & Storage, Inc. v. United States, 92 Fed. Cl. 232, 249 n.7 (2010) ("[U]nder the Federal Circuit's decision in Resource Conservation, the United States Court of Federal Claims' bid protest statute provides exclusive jurisdiction in this court, 28 U.S.C. § 1491(b)(1), and exclusive remedies, including injunctive relief and bid and proposal costs, 28 U.S.C. § 1491(b)(2). Under these circumstances, the implied-in-fact contract theory of Count III of the complaint is not operative, and will not be further addressed in this opinion."); Ralph C. Nash, Postscript: The Implied Contract to Fairly and Honestly Consider an Offer, 24 Nash & Cibinic Rep. § 27 (2010) ("Our conclusion is that the [Federal Circuit in Resource Conservation] got it half right. It saw that there was no implied repeal of the 28 USCA § 1491(a) jurisdiction to rule on whether the Government had breached its duty to fairly and honestly consider offers. But it then repealed the statute with regard to procurement contracts. We would argue that repealing a statute in this manner is the job of the Congress not of the court."); Stuart B. Nibley, The Protest Record -- What Should Be In; What Should Be Out?, 52 Government Contractor ¶ 211, at 3 ("The Federal Circuit recently indicated that [Court of Federal Claims'] jurisdiction to hear protests involving procurements falls exclusively under 28 U.S.C. § 1491(b), and that the [Court's] § 1491(a) authority to hear protests based on theories of implied contract applies only to nonprocurement protests, such as protests or claims involving leases or sales by the Government." (citing Resource Conservation)).

Nonetheless, this Court does not read the dicta in Resource Conservation as an effort by the Federal Circuit to repeal the § 1491(a) jurisdiction with regard to procurement contracts. Such an implicit repeal of § 1491(a)'s procurement jurisdiction would run counter to the longstanding principle of statutory construction which recognizes a strong presumption against an implied repeal of a jurisdictional statute. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 808 (1976) ("'When there are statutes clearly defining the jurisdiction of the courts the force and effect of such provisions should not be disturbed by a mere implication flowing from subsequent legislation.'" (quoting Rosecrans v. United States, 165 U.S. 257, 262 (1897))); United States v. Lahey Clinic Hosp. Inc., 399 F.3d 1, 9 (1st Cir. 2005) ("There is a strong presumption against implied repeals of federal statutes . . . and this presumption is perhaps an even stronger one when the repeal is a grant of jurisdiction to the federal courts."). Without an express repeal of the implied-in-fact contract jurisdiction under § 1491(a), the common law developed under § 1491(a) permitting bid protests of procurements and ADRA should be interpreted "in a manner which gives harmonious operation and effect to both." United States v. Kenaan, 557 F.2d 912, 917 (1st Cir. 1977) (citing Morton v. Mancari, 417 U.S. 535, 549-51 (1973)).

In sum, Resource Conservation does not hold that ADRA eliminated § 1491(a) jurisdiction in a breach of implied contract action involving a procurement. Nor did ADRA

---

      costs incurred in preparing the proposal and bid.

No. 10-289C, at 11-12 (Fed. Cl. July 28, 2010).

affect a protestor's ability to argue a breach of the implied contract of fair dealing in a bid protest where jurisdiction is predicated on § 1491(b).

## Conclusion

Defendant's motion to dismiss is **DENIED**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**
